SUSANA ALCALA WOOD, City Attorney (SBN 156366)
**SEAN D. RICHMOND, Senior Deputy City Attorney (SBN 210138)**
srichmond@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO, MICHAEL PINOLA, TRAVIS HUNKAPILLER, RUVIM TSVEROV; ROBERT LINDNER, ANGEL ESPINOZA, JOSEPH SWALEH, JASON FINNECUM, and JOHN HELMICH

**DALE K. GALIPO, ESQ. (SBN 144074)**
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
 21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorney for MARY ELLEN LENNOX

**DIANA ESQUIVEL, Deputy Attorney General, (SBN 202954)**
Diana.Edquivel@doj.ca.gov
ATTORNEY GENERAL OF CALIFORNIA
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7320
Facsimile: (916) 322-8288

Attorneys for STATE OF CALIFORNIA and MICHAEL SIMPSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO; STATE OF CALIFORNIA; MICHAEL PINOLA; | Case No.:  2:21-cv-02075 TLN-KJN<br><br>**STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] PROTECTIVE ORDER** |

1

MICHAEL G. SIMPSON; TRAVIS HUNKAPILLER; RUVIM TSVEROV; ROBERT LINDNER; ANGEL ESPINOZA; JOSEPH SWALEH; JASON FINNECUM; JOHN HELMICH and DOES 9-10, inclusive,

Defendants.

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3 below, that this stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1     <u>Challenging Party:</u>  A Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>CONFIDENTIAL Information or Items:</u>  Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rules of Civil Procedure 26(c) and for which public disclosure is likely to result in particularized harm, or is privileged under law, and/or violates privacy or official information interests recognized by law, or is otherwise entitled to protection.

2.3     <u>Counsel (without qualifier):</u> Outside Counsel of Record and House Counsel (as well as their support staff) and any self-represented (pro se) party or non-party.

2.4     <u>Designating Party</u>:   A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL.

2.5     <u>Disclosure or Discovery Material</u>:   All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, audio/video files, personnel files, policies/procedures, and other tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>:   A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and that expert's support staff.

2.7     <u>House Counsel</u>:   Attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     <u>Non-Party</u>:   Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     <u>Outside Counsel of Record</u>:   Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of the party.

2.10    <u>Party</u>:   Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record, and their support staffs.

2.11    <u>Producing Party</u>:   A Party or Non-Party that produces Disclosure or Discovery material in this action.

2.12    <u>Professional Vendors</u>:   Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, transcribing, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    <u>Protected Material</u>:   Any Disclosure or Discovery Material that is designated as CONFIDENTIAL.

2.14. <u>Receiving Party:</u> A Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations or presentations by Parties or Non-Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the alter of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remains, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection:</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate

standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection does not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations:</u>  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>For information in documentary form</u>: (e.g. paper or electronic documents, but excluding transcripts of deposition or other pretrial or trial proceedings), that the Producing Party affix the legend CONFIDENTIAL to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s).

A Party or Non-Party that makes original documents or materials containing Confidential Information available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions of documents qualify for protection under this Order. Then, before producing the

specified documents, the Producing Party must affix the CONFIDENTIAL legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s).

(b) <u>For testimony given in a deposition or in other pretrial proceedings:</u> that the Designating Party identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony.

(c) <u>For information produced in some form other than documentary and for any other tangible items:</u> That the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate:</u>   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges:</u> Any Party or Non-Party may challenge a designation of confidentiality at any reasonable time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer:</u>   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each

challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communications are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was improper and must give the Designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    6.3 <u>Judicial Intervention:</u> If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under the provisions of and incompliance with Eastern District Local Rules 230 and 251 (and Local Rules 141 and 141.1, if applicable). Alternatively, the Parties may agree to resolve a challenge through any Informal Discovery Dispute process available by the Court. In any event, any such motion or informal-resolution process must be filed or commenced within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later, unless the parties agree to a different deadline. Failure by the Designating Party to make such a motion or commence the informal-resolution process within 21 days or 14 days, or other deadline agreed to by the parties, shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion or commence the informal-resolution process challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought or informal-resolution process commenced pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

7
STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] PROTECTIVE ORDER
1174280

unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality or commence the informal-resolution process as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material disclosed in this case may not be used in separate proceedings or actions at this time or in the future without first being obtained through proper discovery procedures or court order in those separate proceedings or actions. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel and court reporters, stenographers, and their support staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors (including their support staff) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear

the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141 unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. LOCAL RULE 141.1 STATEMENT

In accordance with the provisions of Local Rule 141.1, the parties state as follows:

(1) The information eligible for a protective order in this case is:

a. employment records that would otherwise be privileged;

b. law enforcement tactical and evaluative information;

c. confidential information concerning the privacy of third parties to this lawsuit.

(2) A particularized need exists as to these categories as follows:

a. These records contain confidential and personal information;

b. These records contain information that may constitute official information and could risk the safety and security of law enforcement officers if publicly disseminated;

c. These records contain information of third parties to this lawsuit that are confidential and personal in nature.

(3) A court order is needed to ensure the privacy and confidentiality of this information is maintained and will be enforceable after the litigation has ended.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:   08/10/22                             SUSANA ALCALA WOOD,
                                              City Attorney


                                              By:        /s/ Sean D. Richmond
                                                 **SEAN D. RICHMOND**
                                                 Senior Deputy City Attorney

                                                 Attorneys for the CITY OF
                                                 SACRAMENTO, MICHAEL PINOLA,
                                                 TRAVIS HUNKAPILLER, RUVIM
                                                 TSVEROV; ROBERT LINDNER, ANGEL
                                                 ESPINOZA, JOSEPH SWALEH, JASON
                                                 FINNECUM, and JOHN HELMICH

13
STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] PROTECTIVE ORDER
1174280

DATED:   08/10/22                           LAW OFFICES OF DALE K. GALIPO


                                            By:        /s/ Dale K. Galipo
                                                  **DALE K. GALIPO**
                                                  Attorney for MARY ELLEN LENNOX


DATED:   08/10/22                           ROB BONTA
                                            Attorney General of California
                                            CHRISTINE E. GASKE
                                            Supervising Deputy Attorney General


                                            By:        /s/ Diana Esquivel
                                                  DIANA ESQUIVEL
                                                  Deputy Attorney General
                                                  *Attorneys for Defendants State of California, by and through the California Highway Patrol, and Michael Simpson*


**ORDER**

Good cause having been shown, the Court permits the parties Stipulated Protective Order.

IT IS SO ORDERED.

Dated:  August 18, 2022

                                            _____
                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on in the case of *Mary Ellen Lennox, et al v. City of Sacramento, et al.* Case No.: 2:21-cv-02075 TLN-KJN.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____