LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>           Plaintiff,<br><br>    v.<br><br>CITY OF SACRAMENTO; STATE OF CALIFORNIA; MICHAEL PINOLA; MICHAEL SIMPSON; TRAVIS HUNKAPILLER; RUVMIN TSVEROV; ROBERT LINDNER; ANGEL ESPINOZA; JOSEPH SWALEH; JASON FINNICUM; and JOHN HELMICH,<br><br>           Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Hon. District Judge Dale A. Drozd*<br><br>**JOINT PRETRIAL CONFERENCE STATEMENT**<br><br>Date: December 10, 2024<br>Time: 1:30 p.m. |

Pursuant to this Court's Orders (Dkt. 29, 63) and Local Rule 281, the parties—Plaintiff Mary Ellen Lennox, individually and as successor in interest to Jordan Zenka, deceased; Defendants City of Sacramento, Michael Pinola, Travis Hunkapiller, Ruvmin Tsverov, Robert Lindner, Angel Espinoza, Joseph Swaleh, Jason Finnicum, and John Helmich (collectively, "City Defendants"); and Defendants State of California, by and

through the California Highway Patrol, and Michael Simpson (collectively, "State Defendants")— submit this Joint Pretrial Conference Statement.

## 1. JURISDICTION AND VENUE

The parties agree that this Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343(3), and supplemental jurisdiction over Plaintiff's California law claims under 28 U.S.C. § 1367 because they depend on the same core operative facts. The parties also agree venue is proper under 28 U.S.C. §1391(b) because all relevant events in this action occurred within the County of Sacramento.

## 2. TRIAL BY JURY

All parties have made a timely demand for trial by jury. The parties estimate that the trial will take between five to seven (5-7) court days.

## 3. UNDISPUTED FACTS

    a. This incident occurred on December 13, 2020.

    b. This incident occurred at a Bel Air grocery store located on Arena Boulevard in the Natomas area of Sacramento, California.

    c. At approximately 6:35 a.m., the Sacramento Police Department received a call that an individual, later identified as decedent Jordan Zenka, was in a single-vehicle collision at the Bel Air grocery store.

    d. Officers from the Sacramento Police Department and an officer from the California Highway Patrol (CHP) responded to the Bel Air grocery store and encountered Mr. Zenka, in the produce area of the grocery store.

    e. Sacramento Police Department Officers Michael Pinola, Ruvim Tsverov, Joseph Swaleh, Jason Finnicum, John Helmich, Robert Lindner, and Angel Espinoza were at the scene during the incident.

    f. Sacramento Police Department Sergeant Michael Hunkapiller was at the scene during the incident.

    g. At approximately 6:47 a.m., CHP dispatch broadcasted a code-3 backup request from the Sacramento Police Department (SPD) regarding the incident with Mr. Zenka.

    h. CHP Officer Michael Simpson responded to the code-3 and arrived at the Bel Air grocery store at 6:53 a.m. He advised CHP dispatch that there were several SPD units on scene, and he observed a SPD officer trying to communicate with Mr. Zenka.

    i. Sacramento Police Department Sergeant Michael Hunkapiller was the commanding officer for the Sacramento Police Department officers during the incident.

    j. Sergeant Hunkapiller then directed the contact team (including Helmich and Finnicum) to use "overwhelming less-lethal" force to take Mr. Zenka into custody.

    k. Officers Pinola and Simpson were positioned near the inside West entrance door of the store, near the self-checkout counter, with the K-9 unit to Simpson's right.

    l. Ruvim Tsverov deployed a Taser for three cycles at Mr. Zenka during the incident.

    m. Ruvim Tsverov deployed a Taser one time prior to Mr. Zenka being struck by lethal rounds.

    n. Ruvim Tsverov deployed a Taser for two cycles after Mr. Zenka had been struck by lethal shots.

    o. Michael Pinola and CHP Officer Simpson fired rounds from their handguns at Mr. Zenka.

    p. Michael Pinola fired four lethal rounds at Mr. Zenka.

    q. CHP Officer Simpson fired six rounds at Mr. Zenka.

    r. Michael Pinola did not give Mr. Zenka a verbal warning prior to firing his lethal shots.

    s. CHP Officer Simpson did not give Mr. Zenka a verbal warning prior to firing his weapon.

    t. Mr. Zenka was struck by seven lethal rounds.

u. Angel Espinoza, Robert Lindner, and John Helmich fired 40 millimeter rounds at Mr. Zenka during the incident.

v. Angel Espinoza fired one 40 millimeter round at Mr. Zenka prior to Mr. Zenka being struck by lethal rounds.

w. Robert Linder fired one 40 millimeter round at Mr. Zenka before Mr. Zenka had been struck by lethal shots.

x. Robert Linder fired one 40 millimeter round at Mr. Zenka after Mr. Zenka had been struck by lethal shots.

y. John Helmich fired one 40 millimeter round at Mr. Zenka after Mr. Zenka had been struck by lethal shots.

z. Jason Finnicum and Joseph Swaleh fired beanbag shotgun rounds at Mr. Zenka during the incident.

aa. Jason Finnicum fired four beanbag rounds at Mr. Zenka prior to Mr. Zenka being struck by lethal shots.

bb. Joseph Swaleh fired one beanbag round at Mr. Zenka prior to Mr. Zenka being struck by lethal shots.

cc. Mr. Zenka did not physically injure anyone other than himself during the incident.

dd. Mr. Zenka died at the scene.

ee. Plaintiff Mary Ellen Lennox is Mr. Zenka's mother.

ff. At all relevant times, Michael Pinola, Ruvim Tsverov, Joseph Swaleh, Jason Finnicum, John Helmich, Robert Lindner, Angel Espinoza, and Travis Hunkapiller acted under color of state and local law.

gg. At all relevant times, CHP Officer Simpson acted under color of state law.

hh. At all relevant times, Michael Pinola, Ruvim Tsverov, Joseph Swaleh, Jason Finnicum, John Helmich, Robert Lindner, Angel Espinoza, and Travis Hunkapiller acted within the course and scope of their employment with the City of Sacramento.

ii. At all relevant times, CHP Officer Simpson acted within the course and scope of his employment with the CHP.

## 4. DISPUTED FACTUAL ISSUES

a. Whether a reasonable officer would have formed the impression that Mr. Zenka posed an immediate threat of harm to others at the time officers fired 40 millimeter rounds, beanbag shotgun rounds, or Taser rounds at him.

b. Whether a reasonable officer would have formed the impression that Mr. Zenka posed an immediate threat of death or serious bodily injury to others at the time Michael Pinola and CHP Officer Michael Simpson fired lethal rounds at him.

c. Whether the officers issued appropriate verbal commands to Mr. Zenka before using force against him.

d. Whether it was feasible for the officers to verbally warn Jordan Zenka that force would be used against him before using force against him.

e. Whether it was feasible for CHP Officer Simpson to verbally warn Mr. Zenka that lethal force would be used against him before using such force.

f. Whether the officers' conduct and tactics prior to the use of lethal force against Mr. Zenka were appropriate and reasonable.

g. Whether the commands and tactical plan issued by Travis Hunkapiller to subordinate officers were appropriate and reasonable.

h. Whether the tactical plan formulated by Travis Hunkapiller was adequately communicated to other officers.

i. Whether officers should reasonably have anticipated that Jordan Zenka would attempt to exit the store if less-lethal rounds were fired at him.

j. Whether CHP Officer Simpson's use of lethal force was objectively reasonable under the totality of the circumstances.

k. Whether CHP Officer Simpson's conduct shocked the conscience.

l. Whether CHP Officer Simpson acted negligently in using lethal force against Mr. Zenka, including any pre-shooting tactics.

m. According to Defendants, whether Defendants are immune, including qualifiedly immune, from Plaintiff's claims.

5. **DISPUTED EVIDENTIARY ISSUES**

a. Plaintiff anticipates filing the following motions in limine: (1) Motion in Limine No. 1 to exclude information unknown to the officers on scene at the time of the incident, including any drug and alcohol use by Mr. Zenka prior to the incident and on the day of the incident (including the toxicology report and rehab records), and writings obtained after the shooting; (2) Motion in Limine No. 2 to exclude any argument that Mr. Zenka was attempting to commit "suicide by cop"; (3) Motion in Limine No. 3 to exclude any post-incident findings by any agency. Plaintiff reserves the right to file additional motions in limine. Plaintiff intends to oppose Defendants' motions in limine.

b. Apart from opposing Plaintiff's anticipated motions in limine, City Defendants do not anticipate filing any motions in limine at this time.

c. The State Defendants intend to file the following motions in limine: (1) preclude any witness from arguing, opining, or stating that Mr. Zenka's behavior was due to mental illness; (2) limit or preclude the testimony of Plaintiff's expert, Roger Clark; (3) admit evidence of Mr. Zenka's substance abuse, including alcohol, for comparative fault purposes; (4) preclude any evidence or reference to the State's indemnification of an adverse judgment; (5) preclude any unqualified witness from testifying about Mr. Zenka's injuries and cause of death; (6) preclude any evidence of Defendant Simpson's disciplinary, litigation, and adverse-employment history; and (7) preclude Plaintiff and her attorneys from showing the jury or introducing in to evidence photographs of Mr. Zenka's body and autopsy. State Defendants reserve the right to file any other motion in limine as issues arise during the parties' meet and confer, pretrial conference, and trial preparation.

6   Case No.: 2:21-cv-02075-DAD-CSK

JOINT PRETRIAL CONFERENCE STATEMENT

## 6. SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS—TORT ACTION FOR PERSONAL INJURY/WRONGFUL DEATH

### A. Basis for Liability

Plaintiff maintains claims for excessive force under 42 U.S.C. § 1983 and the Fourth Amendment, interference with familial relationship under 42 U.S.C. § 1983 and the Fourteenth Amendment, battery under California law, negligence under California law, and violation of California's Bane Act.

Plaintiff's primary allegations in support of these claims are as follows: The defendant officers engaged in inappropriate conduct and tactics leading to their uses of force, including deadly force, against Mr. Zenka, including failing to appropriately consider and account for the fact that Mr. Zenka appeared to be experiencing a mental health crisis, failing to issue appropriate commands, failing to issue a verbal warning that force would be used, and failing to appropriately designate officers for less-lethal and lethal cover and appropriately position those officers. Mr. Zenka did not pose an immediate threat of harm to others at the time less-lethal force was used and did not pose an immediate threat of death or serious bodily injury to others at the time lethal force was used

### B. Basis for Defenses

City and State Defendants maintain that they are entitled to qualified immunity for their response at each stage of the incident, and that no part of their response or force was excessive nor negligent. Thus, Defendants contend that their actions in responding to the scene, and to Mr. Zenka's actions were reasonable considering the totality of the circumstances. Specifically, officers responded to a call for service regarding an individual armed with a large knife, and when they arrived, it was apparent that Mr. Zenka had already used said knife to slice into his neck. At all times during the response, Mr. Zenka was covered in blood, and appeared seriously injured. Furthermore, at all times during the incident, Mr. Zenka remained armed with the large blade and refused to respond to officers' requests, instructions, or commands to release it. Thus, the officers' intervention by way of

less lethal force appeared reasonable once it became apparent that Mr. Zenka would not voluntarily comply, but remained in urgent need of medical attention.

Similarly, when Mr. Zenka fled toward the exit doors where Officers Pinola and Simpson were stationed, Mr. Zenka remained armed with the blade and closed the distance between himself and the officers quickly. As Mr. Zenka approached with the weapon within striking distance of the officers in a matter of mere seconds, the officers had reasonable fear for their own safety, and for the safety of those outside of the doors. As noted below regarding the anticipated motion for reconsideration, Defendants contend that qualified immunity is appropriate in circumstances where an individual armed with an edged weapon rapidly approaches officers, regardless of mental status of the armed individual, as recently clarified by Ninth Circuit precedent. *See Hart v. City of Redwood City*, 99 F.4th 543 (9th Cir. 2024).

C. Decedent's Condition Before Death; Contributions

Mr. Zenka was in good health prior to the incident Mr. Zenka did not have dependents to whom he made significant financial contributions.

**7. RELIEF SOUGHT**

Plaintiff brings her claims in her individual capacity and as successor in interest to Mr. Zenka. Plaintiff seeks wrongful death damages, survival damages (including pre-death pain and suffering and loss of life), punitive damages, and reasonable attorneys' fees and costs of suit as allowed under federal and state law.

Defendants seek judgment in their favor and costs, and may seek attorney's fees as allowed by law.

**8. POINTS OF LAW**

The parties will set forth the following points of law at length in their respective trial briefs:

A. Standards and evidence for a Fourth Amendment excessive force claim;

B. Standards and evidence for a Fourteenth Amendment deprivation of the familial relationship claim;

    C. Standards and evidence for battery under California law;

    D. Standards and evidence for a negligence claim;

    E. Standards and evidence for violation of the Bane Act (Cal. Civ. Code § 52.1);

    F. Measures and types of damages in this action; and

    G. Immunities, including qualified immunity, available to Defendants.

**9. ABANDONED ISSUES**

Plaintiff has voluntarily dismissed the following claims: Denial of Medical Care under the Fourth Amendment (Count 2); Municipal Liability based on an Unconstitutional Custom, Policy, or Practice (Count 4); and Municipal Liability based on Ratification (Count 5) from her Second Amended Complaint, which is the operative complaint in this action. [Dkt. 21, 62, 63.] Currently, Plaintiff is not abandoning any other claims or issues.

**10. WITNESSES**

    a. Clark, Roger (Plaintiff's police practices expert)

    b. Espinoza, Angel (Defendant)

    c. Finnicum, Jason (Defendant)

    d. Helmich, John (Defendant)

    e. Hunkapiller, Travis (Defendant)

    f. Gray, Ben (SPD Officer)

    g. Lennox, Mary Ellen (Plaintiff)

    h. Lindner, Robert (Defendant)

    i. Pinola, Michael (Defendant)

    j. Simpson, Michael (Defendant)

    k. Swaleh, Joseph (Defendant)

    l. Tsverov, Ruvmin (Defendant)

    m. Greg Meyer (Defendants' joint police practices expert)

    n. Cardenas, George (Decedent's partner)

    o. Tien, Ivan (CHP Captain/Area Commander)

    p. Huggins, Britney (Bel Air employee)

q. Barron-Perez, Lynnette (Bel Air employee)

r. Barrientoz, Zoila (Bel Air employee)

s. Lam-Hoover, Savanna (Bel Air employee)

t. Lugo, Frank (Bel Air employee)

u. Su, Keng-Chih (Kenny), M.D. (performed the autopsy)

v. Kolpacoff, Chad (SFD Firefighter/Paramedic Truck 43)

w. Barnick, Matt (SFD Firefighter Truck 43).

x. Fischer, Kurt (SFD Engineer Truck 43)

y. Charron, David (SFD Captain Truck 43)

z. McClain, Stephen (SFD Firefighter/Paramedic Medic-30)

aa. Lemons, Matthew (SFD Firefighter/Paramedic Medic-30)

bb. Gennuso, Martin (SFD Firefighter/Engineer Engine 18)

cc. J. Ward (SFD Firefighter/Paramedic Engine 18)

dd. Steppig, Brhett (SFD Battalion Commander)

## 11. **EXHIBITS**

The Joint Exhibit list is being submitted separately from this statement as required in the Court' standing order.

<u>Plaintiff's Exhibits</u>

1. Interview of Michael Simpson (audio)
   a. Transcript of interview of Michael Simpson (for identification only)
2. Michael Simpson Charting Photos (5)
3. Stills of video recording from the Bel-Air Grocery Store surveillance camera titled "PTZ#7" and Bates stamped as AGO363
4. Stills of video recording from the Bel-Air Grocery Store surveillance camera titled "Front End" and Bates stamped as AGO365
5. Stills of video recording from the Bel-Air Grocery Store surveillance camera titled "Self Check Backside" and Bates stamped as AGO367
6. Scene Photographs – Interior Grocery Store

      a. 20-362291_043.JPG_9168517
      b. 20-362291_044.JPG_9168520
      c. 20-362291_046.JPG_9168526
      d. 20-362291_047.JPG_9168529
      e. 20-362291_051.JPG_9168541
      f. 20-362291_052.JPG_9168544
      g. 20-362291_053.JPG_9168547
      h. 20-362291_090.JPG_9168658
      i. 20-362291_091.JPG_9168661
      j. 20-362291_315.JPG_9169333
      k. 20-362291_316.JPG_9169336
      l. 20-362291_321.JPG_9169351
      m. 20-362291_322.JPG_9169354
      n. 20-362291_323.JPG_9169357
      o. 20-362291_325.JPG_9169363
      p. 20-362291_335.JPG_9169393
      q. 20-362291_336.JPG_9169396
      r. 20-362291_417.JPG_9169639
      s. 20-362291_418.JPG_9169642
      t. 20-362291_436.JPG_9169696

7. Relevant portions of the Autopsy Report
8. Photographs of Jordan Zenka (BATES PLTF 0005, 0007, 0009-0012, 0016, 0019-0021, 0024-0025)
9. Photographs of Jordan Zenka with Plaintiff (BATES PLTF 0006, 0008, 0013-0015, 0017-0018, 0025-0031)
10. Notes and Cards from Jordan Zenka to Plaintiff (BATES PLTF 0022-0023)
11. Relevant Portions of Peace Officer Standards and Training (POST) Learning Domains

      a. LD 20

      b. LD 37

<u>City Defendants' Exhibits</u>

At this time, City Defendants do not anticipate entering any exhibits apart from those detailed above and in the Joint Exhibit List.

<u>State Defendants' Exhibits</u>

A. CHP Incident Detail Report (CAD Log) No. 201213SA00205 [AGO2-AGO6]

B. CHP Dispatch Audio Recording [AGO7]

C. CHP Gold Radio Audio Recording [AGO8]

D. Mobile Video Audio Recording System (MVARS) for Officer Simpson [AGO9-AGO10]

E. December 13, 2020 surveillance videos from Bel Air Store [AGO356-AGO368]

F. Scene Photographs taken by CHP [AGO369-AGO518]

G. Photographs of Bel Air Store, taken by CHP [AGO519-AGO536]

H.

I. Photographs of suspect's vehicle taken by CHP [AGO575-AGO582]

J. Photographs of knife [AGO56 & 20-362291_507.JPG_9169909]

K. Toxicology Report [AGO151-AGO153]

L. CHP Audio Recording of Interview Bel Air employee Brian Jackson [AGO351]

M. CHP Audio Recording of Interview Bel Air employee Brittany Huggins [AGO352]

N. CHP Audio Recording of Interview Bel Air employee Canrui Yu [AGO353]

O. CHP Audio Recording of Interview Bel Air employee Frank Lugo [AGO354]

     P.    CHP Audio Recording of Interview Bel Air employee Savannah Hoover [AGO355]

     Q.    Plaintiff's Government Claims Nos. 21002178 and 21002179 and related correspondence [AGO591-AGO612]

     R.    Jordan Zenka's records from Pacific Crest Trail Detox [PLTF0036-PLTF0101]

     S.    CHP Use of Force Policy v12-2020 [AGO613-AGO634]

     T.    Michael Simpson's training records [AGO307-AGO340]

     U.    Greg Meyer's Curriculum Vitae/Resume

     V.    Greg Meyer's Expert Report and supporting material

State Defendants reserve the right to use or move to introduce into evidence any document listed by any other party, regardless of whether that party seeks to admit into evidence such document or removes the document from that party's list. State Defendants also reserve the right to offer additional exhibits at trial for impeachment or rebuttal purposes.

## 12. DISCOVERY DOCUMENTS TO BE USED AT TRIAL

Plaintiff does not anticipate using discovery documents at trial.

City Defendants do not anticipate using discovery documents at trial.

State Defendants do not expect to offer discovery documents into evidence at trial. However, they may use any portion of Plaintiff's deposition testimony and her responses to written discovery at trial for impeachment purposes. State Defendants may also use the deposition testimony of any person deposed in this action, including but not limited to Plaintiff's expert witness, for impeachment purposes.

## 13. FURTHER DISCOVERY OR PRETRIAL MOTIONS

Plaintiff does not request leave to engage in further discovery and does not anticipate filing pretrial motions apart from motions *in limine*.

Plaintiff anticipates filing motions *in limine*.

City Defendants do not request leave to engage in further discovery, but do anticipate filing further pretrial motions. Specifically, City Defendants anticipate filing a motion for reconsideration challenging the denial of Officer Pinola's motion for summary judgment as it relates to his use of lethal force.

Defendant Simpson will be filing a motion for reconsideration of the Court's denial of qualified immunity, but will not seek leave to engage in further discovery.

## 14. STIPULATIONS

The parties have not entered into any pertinent stipulations aside from Plaintiff's voluntary dismissal of certain claims. (*See supra* Section 9.)

To the extent it is needed, the parties agree that the custodians of records be permitted to authenticate the above-identified documents that may be used as exhibits at trial by their declarations to avoid the undue expense of calling the custodians to testify as to the authenticity of documents to be presented at trial.

Plaintiff submits the following Joint Statement of the Case to be read to the jury:

This case arises out of the fatal shooting of Jordan Zenka that took place at a Bel Air grocery store in the Natomas area of Sacramento, California, on December 13, 2020.

The plaintiff is Mary Ellen Lennox; she is the mother of Jordan Zenka, the decedent. Plaintiff claims that SPD Officer Michael Pinola and CHP Officer Michael Simpson used excessive and unreasonable force against Jordan Zenka and were negligent when they shot Jordan Zenka. Plaintiff also claims that Ruvim Tsverov, Robert Linder, Angel Espinoza, Joseph Swaleh, Jason Finnicum, and John Helmich used excessive and unreasonable force against Jordan Zenka and were negligent when they deployed less-lethal weapons at Mr. Zenka, including Tasers, beanbag shotguns, and 40 millimeter rounds. Plaintiff also claims that Travis Hunkapiller was negligent and is liable as a supervisor for his role in planning and directing the other officers' course of conduct. Plaintiff seeks damages as permitted by law.

The Defendants are SPD Officers Michael Pinola, Ruvim Tsverov, Robert Linder, Angel Espinoza, Joseph Swaleh, Jason Finnicum, John Helmich, and Travis Hunkapiller,

the City of Sacramento, CHP Officer Michael Simpson, and the State of California, by and through the California Highway Patrol. The Defendants deny Plaintiff's claims and contend that the use of force against decedent Jordan Zenka was reasonable and justified.

<u>Defendants submit the following Joint Statement of the Case to be read to the jury:</u>

This case arises out of the fatal shooting of Jordan Zenka that took place at a Bel Air grocery store in the Natomas area of Sacramento, California, on December 13, 2020.

The plaintiff is Mary Ellen Lennox; she is the mother of Jordan Zenka, the decedent. Plaintiff claims that SPD Officer Michael Pinola and CHP Officer Michael Simpson used excessive and unreasonable force against Jordan Zenka and were negligent when they shot Jordan Zenka. Plaintiff also claims that Ruvim Tsverov, Robert Linder, Angel Espinoza, Joseph Swaleh, Jason Finnicum, and John Helmich used excessive and unreasonable force against Jordan Zenka and were negligent when they deployed less-lethal weapons at Mr. Zenka, including Tasers, beanbag shotguns, and 40 millimeter rounds. Plaintiff also claims that Travis Hunkapiller was negligent and is liable as a supervisor for his role in planning and directing the other officers' course of conduct. Plaintiff seeks damages as permitted by law.

The Defendants are SPD Officers Michael Pinola, Ruvim Tsverov, Robert Linder, Angel Espinoza, Joseph Swaleh, Jason Finnicum, John Helmich, and Travis Hunkapiller, the City of Sacramento, CHP Officer Michael Simpson, and the State of California, by and through the California Highway Patrol. The Defendants deny Plaintiff's claims and contend that the use of force against decedent Jordan Zenka was reasonable and justified because he failed to drop the knife he held in his hand before and during Defendants' use of force.[1]

### 15. **AMENDMENTS TO PLEADINGS; DISMISSAL OF CLAIMS; ADDITION OR SUBSTITUTIONS OF PARTIES**

Plaintiff has voluntarily dismissed the claims alleged as counts 2, 4, and 5 from her

---

[1] The parties attempted to agree on a neutral statement of the case but were unable to agree on the language redlined in Defendants' proposed statement, which Plaintiff contends is argumentative.

operative complaint. (*See supra* Section 9.) This Court has also granted summary judgment or partial summary judgment as to certain of Plaintiff's claims, as follows:

    a. Partial summary judgment for Defendant Ruvim Tsverov as to Plaintiff's count 1 claim, alleging excessive force in violation of the Fourth Amendment, and count 3 claim, alleging violation of Plaintiff's substantive due process rights under the Fourteenth Amendment, to the limited extent that these claims challenge Defendant Tsverov's first of three taser deployments against Mr. Zenka. [Dkt. 61 at 55.]

    b. Summary judgment for Defendant City of Sacramento as to Plaintiff's count 6 claim, alleging municipal liability based on a failure to train. [*Id.*]

    c. Partial summary judgment for Defendant Ruvim Tsverov as to Plaintiff's count 7 claim, alleging battery, count 8 claim, alleging negligence, and count 9 claim, alleging violation of the Bane Act, to the limited extent that these claims challenge Defendant Tsverov's first of three taser deployments against Mr. Zenka. [*Id.*]

At this time, Plaintiff does not anticipate any further amendments to the pleadings, dismissal of claims, or substitutions of parties.

City Defendants anticipate the dismissal of Plaintiff's claim for excessive force against Officer Pinola as it relates to the officer's use of lethal force against Mr. Zenka.

State Defendants do not anticipate amending their answer or dismissing any defense.

## 16. STATEMENT REGARDING SETTLEMENT NEGOTIATIONS

No formal settlement discussions have occurred in this case. Plaintiff remains open to attempting to resolve this matter through mediation or settlement conference prior to trial.

City Defendants also remain open to attempting to resolve this matter through mediation or settlement conference.

State Defendants are agreeable to engaging in settlement discussions after the Court

rules on Officer Simpson's motion for reconsideration.

**17.   BIFURCATION OF TRIAL**

Plaintiff does not request bifurcation. Plaintiff is agreeable to bifurcating the amount of punitive damages.

City Defendants do not request bifurcation.

State Defendants will move to bifurcate trial on the issue of the amount of punitive damages if the jury makes the requisite liability finding against any State Defendant. Should the Court grant the request to bifurcate, the State Defendants expect the second phase of the trial will begin immediately following the verdict.

**18.   NUMBER OF EXPERTS AND LIMITATION THEREOF**

The parties anticipate calling their respective designated expert witnesses at trial and do not believe a limitation on the number of experts is necessary in this case.

**19.   SPECIAL HANDLING OF TRIAL EXHIBITS**

The parties do not anticipate presenting exhibits at trial that require special handling.

**20.   TRIAL PROTECTIVE ORDER**

The parties do not anticipate that a trial protective order will be necessary.

DATED: December 3, 2024         LAW OFFICES OF DALE K. GALIPO

　　　　　　　　　　　　　　　　　 */s/ Renee V. Masongsong*
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　DALE K. GALIPO
　　　　　　　　　　　　　　　　　RENEE V. MASONGSONG
　　　　　　　　　　　　　　　　　BENJAMIN S. LEVINE
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff MARY ELLEN LENNOX

DATED: December 3, 2024         ROB BONTA
　　　　　　　　　　　　　　　　　Attorney General of California
　　　　　　　　　　　　　　　　　CHRISTINE E. GARSKE
　　　　　　　　　　　　　　　　　Supervising Deputy Attorney General

　　　　　　　　　　　　　　　　　*/s/ Diana Esquivel* (as authorized 12/3/24)

                              DIANA ESQUIVEL
                              Attorneys for Defendants STATE OF CALIFORNIA and MICHAEL SIMPSON

DATED: December 3, 2024        CITY OF SACRAMENTO

                              /s/ *Kate D.L. Brosseau*

                              SUSAN ALCALA WOOD
                              SEAN D. RICHMOND
                              KATE D.L. BROSSEAU
                              Attorneys for Defendants CITY OF SACRAMENTO, MICHAEL PINOLA, TRAVIS HUNKAPILLER, RUVMIN TSVEROV, ROBERT LINDNER, ANGEL ESPINOZA, JOSEPH SWALEH, JASON FINNICUM, and JOHN HELMICH