LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO; STATE OF CALIFORNIA; MICHAEL PINOLA; MICHAEL SIMPSON; TRAVIS HUNKAPILLER; RUVMIN TSVEROV; ROBERT LINDNER; ANGEL ESPINOZA; JOSEPH SWALEH; JASON FINNICUM; and JOHN HELMICH,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Hon. District Judge Dale A. Drozd*<br><br>**PLAINTIFF'S OBJECTIONS TO TENTATIVE PRETRIAL ORDER** |

Plaintiff Mary Ellen Lennox, individually and as successor in interest to Jordan Zenka, deceased, hereby submits her objections to this Court's Tentative Pretrial Order (Dkt. No. 70).

1. **SPECIAL FACTUAL INFORMATION**

Plaintiff has no objection to the lists of disputed and undisputed facts in this Court's Tentative Order. At this Court's request, Plaintiff is clarifying that the below issues presented in the "Special Factual Information" section in the Parties' Joint Pretrial Statement (Dkt. No. 65 at page 7, Section 6A) are also disputed:

The defendant officers engaged in inappropriate conduct and tactics leading to their uses of force, including deadly force, against Mr. Zenka, including failing to appropriately consider and account for the fact that Mr. Zenka appeared to be experiencing a mental health crisis, failing to issue appropriate commands, failing to issue a verbal warning that force would be used, and failing to appropriately designate officers for less-lethal and lethal cover and appropriately position those officers. (Disputed by Defendants). Mr. Zenka did not pose an immediate threat of harm to others at the time less-lethal force was used and did not pose an immediate threat of death or serious bodily injury to others at the time lethal force was used. (Disputed by Defendants).

Plaintiff also disputes the below facts presented by Defendants in the "Basis for Defenses" Section (Dkt. No. 65 at page 7, Section 6B):

City and State Defendants maintain that they are entitled to qualified immunity for their response at each stage of the incident, and that no part of their response or force was excessive nor negligent. (Disputed by Plaintiff). Thus, Defendants contend that their actions in responding to the scene, and to Mr. Zenka's actions were reasonable considering the totality of the circumstances. (Disputed by Plaintiff). Specifically, officers responded to a call for service regarding an individual armed with a large knife, and when they arrived, it was apparent that Mr. Zenka had already used said knife to slice into his neck. (Vague and ambiguous as to which officers and which call). At all times during the response, Mr. Zenka was covered in blood, and appeared seriously injured. (Disputed by Plaintiff). Furthermore, at all times during the incident, Mr. Zenka remained armed with the large blade and refused to respond to officers' requests, instructions, or commands to release it. (Disputed by Plaintiff). Thus, the officers' intervention by way of less lethal

force appeared reasonable once it became apparent that Mr. Zenka would not voluntarily comply, but remained in urgent need of medical attention. (Disputed by Plaintiff).

Similarly, when Mr. Zenka fled toward the exit doors where Officers Pinola and Simpson were stationed, Mr. Zenka remained armed with the blade and closed the distance between himself and the officers quickly. (Disputed by Plaintiff). As Mr. Zenka approached with the weapon within striking distance of the officers in a matter of mere seconds, the officers had reasonable fear for their own safety, and for the safety of those outside of the doors. (Disputed by Plaintiff). As noted below regarding the anticipated motion for reconsideration, Defendants contend that qualified immunity is appropriate in circumstances where an individual armed with an edged weapon rapidly approaches officers, regardless of mental status of the armed individual, as recently clarified by Ninth Circuit precedent. *See Hart v. City of Redwood City*, 99 F.4th 543 (9th Cir. 2024). (Disputed by Plaintiff).

**2.   WITNESSES**

Plaintiff's Witnesses

- Clark, Roger (Plaintiff's police practices expert)

Joint Witnesses

- Espinoza, Angel (Defendant)
- Finnicum, Jason (Defendant)
- Helmich, John (Defendant)
- Hunkapiller, Travis (Defendant)
- Gray, Ben
- Lennox, Mary Ellen (Plaintiff)
- Lindner, Robert (Defendant)
- Pinola, Michael (Defendant)
- Simpson, Michael (Defendant)
- Swaleh, Joseph (Defendant)
- Tsverov, Ruvmin (Defendant)

3. **EXHIBITS**

Plaintiff's Exhibits

1. Interview of Angel Espinoza (audio)
    a. Transcript of Interview of Angel Espinoza (for identification only)
2. Photographs of Angel Espinoza's 40 millimeter launcher (2)
3. Interview of Jason Finnicum (audio)
    a. Transcript of interview of Jason Finnicum (for identification only)
4. Jason Finnicum Charting Photographs (5)
5. Photographs of Jason Finnicum's beanbag shotgun (2)
6. Interview of John Helmich (audio)
    a. Transcript of interview of John Helmich (for identification only)
7. Photographs of John Helmich's 40 millimeter launcher (2)
8. Interview of Travis Hunkapiller (audio)
    a. Transcript of interview of Travis Hunkapiller (for identification only)
9. Travis Hunkapiller Charting Photographs (5)
10. Interview of Robert Lindner (audio)
    a. Transcript of interview of Robert Lindner (for identification only)
11. Robert Lindner Charting Photographs (5)
12. Photographs of Robert Lindner's 40 millimeter launcher (3)
13. Interview of Michael Pinola (audio)
    a. Transcript of interview of Michael Pinola (for identification only)
14. Photographs of Michael Pinola's firearm (2)
15. Michael Pinola Charting Photographs (5)
16. Interview of Michael Simpson (audio)
    a. Transcript of interview of Michael Simpson (for identification only)
17. Michael Simpson Charting Photos (5)
18. Photographs of Michael Simpson's firearm and ammunition (6)
19. Interview of Joseph Swaleh (audio)

     a. Transcript of interview of Joseph Swaleh (for identification only)

20. Photographs of Joseph Swaleh's beanbag shotgun (2)
21. Interview of Ruvmin Tsverov (audio)
    a. Transcript of interview of Ruvmin Tsverov (for identification only)
22. Ruvmin Tsverov Charting Photographs (5)
23. Photograph of Ruvmin Tsverov's Taser (1) (20-362291_011.JPG_9168340)
24. Video recording from the body-worn camera of Michael Pinola with stills
25. Video recording from the body-worn camera of Travis Hunkapiller with stills
26. Video recording from the body-worn camera of Ruvim Tsverov with stills
27. Video recording from the body-worn camera of Jason Finnicum with stills
28. Video recording from the body-worn camera of Ben Gray with stills
29. Video recording from the Bel-Air Grocery Store surveillance camera titled "PTZ#7" and Bates stamped as AGO363 with stills
30. Video recording from the Bel-Air Grocery Store surveillance camera titled "Front End" and Bates stamped as AGO365 with stills
31. Video recording from the Bel-Air Grocery Store surveillance camera titled "Self Check Backside" and Bates stamped as AGO367 with stills
32. Scene Photographs – Interior Grocery Store
    a. 20-362291_043.JPG_9168517
    b. 20-362291_044.JPG_9168520
    c. 20-362291_045.JPG_9168523
    d. 20-362291_046.JPG_9168526
    e. 20-362291_047.JPG_9168529
    f. 20-362291_048.JPG_9168532
    g. 20-362291_049.JPG_9168535
    h. 20-362291_050.JPG_9168538
    i. 20-362291_051.JPG_9168541
    j. 20-362291_052.JPG_9168544

1. k. 20-362291_053.JPG_9168547
2. l. 20-362291_054.JPG_9168550
3. m. 20-362291_055.JPG_9168553
4. n. 20-362291_057.JPG_9168559
5. o. 20-362291_058.JPG_9168562
6. p. 20-362291_059.JPG_9168565
7. q. 20-362291_064.JPG_9168580
8. r. 20-362291_090.JPG_9168658
9. s. 20-362291_091.JPG_9168661
10. t. 20-362291_103.JPG_9168697
11. u. 20-362291_315.JPG_9169333
12. v. 20-362291_316.JPG_9169336
13. w. 20-362291_317.JPG_9169339
14. x. 20-362291_318.JPG_9169342
15. y. 20-362291_320.JPG_9169348
16. z. 20-362291_321.JPG_9169351
17. aa. 20-362291_322.JPG_9169354
18. bb. 20-362291_323.JPG_9169357
19. cc. 20-362291_324.JPG_9169360
20. dd. 20-362291_325.JPG_9169363
21. ee. 20-362291_326.JPG_9169366
22. ff. 20-362291_327.JPG_9169369
23. gg. 20-362291_328.JPG_9169372
24. hh. 20-362291_330.JPG_9169378
25. ii. 20-362291_331.JPG_9169381
26. jj. 20-362291_335.JPG_9169393
27. kk. 20-362291_336.JPG_9169396
28. ll. 20-362291_337.JPG_9169399

  mm. 20-362291_345.JPG_9169423

  nn. 20-362291_346.JPG_9169426

  oo. 20-362291_349.JPG_9169435

  pp. 20-362291_350.JPG_9169438

  qq. 20-362291_383.JPG_9169537

  rr. 20-362291_385.JPG_9169543

  ss. 20-362291_395.JPG_9169573

  tt. 20-362291_403.JPG_9169597

  uu. 20-362291_409.JPG_9169615

  vv. 20-362291_417.JPG_9169639

  ww. 20-362291_418.JPG_9169642

  xx. 20-362291_433.JPG_9169687

  yy. 20-362291_436.JPG_9169696

  zz. 20-362291_437.JPG_9169699

  aaa. 20-362291_438.JPG_9169702

  bbb. 20-362291_439.JPG_9169705

  ccc. 20-362291_483.JPG_9169837

  ddd. 20-362291_500.JPG_9169888

33. Relevant portions of the Sacramento Coroner Autopsy Report—pages 210-216; pages 220-224; AGO140-146)

34. Tsverov Taser Download (15 pages)

35. Scene overhead map (2 pages)

36. Sacramento Police Department General Order 580.06 – De-Escalation and Planned Response (2 pages)

37. Sacramento Police Department General Order 580.10 – Conducted Energy Device (7 pages)

38. Funeral and Burial Expenses (BATES PLTF 0002-0004)

39. Photographs of Jordan Zenka (BATES PLTF 0005, 0007, 0009-0012, 0016, 0019-0021, 0024-0025)
40. Photographs of Jordan Zenka with Plaintiff (BATES PLTF 0006, 0008, 0013-0015, 0017-0018, 0025-0031)
41. Notes and Cards from Jordan Zenka to Plaintiff (BATES PLTF 0022-0023)
42. Relevant Portions of Peace Officer Standards and Training (POST) Learning Domains
    a. LD 20
    b. LD 37

## 4. DISCOVERY DOCUMENTS TO BE USED AT TRIAL

Plaintiff stated in the Joint Pretrial Statement that she did not anticipate using discovery documents, meaning written discovery documents. Plaintiff clarifies that she intends to use the following deposition transcripts for impeachment purposes at trial:

- Espinoza, Angel (Defendant)
- Finnicum, Jason (Defendant)
- Helmich, John (Defendant)
- Hunkapiller, Travis (Defendant)
- Lindner, Robert (Defendant)
- Pinola, Michael (Defendant)
- Simpson, Michael (Defendant)
- Swaleh, Joseph (Defendant)
- Tsverov, Ruvmin (Defendant)
- Greg Meyer (Defendants' Police Practices Expert)

DATED: December 31, 2024            LAW OFFICES OF DALE K. GALIPO

                                    DALE K. GALIPO
                                    RENEE V. MASONGSONG
                                    BENJAMIN S. LEVINE
                                    Attorneys for Plaintiff MARY ELLEN LENNOX