ROB BONTA, State Bar No. 202668
Attorney General of California
CHRISTINE E. GARSKE, State Bar No. 232879
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7320
Facsimile: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants State of California,*
*by and through the California Highway Patrol,*
*and Michael Simpson*

SUSANA ALCALA WOOD, City Attorney (SBN 156366)
SEAN D. RICHMOND, Senior Deputy City Attorney (SBN 210138)
srichmond@cityofsacramento.org
KATE D.L. BROSSEAU, Deputy City Attorney (SBN 345596)
kbrosseau@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA 95814-2608
Telephone: (916) 808-5346
Facsimile: (916) 808-7455
*Attorneys for the City of Sacramento, Michael Pinola, Travis Hunkapiller, Ruvim Tsverov; Robert Lindner, Angel Espinoza, Joseph Swaleh, Jason Finnecum, and John Helmich*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA; MICHAEL PINOLA; MICHAEL SIMPSON; TRAVIS HUNKAPILLAR; RUVIM TSVEROV; ROBERT LINDNER; ANGEL ESPINOZA; JOSEPH SWALEH; JASON FINNICUM; and JOHN HELMICH,<br><br>Defendants. | Case No.: 2:21-cv-02075 DAD-CSK<br><br>DEFENDANTS' JOINT REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>Trial:          February 18, 2025<br>Courtroom:  4, (15th Floor)<br>Judge:       Honorable Dale A. Drozd<br>Action Filed: August 26, 2021 |

1

1480070

I.

## INTRODUCTION

In opposition to Defendants Michael Pinola and Michael Simpson's motion for reconsideration, Plaintiff attempts to highlight two central issues: (1) the timeliness of Defendants' motion; and (2) the purported factual dissimilarities between *Hart v. City of Redwood City*, and the matter at hand. However, as already stated in Defendants' motion, and as reiterated now, Defendants' motion is timely as it pertains to a motion for reconsideration, brought under Federal Rule of Civil Procedure 60(b), and Plaintiff's purported factual dissimilarities to *Hart* are clarified as non-existent by an in-depth reading of that case.

II.

## ARGUMENT

### A. Defendants' Motion Is Timely

Plaintiff begins her argument against this motion with the position that the motion is, in and of itself, untimely. However, Plaintiff's reliance on *Lemoge v. U.S.,* to dispute that Defendants "[had] 'the practical ability . . . to learn [far] earlier of the grounds' upon which they now rely in seeking reconsideration" is unavailing. 587 F.3d 1188, 1196-1197 (9th Cir. 2009); *see also* ECF No. 74, p. 8. As it pertains to this matter, *Lemoge* indicates that the timeliness provisions set forth by Rule 60(c) regarding a motion brought under Rule 60(c) "'depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties.'" *Id.* (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981).

As indicated by the language Plaintiff cites, and as Defendants clearly indicated in their motion, Defendants could not, in fact, rely on the grounds now sought for relief until the decision in *Hart* was final. *See* ECF No. 71, p. 10 (citing *Nat. Res. Def. Council, Inc. v. Cnty. of L.A.*, 725 F.3d 1194, 1203 (9th Cir. 2013); Fed. R. App. P. 41(c)). As no decision of the Ninth Circuit is final until a mandate issues, and as the mandate in *Hart* issued on November 8, 2024, several days prior to Counsel for Defendant Simpson's correspondence with Plaintiff's counsel

2

regarding the instant motion, Defendants' motion is timely under the provisions of Rule 60(c) and clarifying law such as *Lemoge* and *Ashford*. *See Lemoge,* 587 F.3d at 1196-1197; *see Ashford,* 657 F.2d at 1055; *see also* Fed. R. Civ. Proc. 60(c) [requiring that a motion under Rule 60(b) be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding."].

Further, Plaintiff points to the Local Rules of this Court for the contention that the finality of a decision of the Ninth Circuit is not required for a party to supplement authority following the briefing of their motion. *See* ECF No. 74, p. 9. As a preliminary matter, while this may not be a requirement for supplementation, neither do the Local Rules require a party to identify potentially relevant, but not-yet-final authority to this Court. *See* Local Rule 230(m)(2). Further, even had Defendants supplemented the briefing to their motions for summary judgment, or moved for reconsideration at any time prior to the issuance of the mandate by the Ninth Circuit on November 8, 2024, this Court would not have been in a position to make a final determination on *Hart's* relevance to the qualified immunity analysis. *See U.S. v. Ruiz,* 935 F.2d 1033, 1037 (9th Cir. 1991) [stating that no expectation of finality can attach during the period in which either party may petition for rehearing]. Thus, *Hart* only became truly relevant to this matter, and by extension, this Court's decision on qualified immunity on November 8, 2024.

As such, Plaintiff's mischaracterization of Defendants' actions by bringing the instant motion as "accus[ing] the Court of legal error" by way of an untimely motion is wrong and misleading. *See* ECF No. 74, p. 5. Instead, Defendants bring the instant motion as the result of an intervening change in law which materially affects an important, but limited aspect of this case. *See School Dist. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff's argument that she will be prejudiced by such reconsideration at this late stage as the result of a one to two-year appeal places them in a position only marginally different than had *Hart's* authority been final and at issue for reconsideration in August of 2024. Accordingly, Defendants' motion is timely under the provisions of Rule 60(c) and should be considered on the merits.

1480070

B. *Hart* Presents Ample Grounds for Reconsideration

Plaintiff's position as to the substance of this motion is that *Hart*'s purported dissimilarities to this case prevent it from serving as a basis for reconsideration. Yet, a reading of the opinion dispenses with most, if not all, of Plaintiff's arguments against it. As a preliminary matter, Plaintiff's opposition conflates an analysis of qualified immunity with an analysis of pre-shooting tactics under California law. *See* ECF No. 74, p. 15. Plaintiff further attempts to argue that qualified immunity should remain denied and not be eligible for reconsideration as to Officer Pinola and Simpson based, in part on such tactics. However, it is well established that an analysis of qualified immunity must be done on an individualized basis and not as to the collective actions of all officers on-scene. *Cunningham v. Gates*, 229 F.3d 1271, 1287 (9th Cir. 2000); *K.J.P. v. City of Santee*, 748 F. App'x 133, 134 (9th Cir. 2019).

Further, as clarified in *Hart* itself, while the events leading up to a shooting are within the consideration of the court, the Fourth Amendment is narrower than California law and places less emphasis on pre-shooting tactics. *Hart,* 99 F.4th at 554 (citing *Vos*, 892 F.3d at 1037; *Hung Lam v. City of San Jose,* 869 F.3d 1077, 1087 (9th Cir. 2017); and *Billington v Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002)). Consequently, Plaintiff's present attempt to prevent reconsideration of the individual actions of Officers Pinola and Simpson on the basis that other "officers did 'unnecessarily create their own sense of urgency' by approaching Mr. Zenka and by firing less-lethal weapons at him" is unproductive. It is undisputed that neither Officer Pinola, nor Officer Simpson affirmatively approached Mr. Zenka or fired less-lethal weapons at him prior to their uses of lethal force. As such, the actions of other officers on-scene do not have a bearing on whether Mr. Zenka was an imminent threat to Officers Pinola or Simpson as he approached them while armed with a knife.

Plaintiff's opposition equally asserts factual dissimilarities between this matter and *Hart* such as the officers time at the scene, the deployment of the taser pre-shooting, and the proximity between the decedent and shooting officers. *See* ECF No. 74, p. 14-17. Yet, each of these issues concerning the threat posed by Mr. Zenka, and when compared with those detailed in *Hart* are similar such that this Court should reconsider its denial of qualified immunity as to

1480070

Officers Pinola and Simpson. As in *Hart*, the threat that Mr. Zenka posed to both officers is the "most important single element of the three specified [Graham] factors," *See Hart,* 99 F.4th at 552 (citing *Lowry v. City of San Diego*, 858 F.3d 1248, 1258 (9th Cir. 2017)

While Plaintiff is correct in asserting that the officers in *Hart* were on-scene for a far shorter time than those in this matter, Mr. Zenka's approach towards the officers while armed with a knife marked a sudden change in behavior such that Officers Pinola and Simpson were forced to react to his movements within a matter of seconds. *Id.* at 550. Further, even by Plaintiff's own statements, Mr. Zenka came within 10 to 15 feet of the officers prior to using lethal force. *See* ECF No. 74, p. 14. In *Hart*, the decedent came within 8 to 10 feet of the officers, which while different at the outside distances, places both decedents at or near the same likely distances of the shooting officers in both instances, and doing so after a rapid approach toward the officers while armed with a knife. *See Hart,* 99 F.4th at 546.

Neither did Officers Pinola and Simpson have substantial time to deliberate as Plaintiff now alleges. Unlike the officers at issue in cases distinguished by *Hart*, such as *Glenn v. Washington County, Bryan v. MacPherson* or *Nelson v. City of Davis*, neither Officer Pinola nor Officer Simpson created a plan to affirmatively approach Mr. Zenka. Instead, both officers were simply stationed near an exit door when they were rapidly approached by an armed individual. *Id.* at 553 (citing *Glenn v. Washington County,* 673 F.3d 864, 874–75 (9th Cir. 2011); *Bryan v. MacPherson*, 630 F.3d 805, 830 (9th Cir. 2010); and *Nelson v. City of Davis*, 685 F.3d 867, 881 (9th Cir. 2012).) Thus, Officers Pinola and Simpson are much more analogous to the officers in *Hart* than those distinguished in the same.

Finally, Plaintiff points to a third officer's use of a taser around the time that lethal force was deployed as a dissimilarity to *Hart* which should preclude the reconsideration of qualified immunity. *See* ECF No. 74, p. 16. While it is true that the taser used in *Hart* was ineffective due to the dual prongs not making full contact with the decedent, the use of the taser is not, in and of itself dispositive in that decision. *Hart,* 99 F.4th at 547. Instead, the central focus of the qualified immunity analysis, conducted from the perspective of an officer on the scene, is on "Hart's failure to comply with commands, his approach, and his possession of a lethal

DEFENDANTS' JOINT REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

1480070

weapon." *Id.* at 550. As such, the use of a taser at or around the same time as Officers Pinola and Simpson employed lethal force is not dispositive against them in this case either.

Even in the event that the taser was employed prior to Mr. Zenka came within striking distance of the officers, he still could have posed a threat to the officers. *Id.* at 551 (citing *Tan Lam v. City of Los Banos,* 976 F.3d 986, 999 (9th Cir. 2020)) [stating that the decedent's injury would have only reduced or eliminated his threat if he could not have approached the officer following the injury]. As the evidentiary record stands now, it does not appear that Mr. Zenka was incapacitated at the time that he approached Officers Pinola and Simpson, or at the time that the lethal force was employed by either officer. *Id.*

Officers Pinola and Simpson's lethal force was employed in a manner which is both factually and legally similar to that in *Hart.* In both cases, the officers were rapidly approached by an individual who not only failed to communicate or respond to the officers' commands, but who was also armed with a knife. *Hart,* 99 F.4th at 550. While there may be some minor factual differences between this matter and the facts of *Hart,* none are so dissimilar nor dispositive to the extent that they would preclude reconsideration of their use of lethal force. Accordingly, as clarified by *Hart*, the officers' use of lethal force against Mr. Zenka was reasonable, and this Court should find them entitled to qualified immunity.

III.

CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court reconsider its denial of qualified immunity to Officers Pinola and Simpson, thereby finding them entitled to such a defense.

DATED:  January 16, 2025

SUSANA ALCALA WOOD,
City Attorney

By:   */s/ Kate D.L. Brosseau*
KATE D.L. BROSSEAU
Deputy City Attorney
*Attorneys for the City of Sacramento, Michael Pinola, Travis Hunkapiller, Ruvim Tsverov; Robert Lindner, Angel Espinoza, Joseph Swaleh, Jason Finnecum, and John Helmich*

6

1 | Dated:  January 16, 2025

ROB BONTA
Attorney General of California
CHRISTINE E. GARSKE
Supervising Deputy Attorney General

By:   */s/ Diana Esquvel* (as authorized 1/16/25)
DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants State of Cal. and Simpson*

7

1480070