LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine, Esq. (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:      (818) 347-3333
Facsimile:       (818) 347-4118

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br>*Honorable Mag. Judge Chi Soo Kim*<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO DEFENDANT OFFICERS AT TIME OF INCIDENT**<br><br>Hearing:      None set<br>Courtroom: 4, 15th Floor<br>Trial Date:  February 18, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE** that Plaintiff will and does hereby move to exclude any evidence, testimony, argument, or reference at trial to information that was unknown to Defendants at the time of the incident, including evidence regarding drug and/or alcohol use by Jordan Zenka, the decedent in this case, regarding an alleged prior arrest of Mr. Zenka, and regarding statements allegedly made by Mr. Zenka to grocery employees at the scene before officers arrived, under the following independent and sufficient reasons: (1) such evidence is irrelevant under Rule 401 and 402; (2) such evidence should be excluded under Rule 702 and *Daubert* on the basis that it is misleading and unhelpful to the jury, particularly because Defendants have not designated an expert qualified to testify on this subject; (3) it should be excluded under Rule 403 as unduly prejudicial; (4) is improper character evidence under Rule 404; and (5) is inadmissible hearsay under Rules 801 and 802.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing. A proposed order is submitted herewith.

This motion is made following a conference of counsel during which no resolution could be reached.

Respectfully submitted,

DATED: January 28, 2025    LAW OFFICES OF DALE K. GALIPO

By _____/s/ Dale K. Galipo_____
  Dale K. Galipo
  Renee V. Masongsong
  Benjamin S. Levine
  *Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort action arises from the use of less-lethal and deadly force by City of Sacramento Police Department and California Highway Patrol officers against Jordan Zenka on December 13, 2020. Following this Court's order on summary judgment [Dkt. 61] and denying reconsideration thereof [Dkt. 80], Plaintiff is proceeding to trial on the following claims: (1) Excessive Force under the Fourth Amendment; (2) Denial of Due Process under the Fourteenth Amendment; (3) Battery; (4) Negligence; and (5) Violation of the Bane Act. The primary issue in this case is whether the defendant officers' use of less-lethal and deadly force against Mr. Zenka were excessive and unreasonable under the circumstances known to them at the time of these uses of force. Thus, information of which the officers were unaware at the time of the uses of force is generally irrelevant and should be excluded by way of this motion.

By way of this motion *in limine*, Plaintiff moves to exclude any evidence, testimony, argument, or reference at trial to the following information that was not known to any defendant officer at the time of the incident: (1) any use of drugs or alcohol by Mr. Zenka at any time, including a stay at a rehabilitative treatment center; (2) any prior criminal history or contacts with law enforcement, including a prior arrest for suspected vandalism; (3) any books or writings by or owned by Mr. Zenka, including a book and writings regarding occult subjects recovered following the incident; and (4) any conversations or communications between grocery store employees and Mr. Zenka at the incident scene before the officers' arrival. This evidence should be excluded because it was unknown to the defendant officers at the time of the incident and thus is wholly irrelevant to whether the force they used was excessive and unreasonable under Federal Rules of Evidence ("FRE") 401 and 402. Because this evidence has little or no probative value but is highly prejudicial to Plaintiff, it should also be excluded under FRE 403. Much of this evidence is also improper character evidence and should be excluded under FRE 404 and as inadmissible hearsay under FRE 802.

## II. INFORMATION NOT KNOWN TO DEFENDANTS WHEN THEY USED FORCE SHOULD BE EXCLUDED AS IRRELEVANT

Under Federal Rule of Evidence 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Fourth Amendment claims for excessive force—as with claims for battery and negligent wrongful death under California law—depend on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2004) (battery); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013) (negligence). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Accordingly, facts of which officers were unaware "are irrelevant to the reasonableness analysis," *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1123 n.4 (9th Cir. 2021), and may not be considered. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."); *Hayes*, 736 F.3d at 1232-33 ("[W]e can only consider the circumstances of which [the deputies] were aware when they employed deadly force.").

Here, multiple areas of information unknown to the defendant officers at the time they used force—which Defendants have advised they will seek to introduce at trial, or regarding which the parties have been unable to reach a stipulation as of the deadline to file this motion despite ongoing meet-and-confer efforts—must be excluded. First, Plaintiff anticipates that Defendants will seek to introduce evidence of drug and/or alcohol use by Mr. Zenka of which the officers were unaware, including a post-incident toxicology report purporting to show methamphetamines in his system, testimony regarding prior drug or alcohol use, and records from a rehabilitative treatment program Mr. Zenka attended. Although some officers testified in deposition that it appeared Mr. Zenka *may* have been under the influence of drugs during the incident based on his demeanor, none had any specific information Mr. Zenka had ever actually used drugs or alcohol. (*See* Simpson Depo. 39:9-

16 [Dkt. 48-3 at 23]; Pinola Depo. 18:10-12 [Dkt. 48-4 at 18]; Hunkapiller Depo. 15:19-24 [Dkt. 48-5 at 15]; Helmich Depo. 26:4-9 [Dkt. 48-8 at 15]; Swaleh Depo. 31:8-13 [Dkt. 48-9 at 21]; Espinoza Depo. 15:20-25 [Dkt. 48-11 at 9].) Accordingly, the toxicology report purportedly showing the presence of methamphetamines in Mr. Zenka's system constitutes information unknown by the officers.[1] *See Herrera v. City of Ontario*, No. EDCV 15-1370 JGB (SPx), 2016 WL 9176322, at *2 (C.D. Cal. Oct. 24, 2016) (excluding toxicology report as information unknown); *Ruvalcaba v. City of Los Angeles*, No. 2:12-cv-06683-ODW (MANx), 2014 WL 4426303, at *2 (C.D. Cal. Sept. 8, 2014) (same). Likewise, no officer has testified that he was aware of any alleged drug or alcohol use by Mr. Zenka on prior occasions or of Mr. Zenka's attendance of a rehab program. *See Conan*, 2017 WL 8941499, at *8 (C.D. Cal. Oct. 6, 2017) ("[T]he Court finds Plaintiff's prior drug use has limited, if any, relevance to liability for excessive force, battery, or negligence . . . ."). Moreover, as the Ninth Circuit has explained, in cases challenging excessive force by police, "evidence of [a decedent]'s drug use . . . has marginal, if any, probative value as to damages, and none as to liability." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016) (reversing jury verdict and remanding for new trial where extensive evidence of drug use was admitted "under the guise of impeaching [a mother's] testimony that she loved her son"); *see Watson v. City of San Jose*, 765 F. App'x 248, 251 (9th Cir. 2019) (explaining that evidence of plaintiff's "intoxication" at time of incident "would be impermissible" as information unknown to officers at time of incident) (citations omitted). Such evidence is irrelevant and cannot be considered by the jury.

Second, Plaintiff anticipates that Defendants may seek to introduce evidence of a prior arrest and detention of Mr. Zenka for alleged vandalism.[2] The Ninth Circuit has explained that in excessive force cases, it is permissible for officers to testify "in a limited manner" about "their

---

[1] Further, no expert qualified to interpret the toxicology records or opine as to the effect the methamphetamine purportedly in Mr. Zenka's system would have had on him, and thus this evidence is further inadmissible under FRE 702.

[2] Because the parties have stipulated to exclude any reference or argument to any other potential criminal history Mr. Zenka may have had, Plaintiff's understanding is that the parties' dispute regarding his criminal history is limited to this particular incident.

knowledge of [a decedent's] criminal history," because the testimony is "relevant to establish the facts and circumstances known to the officers" during the confrontation. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995). However, here no officer has testified or otherwise stated that he had any information that Mr. Zenka had any criminal history at the time of the incident, and multiple officers specifically testified that they did not. (Pinola Depo. 18:7-9; Simpson Depo. 39:9-13; Espinoza Depo. 15:20-22.) Because no defendant officer was aware of Mr. Zenka's prior arrest or detention, this information is irrelevant and cannot be considered at trial. *See Tofte v. City of Longview*, No. 3:22-cv-05700-TMC, 2024 WL 4451403, at *1-2 (W.D. Wash. Oct. 8, 2024) (excluding criminal history information unknown to officers as irrelevant); *Dunivin v. Cnty. of Riverside*, EDCV 21-0040 JGB (DTBx), 2024 WL 3468785, at *6 (C.D. Cal. June 14, 2024) ("The Court agrees with Plaintiff that evidence of his criminal history is irrelevant and prejudicial as to the question of liability . . . ."); *Hernandez v. City of Los Angeles*, No. 2:19-CV-00441 CAS (GJSx), 2022 WL 16551705, at *7-8 (C.D. Cal. Aug. 1, 2022) (excluding criminal history information unknown to officers as irrelevant); *Tucker v. Cnty. of Riverside*, EDCV 16-2274 JGB (DTBx), 2018 WL 6074550, at *2-4 (C.D. Cal. Oct. 4, 2018) (excluding criminal history information unknown to officers); *Ruvalcaba*, 2014 WL 4426303, at *1-2 (same).

Third, Defendants may seek to introduce a book and writings purportedly found among Mr. Zenka's possessions. Because the officers were unaware of these materials during the incident, they are irrelevant.

Finally, Plaintiff anticipates that Defendants may attempt to present testimony or other evidence that certain grocery store employees spoke to Mr. Zenka at the scene before officers arrived and that Mr. Zenka allegedly stated to these employees that he did not want to go to jail. However, because the defendant officers were unaware of this information, it is irrelevant.

Accordingly, the foregoing evidence unknown to the officers at the time force was used is irrelevant and should be excluded on this basis.

### III.   THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS UNDULY PREJUDICIAL UNDER RULE 403

Although the evidence referenced above is irrelevant, it should also be excluded under FRE

403 because it is unfairly prejudicial, confusing, and would waste time. FRE 403 requires exclusion even of relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

      First, evidence of alleged drug or alcohol use by Mr. Zenka, including the toxicology report, testimony regarding prior drug or alcohol use, and evidence regarding his attendance of a rehab program, are unduly prejudicial because they have significant potential to unjustly inflame a jury's passions and prejudices against Mr. Zenka and Plaintiff. *See V.V. v. City of Los Angeles*, No. 2:21-cv-01889-MCS-PD, 2022 WL 3598167, at *4 (C.D. Cal. July 6, 2022) (excluding toxicology report and evidence of prior drug use as information unknown to officers at time of shooting under FRE 403, and explaining, that "[t]he Ninth Circuit has set a high bar for the admissibility of intoxication evidence in the liability phase of an excessive force case") (citing *Estate of Diaz*, 840 F.3d at 603); *Conan*, 2017 WL 8941499, at *8 (excluding evidence of drug use under FRE 403); *Gregory v. Oliver*, 2003 WL 1860270 at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* to exclude drug evidence officers discovered after use of force as irrelevant and unduly prejudicial under FRE 403); *id*. at *1 ("In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming exclusion of "use of the word 'heroin,' because at the time of the arrest, the officers did not know the nature of the drug or Kunz's usage and because mention of heroin would be more prejudicial than helpful"); *Wisler v. City of Fresno*, 2008 WL 2954179 at *5 (E.D. Cal. 2008) (excluding evidence of marijuana use on grounds it was unduly prejudicial and was not known by defendants). Evidence that Mr. Zenka was on drugs during the

incident that was not known by the officers is likely to prejudice Plaintiff and mislead the jury about the issues to be tried in this case. Further, Defendants have not designated any expert who is qualified to interpret the toxicology report they seek to introduce or opine on the effect the substances that were reportedly in Mr. Zenka's system would have had on Mr. Zenka, which would be necessary testimony in order for Defendants to use the report to corroborate certain officers' claimed suspicion that Mr. Zenka may have been on drugs during the incident.

Second, evidence of Mr. Zenka's alleged prior arrest and detention is unduly prejudicial because it is likely to lead a jury to make negative assumptions about Mr. Zenka's character that do not pertain to the incident at issue in this case. *See Speer v. County of San Bernardino*, No. EDCV 20-44 JGB (SPx), 2021 WL 5969521, at *4 (C.D. Cal. Aug. 9, 2021) (finding "that any evidence of Plaintiff's criminal history and prior contacts with law enforcement that Deputy Millan was unaware of at the time of the incident has no likelihood of proving any material facts relevant to Plaintiff's claim and would be highly prejudicial" and excluding it on that basis); *Tucker*, 2018 WL 6074550, at *4 (holding criminal history not known to defendant officers was inadmissible under FRE 403, given that its "minimal probative value" was outweighed by risk of prejudice).

Finally, evidence that Mr. Zenka allegedly told one or more grocery store employees that he did not want to go to jail also risks unfair prejudice to Plaintiff because such evidence or testimony could lead jurors to believe Mr. Zenka intended to be shot and killed by officers, an issue addressed at greater length in Plaintiff's motion *in limine* to exclude references to a "suicide by cop" theory. Because any conceivable probative value of such testimony, if any exists, would be substantially outweighed by unfair prejudice, evidence or testimony regarding these alleged statements to grocery store employees should be excluded.

Because this evidence is unduly prejudicial to Plaintiff in addition to being irrelevant, it should also be excluded under FRE 403.

### IV.  THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS IMPERMISSIBLE CHARACTER EVIDENCE UNDER RULE 404

Under FRE 404, the foregoing items of evidence Plaintiff seeks to exclude cannot be used to show that Mr. Zenka acted in conformity with some general poor character during the incident.

1  Rule 404(a)(1) specifically prohibits "[e]vidence of a person's character or character trait . . . to

2  prove that on a particular occasion the person acted in accordance with the character or trait."

3  Further, Ninth Circuit case law is clear that character evidence is not normally admissible in a civil

4  rights case. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue,"

5  *i.e.*, an essential element of a charge, claim, or defense for character evidence to be admitted. *See*

6  Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103

7  (9th Cir. 2002). Character is not an essential element to any claim or defense to be tried in this

8  case. For example, testimony or evidence regarding information gathered after the incident relating

9  to any drug use, criminal history, or other wrongs pose a danger that the jury will (1) improperly

10  infer that the defendant officers knew this information, (2) improperly infer that Mr. Zenka had the

11  propensity to engage in criminal or inappropriate conduct, including toward the Defendant

12  deputies on the date of the subject incident, and (3) reach a verdict that does not reflect the

13  circumstances the defendant officers faced during the incident.

14        Plaintiff anticipates that Defendants may seek to use this unknown information as evidence

15  of a propensity for violence. "Corroborating" evidence is propensity evidence. *See Palmerin v.*

16  *Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding "any circumstantial evidence that

17  requires an inference of a person's character to make it relevant"). Admission of this unknown

18  information would serve little purpose other than to tarnish Mr. Zenka's character and pollute the

19  jury against him and Plaintiff. *See* Adv. Comm. Notes, Fed. R. Evid. 405 (stating specific instances

20  of conduct "possess the greatest capacity to arouse prejudice, to confuse, to surprise, and to

21  consume time"). Accordingly, this evidence should further be excluded under FRE 404.

22  **V.   THIS EVIDENCE SHOULD ALSO BE EXCLUDED AS HEARSAY UNDER**
23        **RULES 801 AND 802**

24        Finally, the Court should also exclude certain of the aforementioned evidence as

25  inadmissible hearsay without any exception under FRE 801, 802, and 805. Because all evidence

26  that is the subject of this Motion constitutes information that was unknown to the defendant

27  officers during the incident, they cannot testify to this information based on personal knowledge.

28  *See* Fed. R. Evid. 602. Testimony regarding Mr. Zenka's alleged prior drug and alcohol use,

evidence regarding his rehab treatment, the toxicology report, evidence regarding his prior arrest, and statements he allegedly made to grocery store employees before officers' arrival were made out of court and Defendants are anticipated to attempt to offer them for the truth of the matter asserted.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude any evidence or argument regarding information that was unknown to the Defendant deputies at the time they used force during the subject incident.

Dated: January 28, 2025                LAW OFFICES OF DALE K. GALIPO

By:     */s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Benjamin S. Levine
Attorneys for Plaintiff