Dale K. Galipo, Esq. (SBN 144074)
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone: (818)347-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to Mr. Zenka Jordan Zenka,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CITY OF SACRAMENTO; MICHAEL PINOLA; MICHAEL SIMPSON,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-KJN<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE ANY ARGUMENT REGARDING A "SUICIDE BY COP" THEORY**<br><br>[[Proposed] Order *filed concurrently herewith*] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE** that Plaintiff will and does hereby move to exclude any evidence, testimony, argument, or reference at trial to a "suicide by cop" theory under the following independent and sufficient reasons: (1) such evidence is irrelevant under Rule 401 and 402; (2) such evidence should be excluded under Rule 702 and *Daubert* on the basis that it is misleading and unhelpful to the jury, particularly because Defendants have not designated an expert qualified to testify on this subject; (3) it should be excluded under Rule 403 as unduly prejudicial and confuses the legal standard and issues; and (4) is improper character evidence under Rule 404.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing. A proposed order is submitted herewith.

This motion is made following a conference of counsel during which no resolution could be reached.

Respectfully submitted,

DATED: January 28, 2025              LAW OFFICES OF DALE K. GALIPO

                                     By_____*/s/ Dale K. Galipo*_____
                                        Dale K. Galipo
                                        Renee V. Masongsong
                                        Benjamin S. Levine
                                        *Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort lawsuit arises from the fatal shooting of Jordan Zenka ("Mr. Zenka") by California Highway Patrol ("CHP") Officer Michael Simpson and City of Sacramento Police Department ("SPD") Officer Michael Pinola and other uses of force against him by City Officers Ruvim Tsverov, Joseph Swaleh, Robert Lindner, Angel Espinoza, Jason Finnicum, and John Helmich on December 13, 2020. The primary issue in this case is whether the defendant officers used excessive and unreasonable force when they deployed less-lethal munitions against Mr. Zenka and fatally shot him.

It is anticipated that Defendants will attempt to argue at trial that Mr. Zenka, committed "suicide by cop," and that the Officer Defendants' conduct was therefore justified. By this motion *in limine*, Plaintiff seeks to exclude any argument or testimony that indicates, implies, or suggests that Mr. Zenka committed "suicide by cop" or that his behavior or state of mind at the time of the incident is consistent with individuals who engage in "suicide by cop" behavior. Plaintiff contends that evidence regarding "suicide by cop," or Mr. Zenka's state of mind, should be excluded on the following bases: (1) it is irrelevant under Rule 401 and 402; (2) it is misleading and unhelpful to the jury, including because Defendants have not designated an expert on the subject; (3) it is unduly prejudicial as it confuses the legal standard and confuses the issues; (4) it is improper character evidence under Rule 404.

The Parties met and conferred regarding Plaintiff's instant Motion, and Defendants' counsel generally agreed not to use the phrase "suicide by cop." Defendants' counsel does, however, anticipate eliciting testimony from grocery

store employees that Mr. Zenka allegedly made statements regarding not wanting to go to jail and/or wanting to kill himself—statements that were unknown to the Defendant Officers at the time of the incident. Plaintiff anticipates that Defendants' intent in eliciting such testimony is to suggest to the jury that Mr. Zenka was attempting to get himself shot and killed by officers so that he would not be sent to jail. Such testimony should be excluded from trial by way of this Motion.

Plaintiff does not deny that Mr. Zenka was likely suffering from a mental health episode. However, absent designation of an expert qualified to opine on Mr. Zenka's potential suicidality, any argument or evidence suggesting that he was suicidal is purely speculative. Defendants have not designated any experts who are qualified to offer opinions on this subject, and to attempt to introduce such evidence absent an expert would be highly prejudicial and misleading to the jury. Importantly, the relevant law on Plaintiff's claims does not provide that it would be objectively reasonable to shoot a person because that person is suicidal. In other words, Mr. Zenka's subjective intent is irrelevant to Plaintiff's claims. Therefore, given the irrelevance, risks of confusion, and because the defense has not designated or disclosed any retained expert, let alone one that has specifically offered this opinion, they should be precluded from doing so for the first time at trial.

## II.  ARGUMENT

### A. Any Testimony or Argument Regarding "Suicide by Cop" is Irrelevant, Misleading, Unreliable, Confusing, and Unhelpful to the Jury.

Plaintiff anticipates that Defendants intend to argue the so-called "suicide by cop" theory, an increasingly familiar allegory used by defense experts and defense attorneys in civil rights cases arising from police shootings. The "suicide by cop" theory suggests to the jury that blame for the shooting should be shifted onto the

Mr. Zenka. This theory also suggests that if the Mr. Zenka were suicidal at the time of the incident, the shooting officers are absolved of responsibility. The idea behind this theory is to suggest to the jury that if a person is (1) allegedly suicidal and (2) is injured as a result of a police shooting, then the Mr. Zenka was "asking for it" or "brought it on himself" and the shooting is therefore somehow justified.

This theory subtly subverts the applicable law; no law or precedent provides a special set of rules for an alleged "suicide by cop" situation, and there is no corresponding legal doctrine pertaining specifically to suicidal individuals. The law regarding deadly force was unambiguously stated by the Supreme Court in *Graham*: "Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so. . . . A police officer may not seize an unarmed, nondangerous suspect by shooting [at] him." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). The false and dangerous implication of the "suicide by cop" theory is that there is some special legal exemption for cases involving suicidal individuals—there is not.

In this case, it is undisputed the Defendant Officers had no information that Mr. Zenka was suicidal at the time of the shooting. Although Mr. Zenka appeared to be attempting to injure himself with a bread knife at certain points during this incident, Defendants' counsel indicated during the Parties' meet and confer process that Defendants intend to seek to exclude any evidence that Mr. Zenka was mentally ill or having a mental crisis. It is also undisputed that the Officer Defendants did not speak to any grocery store employees before using force against Mr. Zenka about what Mr. Zenka said before the Officer Defendants used force against him, and the Officer Defendants did not hear Mr. Zenka say that he did not want to go to jail and did not hear him say that he wanted to kill himself. Moreover, Defendants did not designate an expert to lay the foundation for a

-4-
PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY ARGUMENT REGARDING "SUICIDE BY COP" THEORY

suicide by cop theory and to support with reasonable medical probability that such a theory could apply to the facts of this case. Therefore, any argument, implication, or suggestion that Mr. Zenka allegedly intended to have police officers injure or kill him or that the Officer Defendants somehow knew what Mr. Zenka was thinking and intended to be shot at the time of the incident for any reason is pure speculation and should be excluded.

### 1. Mr. Zenka's State of Mind is Irrelevant.

Mr. Zenka's state of mind (including whether or not he was trying to commit suicide, which is highly disputed) does not bear on any disputed fact or on any element of any claim or defense. To determine whether the officers used excessive force, the jury will be asked to consider the following non-exhaustive list of factors: "(1) the nature of the circumstances to which the Officer Defendants were responding; (2) whether Mr. Zenka posed an immediate threat of death or serious bodily injury to the officers or others; (3) whether Mr. Zenka was actively resisting arrest or attempting to evade arrest by flight; (4) the availability of alternative methods to take Mr. Zenka into custody; whether it should have been apparent to the Officer Defendants that Mr. Zenka was emotionally disturbed; (5) the severity of the security problem at issue; and (the relationship between the need for the use of force and the amount of force used." Ninth Circuit Manual of Model Jury Civil Instructions, No. 9.25 (revised March 2023) (modified). The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

Because the reasonableness of the force is judged from an objective standpoint – of a reasonable officer on the scene – neither the state of mind of Mr. Zenka nor the officers' states of mind are at issue. Neither Mr. Zenka nor the officers' subjective states of mind bear on any of the foregoing factors in

determining whether the shooting was reasonable.  Just as the involved officers' subjective underlying intent or motivation (i.e., state of mind) is not relevant in determining the reasonableness of their use of force.  *Price v. Sery*, 513 F.3d 962, 967 (9th Cir. 2008), citing, *Graham v. Conner*, 109 S. Ct. 1865, 1872-73 (1989).  Further, the Officer Defendants had no special insights into Mr. Zenka's state of mind at the time that they used force against him, and their decision to use force against him was not based on whether they thought Mr. Zenka was suicidal or not.  Speculative testimony and argument regarding the Officer Defendants' states of mind (i.e., whether they thought Mr. Zenka was suicidal) and Mr. Zenka's state of mind (i.e., whether he wanted to have the police officers kill him or not) is unnecessary to evaluate the facts of this case.

### 2. Testimony and Opinions Regarding Mr. Zenka's State of Mind Pose a Danger of Unfair Prejudice Under FRE 403.

Any reference to a "suicide by cop" theory should alternatively be excluded under Rule 403 of the Federal Rules of Evidence.  The probative value, if any, of the "suicide by cop" theory is *de minimis* for the reasons above.  Speculative argument about what was going on in Mr. Zenka's mind is unlikely to help any rational juror determine whether the officers used excessive force against Mr. Zenka. Meanwhile, the danger of prejudice is great: the jury will be led astray from the constitutional standard, such that the case is decided not on the basis of the evidence and the law, but based simply on the notion that the Officer Defendants were somehow justified in using force against Mr. Zenka if the jury concludes that Mr. Zenka was committing "suicide by cop" (which is highly disputed by the evidence).  In other words, the law is clear that it is not proper to shoot someone merely because that person may have a death wish, and to allow such argument would suggest otherwise.

//

### 3. Any Reference to or Argument Regarding Any "Suicide by Cop" Theory Should be Excluded as Lacking Foundation Because Defendants Have Not Designated Any Expert Under FRE 702.

The district court has a "gatekeeping role" to screen expert testimony, and judges have discretion to determine whether such testimony is admissible, depending on its reliability and relevance. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-97 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). "[T]he law grants the [court] broad latitude" in analyzing and determining the reliability of proffered expert witness testimony. *Kumho*, 526 U.S. at 139, 142. "The inquiry [under Rule 702] is a flexible one[,]" and its focus "must be solely on principles and methodology, not on the conclusions [the expert] generate[s]." *Daubert*, 509 U.S. at 594-95. Reliability is determined by assessing "whether the reasoning or methodology underlying the testimony is scientifically valid," whereas relevance depends upon "whether [that] reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–593.

Defendants should be prohibited from arguing any "suicide by cop" theory because they have not designated any expert who could opine on this subject. It is also undisputed that at the time of this incident, the officer defendants had no information that Mr. Zenka had ever experienced suicidal ideations. The only evidence that Defendants' counsel has indicated would support this theory is potential percipient witness testimony by Bel Air Grocery Store employees. Importantly, the Defendant Officers did not speak to these Bel Air Grocery Store employees prior to using force against Mr. Zenka, such that their impressions of Mr. Zenka are irrelevant. Further, the subjective perceptions of these lay witnesses as to whether Mr. Zenka was attempting to kill himself—who are not trained psychologists or medical professionals—are also irrelevant. Plaintiff, who is Mr. Zenka's mother, testified at her deposition that she did not have any information

that Mr. Zenka was suicidal or had any prior suicide attempts. It is particularly prejudicial to have such information introduced or insinuated to the jury when Mr. Zenka cannot speak for himself, given that he died as a result of the shooting.

Each of the four factors in FRE Rule 702 weigh against the potential testimony and opinions about Mr. Zenka's state of mind, including whether Mr. Zenka was suicidal or was committing "suicide by cop." First, the "suicide by cop" theory would not be helpful to the jury and would in fact be misleading, confusing, and inflammatory as discussed above. Second, the "suicide by cop" theory is lacking in sufficient facts and data because no party has designated an expert qualified to opine on this subject and therefore cannot form any expert opinion on Mr. Zenka's mental condition or state of mind (which is also highly speculative and based on hearsay). Third, for the same reason, any opinions about Mr. Zenka's state of mind would *not* be the result of reliable principles. Fourth, because there are no designated experts qualified to opine on this subject, any possible opinions counsel for defendants may attempt to elicit are not the result of reliable principles reliably applied to the facts of this case for the same reason as above. For these reasons, any "suicide by cop" theory is merely speculative and lacks foundation. Defendants should be precluded from making any reference to or argument regarding any "suicide by cop" theory, regardless of whether it is in the form of expert or lay witness testimony from Bel Air Grocery Store employees, or argument by counsel.

### 4. Evidence of Mr. Zenka's State of Mind is Improper Character Evidence Under FRE 404.

Rule 404(a) provides that "[e]vidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid., Rule 404. Plaintiff contends that any reference at trial to Mr. Zenka's state of mind that would indicate suicidal

ideations would suggest an improper inference based on character evidence. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant . . . ."). Ninth Circuit case law is clear that "'[c]haracter evidence' is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element of any of Plaintiff's causes of action. Because any evidence of Mr. Zenka's state of mind in this case would require an inference as to Mr. Zenka's character to make it relevant, it should be excluded from evidence at the time of trial.

### III. CONCLUSION

For the reasons above, this Court should grant Plaintiff's Motion *in Limine* No. 2 and exclude any testimony or argument regarding any "suicide by cop" theory.

Respectfully submitted,

Dated: January 28, 2025           LAW OFFICES OF DALE K. GALIPO

By:_____/s/ Dale K. Galipo_____
    Dale K. Galipo
    Renee V. Masongsong
    Benjamin S. Levine