Dale K. Galipo, Esq. (SBN 144074)
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone: (818)347-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to Mr. Zenka Jordan Zenka,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CITY OF SACRAMENTO; MICHAEL PINOLA; MICHAEL SIMPSON,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-KJN<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE ANY EVIDENCE, TESTIMONY, OR ARGUMENT THAT DEFENDANT OFFICER MICHAEL SIMPSON'S DISCIPLINARY RECORD INCLUDES NO OTHER SHOOTINGS**<br><br>[[Proposed] Order *filed concurrently herewith*] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE** that Plaintiff will and does hereby move to exclude any evidence, testimony, argument, or reference at trial to the fact that Defendant Officer Michael Simpson had no prior or subsequent shootings under the following independent and sufficient reasons: (1) such evidence is irrelevant under Rule 401 and 402; (2) it should be excluded under Rule 403 as unduly prejudicial and confuses the legal standard and issues; and (3) is improper character evidence under Rule 404.

  This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing. A proposed order is submitted herewith.

Respectfully submitted,

DATED: January 28, 2025    LAW OFFICES OF DALE K. GALIPO

             By   */s/ Dale K. Galipo*
              Dale K. Galipo
              Renee V. Masongsong
              *Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort lawsuit arises from the fatal shooting of Jordan Zenka ("Mr. Zenka") by California Highway Patrol Officer Michael Simpson and City of Sacramento Police Department Officer Michael Pinola and other uses of force against him by City Officers Ruvim Tsverov, Joseph Swaleh, Robert Lindner, Angel Espinoza, Jason Finnicum, and John Helmich on December 13, 2020. The primary issue in this case is whether the defendant officers used excessive and unreasonable force when they deployed less-lethal munitions against Mr. Zenka, Tased him, and fatally shot him.

Plaintiff anticipates that Defendants will attempt to elicit testimony at trial from Officer Simpson and/or other witnesses that Officer Simpson's shooting of Mr. Zenka was his first and only shooting as a police officer. During the Parties' meet and confer process, Defendants' counsel indicated that they intend to move to exclude Officer Simpson's disciplinary and litigation history showing Simpson's other use-of-force incidents, on the grounds that such evidence is improper character evidence pursuant to Federal Rules of Evidence, Rule 404(b) and irrelevant under Rules 401, 402. *See also Michelson v. United States*, 335 U.S. 469, 476 (1948); *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985). By the same logic, Defendants should not be permitted to offer evidence or testimony regarding what Officer Simpson's disciplinary and litigation history does *not* include. Defendants' position appears to be that the jury cannot hear about Officer Simpson's prior uses of less-lethal force, but the jury *can* hear that Officer Simpson's record does not include any prior uses of deadly force. This is patently prejudicial to Plaintiff, where the jury would be left with the impression that Officer Simpson has a clean record.

Officer Simpson's absence of a prior shooting on his record is irrelevant to the issues in this case (Rules 401, 402), and such evidence would also be improper character evidence under Rule 404 and would be irrelevant. This evidence should be excluded to avoid confusing the jury into thinking that because Officer Simpson had no prior shooting incidents, then his use of deadly force against Mr. Zenka was excusable.

## II. ARGUMENT

### A. Evidence and Testimony that Officer Simpson was Not Involved in Any Prior Shooting Incidents is Irrelevant, Confusing, and Unhelpful to the Jury.

Plaintiff anticipates that Defendants intend to elicit testimony from Officer Simpson and/or other witnesses that Officer Simpson did not use deadly force against any other civilian while in the line of duty at any point prior to using deadly force against Mr. Zenka during this incident. The fact that Officer Simpson's disciplinary record does not include any uses of deadly force is not relevant to the key issue in this case—whether the Officer Defendants' uses of force against Mr. Zenka, including Officer Simpson's use of deadly force against Mr. Zenka, were excessive and unreasonable. Nor is it relevant to any claims or defenses of any party in this case. Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." "Relevant evidence" is "any evidence having any tendency to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Therefore, this Court should exclude any evidence, argument, or testimony that Officer Simpson's record does not include any prior shootings.

.

**B. Testimony and Evidence that Officer Simpson was Not Involved in Any Prior Shooting Incidents Pose a Danger of Unfair Prejudice Under FRE 403.**

Even if the foregoing evidence had some speculative probative value, which Plaintiffs contend it does not, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time.  Federal Rules of Evidence, Rule 403 of the provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay[] [and] waste of time . . .." Rule 403 requires the prejudice be "unfair." *U.S. v. Young*, 754 F. Supp. 739, 742 (D.S.D. 1990). "Unfair" means the evidence has an undue tendency to suggest a decision to the jury based upon an improper basis.  Here, the danger is that the jury could be misled into thinking that because this was Officer Simpson's first shooting, then Officer Simpson must be a reasonable and well trained officer, and his shooting of Mr. Zenka must therefore be reasonable. This is the incorrect standard and poses a real danger that the jury will reach their conclusion based on improper evidence.

The other danger here is that the jury would be left with the impression that Officer Simpson has a clean record. Defendants have moved to exclude Officer Simpson's disciplinary record, which includes uses of less-lethal force. Defendants should not be permitted to "open the door" to Officer Simpson's record and then argue that only the portions of his record that are favorable to him should be admitted during trial. Doing so would result in a "mini trial" on Officer Simpson's disciplinary record, wherein Defendants would attempt to offer evidence that Officer Simpson did not have any prior uses of deadly force on his record at the time of the incident, and Plaintiff would attempt to offer evidence that

Officer Simpson does not have a clean record, despite his record not including any uses of deadly force.

### C. Testimony and Evidence that Officer Simpson was Not Involved in Any Prior Shooting Incidents is Improper Character Evidence Under FRE 404.

Defendants intend to have Officer Simpson testify that his shooting of Mr. Zenka was his first and only shooting. This is improper character evidence because it improperly suggests to the jury that because Officer Simpson had not shot any civilian in the past, then his use of deadly force against Mr. Zenka must have been appropriate or reasonable. Rule 404(a) provides that "[e]vidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid., Rule 404. This applies to both "wrongs" as well as positive "acts" or traits. The limited exception that a criminal defendant or victim may offer evidence of his pertinent character traits does not apply to this civil case. The jury in this case must determine the objective reasonableness of the Defendant Officers' actions toward Mr. Zenka based on what happened during *this* incident, not based on the fact that Officer Simpson did not have a record of any prior shootings.

### III. CONCLUSION

For the reasons above, this Court should grant Plaintiff's Motion *in Limine* No. 3 and exclude any testimony or argument or evidence that Officer Simpson's shooting of Mr. Zenka was his only shooting.

//

//

Respectfully submitted,

Dated:  January 28, 2025			LAW OFFICES OF DALE K. GALIPO


					By:_____/s/ Dale K. Galipo_____
						Dale K. Galipo
						Renee V. Masongsong
						Benjamin S. Levine