LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to Mr. Zenka Jordan Zenka,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CITY OF SACRAMENTO; MICHAEL PINOLA; MICHAEL SIMPSON,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-KJN<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF ANY FINDINGS BY ANY AGENCY** |

-1-
PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff hereby moveS *in limine* for an order excluding the following:

(1) Any evidence, testimony, argument, or reference at trial to the District Attorney's conclusion that the defendant officers' uses of force against Mr. Zenka were justified, reasonable, and/or not criminal;

(2) Any evidence, testimony, argument, or reference at trial to the District Attorney's decision not to press charges against the defendant officers, including any reference (whether implicit or explicit) to the fact that the District Attorney reviewed the shooting incident;

(3) Any evidence, testimony, argument, or reference at trial to the State of California and/or the California Highway Patrol's ("CHP") and/or the City of Sacramento Police Department's findings that the defendant officers' uses of force against Mr. Zenka was reasonable, justified, and/or within policy.

Plaintiff makes this Motion under Federal Rules of Evidence, Rules 402 and 403 and on the grounds that this evidence is immaterial to the issues to be decided by the jury in the instant case. This Motion is also made on the grounds that the District Attorneys' conclusions, including the District Attorney's report or letter, as well as the City's, State's or CHP's findings with respect to the shooting, are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

This motion is made following a conference of counsel. Although the Parties generally agreed not to get into this information, the Parties were ultimately unable to timely reach a stipulation obviating the need for this Motion.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: January 28, 2025            LAW OFFICES OF DALE K. GALIPO

                                   By        /s/ *Renee V. Masongsong*
                                       Dale K. Galipo
                                       Renee V. Masongsong
                                       Benjamin S. Levine
                                       Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By way of this Motion, Plaintiff seeks to exclude any evidence, testimony, argument, or reference at trial to the District Attorney's conclusion that the defendant officers' uses of force against Mr. Zenka was any of the following: (1) not criminal; (2) reasonable; and/or (3) justified. Plaintiff further seeks to exclude any evidence, testimony, argument or reference at trial to the District Attorney's decision not to press charges against the defendant officers. Also by way of this Motion, Plaintiff seeks to exclude evidence, testimony, argument, or reference at trial to the City of Sacramento and State of California's and/or CHP's findings that the shooting was any of the following: (1) within policy; (2) reasonable; and/or (3) justified. This Motion also includes any findings by any other agency.

This Motion *in Limine* is based on several independent rationales. First, this evidence is irrelevant pursuant to Federal Rules of Evidence, Rule 402, because this evidence is immaterial to the issues to be decided by the jury in the instant case. Second, this evidence usurps the jury's role, and should be excluded under Federal Rules of Evidence, Rule 403 on the grounds that this evidence would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time. Further, such evidence would be unduly prejudicial to Plaintiff under Rule 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence. Third, this Motion is also made on the grounds that the District Attorney's conclusions and the City's State's and/or CHP's findings are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

//
//
//
//

## II. ARGUMENT

### A. Evidence of the District Attorney's Conclusions Is Irrelevant and Should be Excluded Under Federal Rules of Evidence, Rule 402.

Federal Rules of Evidence, Rule 402, states in part that evidence which is not relevant is not admissible. Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant. *See also Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."). This includes the post-shooting findings of Defendants City of Sacramento, State of California and/or the CHP, as well as the conclusions of the District Attorney. At trial, the jury must determine whether the defendant officers used unreasonable force and were negligent when they used force against Mr. Zenka. To determine whether the shooting was lawful, the jury will be asked to consider factors such as "the type and amount of force used" and "[w]hether [Mr. Zenka] posed an immediate threat to the safety of [the defendant officers] or others." Ninth Circuit Manual of Model Jury Instructions, 9.25 (2017). What the City, CHP investigators and/or the District Attorney purports to determine or conclude *ex post facto* about the shooting does not bear on any disputed fact or on any element of any claim or defense in this case. Indeed, the subsequent findings of the City, State and/or CHP, as well as the subsequent conclusions of the District Attorney, are in no way probative of the factual circumstances confronting the defendant officers at the time of the shooting incident. Accordingly, this evidence is irrelevant as to questions of Defendants' liability for the violations of Mr. Zenka's rights under federal and state law. Because evidence of the City, State's CHP's findings and the District Attorney's conclusions are not probative of any fact of consequence to the determination of the action, this evidence should be excluded.

## B. Evidence of the State's and CHP's Findings and the District Attorney's Conclusions Is Unduly Prejudicial and Should be Excluded Under Federal Rules of Evidence, Rule 403.

Even if the foregoing evidence had some speculative probative value, which Plaintiff contends it does not, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time. The danger presented by these administrative "findings" and "conclusions" is that they usurp the jury's role to independently weigh the evidence and reach its own conclusion based on the facts and the law. The jury should decide the case based on its own evaluation of the evidence presented, and not based on what some authority figure has supposedly already decided. The danger presented by this kind of testimony is acute. Determining the reasonableness of the defendant officers' actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the City, State, and CHP, as well as the conclusions of the District Attorney. On the basis of the testimony of authority figures or official-sounding determinations by high-ranking officials, the jury might be tempted to disregard the testimony of eyewitnesses, the physical and forensic evidence, the law and the jury instructions, and instead decide that the shooting of Mr. Zenka was justified simply because an authority figure already purported to have determined that the shooting was justified. The jury might feel bound to abide by the conclusions of the District Attorney and/or the findings of the City, State and/or CHP rather than reaching its own independent conclusions based on all of the evidence.

Moreover, the District Attorney's Office makes a finding with an eye toward criminal prosecution. This review and determination is based on a criminal "beyond a reasonable doubt" standard, as opposed to the civil "preponderance of the evidence" standard that is applicable in this case. Therefore, informing the jury that

the District Attorney reviewed this shooting and opted not to criminally prosecute the defendant officers will likely (and improperly) persuade the jury to reach a civil finding based on a criminal standard of liability. In fact, even informing the jury—either implicitly or explicitly—that the District Attorney reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against the defendant officers. When balanced against the substantial risk that the District Attorney's conclusions or the findings of the City of Sacramento State of California and/or the CHP may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant to Rule 403.

### C. Evidence of the County's Findings and the District Attorney's Conclusions Is Hearsay Under Federal Rules of Evidence, Rules 801 and 802.

Any entity's determination—including the District Attorney's conclusions and the CHP's findings—that the shooting was "justified," "within policy," "lawful," and/or "not criminal" would constitute hearsay under Federal Rules of Evidence, Rules 801 and 802. "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. First, the City's and the CHP's findings and District Attorney's conclusions themselves are hearsay if offered at trial to prove that the defendant officers' conduct was reasonable. If documentation of the findings and/or conclusions are proffered at trial, such as the District Attorney's report or letter, then this would be hearsay as well. Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives, supervisors, or other officials as to what happened during the shooting,

the findings and conclusions would constitute or incorporate multiple hearsay. Furthermore, the District Attorney's report and the City's and CHP's internal investigation reports contain a host of inadmissible evidence that this Court may order excluded based on the parties' motions *in limine*. Accordingly, Plaintiff contends that such determinations, findings, and/or conclusions would be hearsay and are inadmissible on this ground.

### III.     CONCLUSION

For the reasons stated above, this Court should grant Plaintiff's instant Motion *in Limine* and issue an order excluding any findings by any agency.

DATED: January 28, 2025          LAW OFFICES OF DALE K. GALIPO


                                 By     */s/ Renee V. Masongsong*
                                    Dale K. Galipo
                                    Renee V. Masongsong
                                    Benjamin S. Levine
                                    Attorneys for Plaintiff