Rob Bonta, State Bar No. 202668
Attorney General of California
Norman D. Morrison, State Bar No. 212090
Supervising Deputy Attorney General
Diana Esquivel, State Bar No. 202954
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7320
  Facsimile: (916) 322-8288
  E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants State of California, by and through the California Highway Patrol, and Michael Simpson*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MARY ELLEN LENNOX,**<br><br>                    Plaintiff,<br><br>     v.<br><br>**CITY OF SACRAMENTO, et al.,**<br><br>                    Defendants. | No. 2:21-cv-02075 DAD-CSK<br><br>**STATE DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OR REFERENCE TO INDEMNIFICATION; SUPPORTING DECLARATION**<br><br>Trial:         February 18, 2025<br>Time:         9:00 a.m.<br>Courtroom:     4 (15th Floor)<br>Judge:         Hon. Dale A. Drozd<br>Action Filed:  August 26, 2021 |

## INTRODUCTION

Defendants State of California, by and through the California Highway Patrol (CHP), and Michael Simpson (State Defendants) move to preclude Plaintiff and her counsel from introducing into evidence, eliciting testimony, or making reference in front of the jury that the State may pay or reimburse an adverse judgment against Simpson. Such evidence is irrelevant, prejudicial, and not a proper measure of damages.

///

///

1

## ARGUMENT

Under Federal Rule of Evidence 411, evidence that a person was insured at the time the harm was suffered by another is inadmissible to prove liability. The reason for this evidentiary rule is that the evidence is both irrelevant and prejudicial to the defendant. *Jamison v. A. M. Byers Co.*, 330 F.2d 657, 661-62 (3d Cir. 1964). The evidence is prejudicial because a jury is more inclined to deliver a verdict against a defendant if it believes that he is indemnified as opposed to the defendant alone being required to satisfy the judgment. *Langley v. Turner's Express, Inc.*, 375 F.2d 296, 297 (4th Cir. 1967). There is no logical basis for distinguishing between indemnification by a private insurer and indemnification by a state, one of its departments, or any government entity. The purpose of the rule—that such evidence is irrelevant to any issue in the case, and that a jury will tend to be freer with the money of a deep-pocketed entity on behalf of an injured party than it would with the assets of an individual—remains the same in either circumstance.

Further, the State or CHP is required to indemnify its employees, at their request, in litigation arising from the course and scope of the employment. Cal. Gov't Code § 825. But neither the State nor CHP are obligated to indemnify its employees for exemplary damages. *Id*. at § 825(b). Evidence of this indemnity provision is irrelevant to the issues to be tried to the jury. It does not provide any information as to what happened during the December 13, 2020 incident or whether Defendants violated Plaintiff's constitutional rights, as alleged. Nor does it address the proper measure of damages. Moreover, the indemnity provision is not relevant to the question of punitive damages because the State or CHP is not obligated to indemnify its employees for exemplary damages. *Larez v. Holcomb*, 16 F.3d 1513, 1519-21 (9th Cir.1994) (holding that it was prejudicial error to inform the jury deliberating on an award of punitive damages that the defendant would be indemnified by his employer).

/ / /

/ / /

/ / /

# CONCLUSION

The Court should exclude evidence of the State's or CHP's indemnification in the event of an adverse judgment against Simpson because such evidence is irrelevant and prejudicial.

Dated:  January 28, 2025                      Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General


*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants State of Cal. and Simpson*

SA2021305171
38743837.docx

3

# DECLARATION OF DIANA ESQUIVEL

I, Diana Esquivel, declare:

1. I am admitted to practice law in California and before this Court, and am a Deputy Attorney General with the Office of the Attorney General for the State of California, attorneys of record for Defendants State of California, by and through the California Highway Patrol (CHP), and Michael Simpson (State Defendants).

2. As required in the Court's Standing Order, the parties meet and conferred on the issues presented in this motion as well as the other issues the parties identified as matters that would be subject to motions in limine. On January 24, 2025, I sent all counsel a detailed e-mail, listing the factual and legal basis for the motions the State Defendants intended to file. The same day, Plaintiff's counsel provided the basis for their intended motions. I immediately responded to Plaintiff's e-mail with the State Defendants' tentative position on those issues. Over the course of the following days, the parties exchanged additional e-mails concerning their position on certain issues. On January 28, 2025, counsel had a conference call and reached agreement on several issues that are the subject of a stipulation that is being filed with the Court under separate cover. The parties were unable to agree on other issues, including the subject matter addressed in this motion in limine.

3. Although the parties reached agreement that evidence of the State's or City's indemnification of its employees should be excluded, the parties could not agree on the precise language for a stipulation, and require more time to meet and confer. In an abundance of caution, I am submitting this motion to preserve Defendants' right to exclude this evidence.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing statements are true and correct.

Dated: January 28, 2025      /s/ Diana Esquivel
                             Diana Esquivel