ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7320
 Facsimile: (916) 322-8288
 E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants State of California, by and
through the California Highway Patrol, and Michael
Simpson*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MARY ELLEN LENNOX,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF SACRAMENTO, et al.,**<br><br>Defendants. | No. 2:21-cv-02075 DAD-CSK<br><br>**STATE DEFENDANTS' MOTION IN LIMINE NO. 5 TO PRECLUDE WITNESSES FROM TESTIFYING OR OPINING DECEDENT'S INJURIES AND CAUSE OF DEATH; SUPPORTING DECLARATION**<br><br>Trial:         February 18, 2025<br>Time:         9:00 a.m.<br>Courtroom:  4 (15th Floor)<br>Judge:        Hon. Dale A. Drozd<br>Action Filed:  August 26, 2021 |

**INTRODUCTION**

Defendants State of California, by and through the California Highway Patrol, and Michael

Simpson (State Defendants) move, under Federal Rules of Evidence 401, 402, 403, and 702 to

preclude any witness and counsel from testifying, opining, or arguing about the extent and cause

of decedent Jordan Zenka's injuries and death. Plaintiff did not designate a medical expert. If

Plaintiff is unable to secure the trial appearance of Dr. Keng-Chih Su, the forensic pathologist

1

1    who performed Zenka's autopsy, Plaintiff should be precluded from introducing any evidence

2    Zenka's injuries and cause of death as no witness is qualified to offer such testimony or opinions.

3                                                    **ARGUMENT**

4         Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence

5    that is not relevant is inadmissible. Fed. R. Evid. 402. Relevant evidence is "evidence having any

6    tendency to make the existence of any fact that is of consequence to the determination of the

7    action more probable or less probable than it would be without the evidence." Fed. R. Evid.

8    401(a). Relevant evidence may be excluded if it will cause prejudice, undue delay, a waste of

9    time, or a needless presentation of cumulative evidence in the discretion of the court. Fed. R.

10   Evid. 403; *Obrey v. Johnson*, 440 F.3d 691, 698 (9th Cir. 2005). Opinions about causation,

11   diagnosis, and prognosis can only be rendered on the basis of specialized knowledge held by an

12   expert qualified by medical education, experience and training. Fed. R. Evid. 701, 702. The Ninth

13   Circuit recognizes that lay witnesses may not provide any medical diagnosis because "medical

14   diagnoses are beyond the competence of lay witnesses to make." *Tobeler v. Colvin*, 2014 WL

15   1509018, *at 2 (9th Cir. Apr. 18, 2014) (quoting Nguyen v. Chater, 100 F.3d 1462, 1467 (9th

16   Cir.1996) (internal quotation marks omitted)).

17        Plaintiff intends to rely on the testimony of Dr. Su to introduce evidence of the injuries

18   Zenka sustained during the subject incident and the cause of his death. She did not designate a

19   retained medical expert to address these issues. State Defendants submit the motion to prevent

20   Plaintiff from eliciting testimony from any other witness about Zenka's injuries and cause of

21   death as no other witness is qualified to offer such testimony. State Defendants also move to

22   prevent Plaintiff and her counsel from arguing to the jury about the nature and extent of Zenka's

23   injuries until Dr. Su testifies. The undersigned is informed that Dr. Su may longer be in the state.

24   (*See* News Article, attached as Ex. A.)

25   / / /

26   / / /

27   / / /

28

1

**CONCLUSION**

2        Until Plaintiff secures the attendance of Dr. Su at trial, she and her attorneys should not be

3   permitted to offer any evidence, illicit testimony, or make argument regarding the nature and

4   extent of Zenka's injuries and cause of death.

5

6   Dated:  January 28, 2025                                  Respectfully submitted,

7                                                              ROB BONTA
                                                               Attorney General of California
8                                                              NORMAN D. MORRISON
                                                               Supervising Deputy Attorney General
9

10                                                             */s/ Diana Esquivel*

11                                                             DIANA ESQUIVEL
                                                               Deputy Attorney General
12                                                             *Attorneys for Defendants State of Cal. and*
                                                               *Simpson*
13
    SA2021305171
14  38743837.docx

15

16

17

18

19

20

21

22

23

24

25

26

27

28

State Defendants' MIL No. 5 re Exclude Opinions of Decedent's Injuries and Cause of Death
(2:21-cv-02075-DAD-CSK)

1

**DECLARATION OF DIANA ESQUIVEL**

2
I, Diana Esquivel, declare:

3
1.  I am admitted to practice law in California and before this Court, and am a Deputy

4
Attorney General with the Office of the Attorney General for the State of California, attorneys of

5
record for Defendants State of California, by and through the California Highway Patrol (CHP),

6
and Michael Simpson (State Defendants).

7
2.  As required in the Court's Standing Order, the parties meet and conferred on the issues

8
presented in this motion as well as the other issues the parties identified as matters that would be

9
subject to motions in limine. On January 24, 2025, I sent all counsel a detailed e-mail, listing the

10
factual and legal basis for the motions the State Defendants intended to file. The same day,

11
Plaintiff's counsel provided the basis for their intended motions. I immediately responded to

12
Plaintiff's e-mail with the State Defendants' tentative position on those issues. Over the course of

13
the following days, the parties exchanged additional e-mails concerning their position on certain

14
issues. On January 28, 2025, counsel had a conference call and reached agreement on several

15
issues that are the subject of a stipulation that is being filed with the Court under separate cover.

16
The parties were unable to agree on other issues, including the subject matter addressed in this

17
motion in limine.

18
3.  Exhibit A is a true and correct copy of a news article I came across on the internet in my

19
efforts to locate Dr. Su. I bring this motion in an abundance of caution should Dr. Su not be

20
available for trial. He was not deposed in this matter.

21
I declare under penalty of perjury under the laws of the United States and the State of

22
California that the foregoing statements are true and correct.

23

24
Dated:  January 28, 2025

_____*/s/ Diana Esquivel*_____
Diana Esquivel

25

26

27

28

State Defendants' MIL No. 5 re Exclude Opinions of Decedent's Injuries and Cause of Death
(2:21-cv-02075-DAD-CSK)

# Exhibit A



82°    (/weather) ☰

**NEWS**

# Dr. Keng-Chih 'Kenny' Su is hired as Guam Chief Medical Examiner

Thursday, September 19th 2024, 5:34 PM ChST

By **Joan Aguon Charfauros**



Guam has a new Chief Medical Examiner. On Wednesday, during the Guam Post Mortem Commission meeting, Dr. Keng-Chih 'Kenny' Su accepted an offer by the board,

Su had said he applied for the position a few years ago after longtime CME Dr. Aurelio Espinola retired in 2019.

He declined an offer at the time because his children were still in high school but now with them now in college, it allows him and his wife to move to Guam and be closer to his mother in Taiwan.

Offered to Su was an annual base salary of $350,000 plus 32.2 % in benefits the amount could still go up

to $512,700.

Su's official start date is Oct. 28.

Prior to accepting the position, Su served as the Deputy Medical Examiner for the county of Los Angeles and most recently was the  forensic pathologist and neuropathologist for the Sacramento County Coroner's Office

As we reported, the previous medical examiner, Dr. Jeffrey Nine, whose last day was in April, resigned due to family reasons. However, he came back in an acting capacity.

His last day on the job is at the end of October.

Around the Web

Sponsored