Rob Bonta, State Bar No. 202668
Attorney General of California
Norman D. Morrison, State Bar No. 212090
Supervising Deputy Attorney General
Diana Esquivel, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7320
 Facsimile: (916) 322-8288
 E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants State of California, by and through the California Highway Patrol, and Michael Simpson*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MARY ELLEN LENNOX,**<br><br>                             Plaintiff,<br><br>v.<br><br>**CITY OF SACRAMENTO, et al.,**<br><br>                             Defendants. | No. 2:21-cv-02075 DAD-CSK<br><br>**STATE DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF DEFENDANT SIMPSON'S LITIGATION AND USE-OF-FORCE HSITORY**<br><br>Trial:          February 18, 2025<br>Time:          9:00 a.m.<br>Courtroom: 4 (15th Floor)<br>Judge:         Hon. Dale A. Drozd<br>Action Filed: August 26, 2021 |

## INTRODUCTION

Defendants State of California, by and through the California Highway Patrol, and Michael Simpson (State Defendants) move, under Federal Rules of Evidence 401, 402, 403, and 404 to preclude Plaintiff from introducing evidence or eliciting testimony about Defendant Simpson's use-of-force history and other lawsuits filed against him. Such evidence is irrelevant to any issue the jury must decide and is unduly prejudicial.

1

**ARGUMENT**

Federal Rule of Evidence 404(b) makes evidence of other wrongs or acts inadmissible to prove "the character of a person in order to show action in conformity therewith," but may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See Fed. R. Evid. 405 (stating that character evidence may be admissible if it is an essential element of the claim). The Supreme Court explained the policy underlying the inadmissibility of character evidence: "[I]t is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice." *Michelson v. United States*, 335 U.S. 469, 476 (1948); *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985) (stating that liability or guilt must be established by evidence relevant to the particular offense, not by showing that the defendant engaged in other acts of wrongdoing).

State Defendants move to preclude Plaintiff from introducing evidence or eliciting testimony about other incidents where Simpson used force and his litigation history, including other civil-rights lawsuits filed against him. During discovery, State Defendants disclosed other instances where Simpson used physical force and a taser. Plaintiff's counsel has represented that they may seek to elicit testimony of Simpson's prior use of force although none of those prior incidents involved discharging his firearm.

Evidence of prior acts is not admissible to prove liability, nor is it relevant to any issue to be tried to the jury in this case. Fed. R. Evid. 404(b). The only purpose for seeking to introduce evidence of other lawsuits or Simpson's use of force is to allow Plaintiff to argue to the jury that Simpson is liable in this case because he has been sued or used force in other instances. But this purpose is improper under Rule 404(b). Nor is there any exception to Rule 404(b) to admit evidence about these prior lawsuits or incidents.

Further, Simpson's past litigation is irrelevant to this case. Fed. R. Evid. 401, 402. Any probative value this evidence may have is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 403. Plaintiff could use evidence of prior lawsuits or complaints to improperly attempt to sway the jury on an emotional basis, arguing that Simpson's status as a party to other actions constitutes evidence of bad character and, therefore, he is liable here. This evidence could also be used to garner sympathy for Plaintiff.

Using evidence of prior lawsuits or other incidents will also unnecessarily confuse the issues for the jury and waste time. The jury here must decide whether Defendants use of force, including lethal force, was reasonable under the totality of the circumstances. Simpson's litigation and use-of-force history does not tend to prove the reasonableness of the Defendants' conduct on December 13, 2020. Furthermore, introduction of any Simpson's past litigation or other incidents of force will be refuted, which in turn will waste time and unnecessarily prolong the trial. Accordingly, the Court should exclude evidence of Simpson's other lawsuits or instances of use-of-force.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion.

Dated: January 28, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants State of Cal. and Simpson*

SA2021305171
38743837.docx