Rob Bonta, State Bar No. 202668
Attorney General of California
Norman D. Morrison, State Bar No. 212090
Supervising Deputy Attorney General
Diana Esquivel, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7320
 Facsimile: (916) 322-8288
 E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants State of California, by and through the California Highway Patrol, and Michael Simpson*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARY ELLEN LENNOX,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>　　　　　　　Defendants. | No. 2:21-cv-02075 DAD-CSK<br><br>**STATE DEFENDANTS' MOTION IN LIMINE NO. 7 TO PERMIT DEFENDANTS TO SHOW JURY THE ORIGINAL KNIFE**<br><br>Trial:　　　　February 18, 2025<br>Time:　　　　9:00 a.m.<br>Courtroom:　4 (15th Floor)<br>Judge:　　　Hon. Dale A. Drozd<br>Action Filed: August 26, 2021 |

## INTRODUCTION

Defendants State of California, by and through the California Highway Patrol, and Michael Simpson (State Defendants) move, under Federal Rules of Evidence 401 and 402, to permit Defendants to bring to Court and show the jury the original knife decedent Jordan Zenka was holding during the subject incident. The undersigned is informed that the original knife remains in evidence with the Sacramento Police Department. The knife is relevant to State Defendants' contention that Zenka posed an immediate threat of serious bodily injury or death to Simpson and Defendant Pinola. The probative value of the knife far outweighs any prejudice it may cause.

1

**ARGUMENT**

Federal Rule of Evidence 402 provides that all relevant evidence is admissible. Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Relevant evidence may be excluded if it will cause prejudice, undue delay, a waste of time, or a needless presentation of cumulative evidence in the discretion of the court. Fed. R. Evid. 403; *Obrey v. Johnson*, 440 F.3d 691, 698 (9th Cir. 2005).

Plaintiff cannot reasonably dispute that the knife Zenka was holding during the incident is relevant to the reasonableness element of her Fourth Amendment claim and whether the knife created an immediate threat of serious bodily injury or death to Simpson, Pinola and other officers. Indeed, throughout this litigation Plaintiff has attempted to downplay or minimize the threat Zenka posed to officers and the public by either failing to acknowledge or admit that Zenka had a knife during the incident (*see* Second Am. Compl. ¶¶ 1-114, ECF No. 21) or referring to it as a "basic serrated bread knife with no sharpened tip" (Pl.'s Opp'n to Defs.' Mot. for Summ. J. 22:7, ECF No. 48[1]). Even this Court stated that Zenka "had in his possession a serrated bread knife *only*." (Order Denying Mot. for Summ. J. 24:7-8, ECF No. 61 (emphasis added).) On the other hand, several Defendants and witnesses described the knife as "large" and being longer than twelve inches. Given the dispute whether the "bread knife" posed a threat of seriously bodily injury or death, Defendants are entitled to show the jury the actual knife Zenka was holding so the jurors can determine whether it was reasonable for Simpson and other Defendants to feel threatened by someone charging at them with this knife in hand. The jury can also ascertain by looking at the original knife whether it was capable of causing serious bodily injury or death to determine whether the use of lethal force was reasonable.

Plaintiff contends that showing the jury the original knife is unduly prejudicial and inflammatory. Any prejudice the original knife may create does not outweigh its probative value,

---

[1] The page number refers to the Court's electronic pagination that appears on the upper righthand corner of the filed document.

especially if Plaintiff and her counsel continue to minimize the dangerousness of the knife. Further, any prejudice can be mitigated by limiting the number of times and length of time the knife is shown to the jury.

## CONCLUSION

The original knife is relevant to Defendants' contention that Zenka posed an immediate threat of serious bodily injury or death when he ran towards Simpson and Pinola's location with the knife in his hand at chest level with the blade pointing to the floor. Its probative value on a critical issue the jury must determine substantially outweighs any prejudicial effect it may have. Furthermore, the Court can reduce any prejudicial effect by limiting the number of times and length of time the knife is shown to the jury. Accordingly, the Court should grant this motion and issue an order permitting defense counsel to bring the original knife to the courthouse for trial.

Dated:  January 28, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants State of Cal. and Simpson*

SA2021305171
38743837.docx