LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine, Esq. (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:     (818) 347-3333
Facsimile:      (818) 347-4118

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br>*Honorable Mag. Judge Chi Soo Kim*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE OR REDACT PHOTOGRAPHS OF DECEDENT'S BODY**<br><br>Hearing:     None set<br>Courtroom: 4, 15th Floor<br>Trial Date:  February 18, 2025 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This civil rights and state tort action arises from the use of less-lethal and deadly force by City of Sacramento Police Department and California Highway Patrol officers against decedent Jordan Zenka on December 13, 2020. Plaintiff Mary Ellen Lenox hereby opposes Defendants' Motion in Limine No. 3, which seeks to exclude or require the redaction of photographs depicting Mr. Zenka's body and injuries following his fatal shooting. The limited photographs Plaintiff intends to introduce at trial depicting Mr. Zenka's injuries are probative to liability, highly probative to damages, and not substantially outweighed by any risks of unfair prejudice. Accordingly, Plaintiff respectfully requests the Court deny Defendants' motion.

### II. ARGUMENT

#### A. Photographs of Mr. Zenka's Body After the Shooting Are Relevant to Liability and Damages

All admissible evidence must be relevant, making "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401, 402. Here, photographs of Mr. Zenka's injuries are relevant to show the manner and location in which Mr. Zenka was shot and to support Plaintiff's survivorship claim for damages for Mr. Zenka's pre-death pain and suffering.

The jury must determine whether the defendant officers used unreasonable or excessive force when they shot Mr. Zenka. In addressing an excessive force case under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them. . ." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Photographs of Mr. Zenka's injuries, including his gunshot wounds, are probative of the nature of the force used by the officers and the circumstances that confronted them at the time they shot Mr. Zenka. One of the major factual disputes in this case involves Mr. Zenka's actions and position at the time he was shot. *See People v. Allen*, 42 Cal. 3d 1222, 1256 (photographs of victims were "clearly relevant" to corroborate witnesses' testimony "concerning the location and manner in which the victims were shot"). Therefore, photographs of the location of the bullet wounds,

including wounds to Mr. Zenka's back, are part of the physical evidence that Plaintiff should be allowed to present to the jury to prove that the shooting was unreasonable and excessive.[1] Photographs of the scene depicting the position and location of Mr. Zenka on the ground after he was shot are also probative for these same reasons.

Further, the photographs depicting the wounds Mr. Zenka sustained are also probative of Plaintiff's damages for Mr. Zenka's pre-death pain and suffering, to which Plaintiff has claimed an entitlement in her operative complaint as part of her survival damages. (*See* Second Amended Complaint for Damages ¶¶ 33, 42, 44, 92, 96, 100, 103, 114, Prayer [Dkt. 21].) Plaintiff intends to introduce evidence at trial showing that defendants used various less-lethal weapons at Mr. Zenka before and after fatally shooting him, and the photographs of Mr. Zenka's injuries depict the wounds those weapons caused and the pain they inflicted. Such evidence is admissible to show the pain Mr. Zenka experienced before he died. *See Hernandez v. Hodges*, No. 20-cv-01183-AGT, 2023 WL 5336856, at *22 (N.D. Cal. Aug. 17, 2023) (explaining, in addressing defendant officer's motion for new trial or remittitur, that photographs depicting plaintiff's injuries supported his claim for damages based on "significant physical pain").

### B. The Probative Value of the Photographs of Mr. Zenka's Body After The Shooting Are Not Substantially Outweighed by any Risk of Unfair Prejudice

Showing the photographs, which are among the only available evidence addressing or depicting Mr. Zenka's injuries and thus revealing his pre-death pain and suffering, would not unfairly prejudice Defendants. Plaintiff does not intend to introduce more than a few such photographs and would not show more than necessary to demonstrate Mr. Zenka's injuries and his consequent pain and suffering.[2] It is important for the jury to have some idea of the extent of Mr. Zenka's injuries, and a few photos of the severity of the wounds caused by the officers would be more probative on this issue than prejudicial. Further, because the very issue to be addressed via

---

[1] This is particularly pertinent given that Defendants have also moved *in limine* to exclude testimony from the medical examiner who conducted the autopsy and the autopsy report, which details the specific wounds inflicted on Mr. Zenka. [Dkt. 88.]

[2] The limited photographs Plaintiff may seek to introduce at trial are being emailed separately to chambers and counsel as Exhibit A.

introduction of these photographs is the nature and extent of Mr. Zenka's injuries, including his pre-death pain and suffering the injuries caused, redacting Mr. Zenka's body out of the photographs, as proposed by Defendants, would defeat the purpose of introducing the photographs and should not be required.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in Limine No. 3 to exclude or redact photographs of Mr. Zenka's body.

Dated: February 4, 2025            LAW OFFICES OF DALE K. GALIPO

By:        */s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Benjamin S. Levine
Attorneys for Plaintiff