LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine, Esq. (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br>*Honorable Mag. Judge Chi Soo Kim*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO PRECLUDE WITNESSES FROM TESTIFYING OR OPINING DECEDENT'S INJURIES AND CAUSE OF DEATH**<br><br>Hearing:      None set<br>Courtroom:  4, 15th Floor<br>Trial Date:   February 18, 2025 |

**ARGUMENT**

Through the instant motion, Defendants seek to preclude Plaintiff "from introducing any evidence [regarding Decedent Jordan] Zenka's injuries and cause of death" in the event that the medical examiner who performed Mr. Zenka's autopsy, Dr. Keng-Chih Su, is unavailable to testify at trial. Dr. Su is designated as a witness for trial per the Court's Final Pretrial Order. [Dkt. 78, Attachment C.][1] During meet-and-confer discussions among counsel regarding the motions *in limine* in this case, which was after the Final Pretrial Order had issued, counsel for the State Defendants advised Plaintiff's counsel of the article attached to the instant motion, which was the first Plaintiff's counsel learned of Dr. Su's potential unavailability. In the event Dr. Su is deemed unavailable for trial, Plaintiff will seek leave to be allowed to call the Sacramento Coroner, Kimberly D. Gin, who is also identified on the autopsy report, as an alternate witness regarding the autopsy report and his contents. In the event Dr. Su is deemed unavailable for trial and no substitute witness is available, Plaintiff will also attempt to move the autopsy report itself into evidence after laying the appropriate foundation and establishing its authenticity, including via the testimony of Ms. Gin.

Even assuming Dr. Su is unavailable for trial, however, this would not be grounds for the extreme and broad exclusion of evidence Defendants seek through the instant motion, which seeks to exclude "any evidence" regarding Mr. "Zenka's injuries and cause of death." First, the defendant officers themselves may properly testify regarding the force they used against Mr. Zenka (including deadly force), whether their shots appeared to strike Mr. Zenka, what effect those shots appeared to have on Mr. Zenka, and whether they observed Mr. Zenka fall to the ground and appear to succumb to his injuries—the video evidence shows many of the officers remaining in the store and observing as emergency medical providers attended to Mr. Zenka. Such testimony is proper lay testimony based on the officers' personal observations at the incident scene.

Second, the paramedics and EMTs who responded to the incident and provided

---

[1] Although Dr. Su is listed on a page labeled "Defendant's Witness List," the Final Pretrial Order makes clear that "[e]ach party may call any witnesses designated by the other." [Dkt. 78 at 9.]

emergency medical attention to Mr. Zenka at the incident scene are also included as witnesses in the Final Pretrial Order, and can certainly testify to their observations of Mr. Zenka, his injuries, and his condition at the time they treated him, including whether he appeared to succumb to his injuries in their presence. [*See* Dkt. 78, Attachment C (listing the various paramedics and EMTs under Dr. Su).][2]

      Third, Defendants' police expert, Greg Meyer, noted in his Rule 26 expert report that he reviewed the autopsy report, and he specifically noted in his report that "[t]he autopsy ascribed the cause of death to multiple gunshot wounds (shoulder, chest, three to back, abdomen, left forearm)." During Plaintiff's examination of Mr. Meyer at trial, her counsel is entitled to ask Mr. Meyer about his review of the autopsy report, his acknowledgement of the specific gunshot wounds noted in it, and the cause of death. Plaintiff's and Defendants' experts in this case have both opined as to Mr. Zenka's wounds and what they indicate about where he was struck, what they indicate about the position he was in relative to the shooting officers at the time of the shooting, and these experts should not be precluded from testifying to same at trial due merely because Dr. Su may be unavailable.

      The breadth of the relief requested in the instant motion is remarkable in part because Plaintiff is not aware of Mr. Zenka's cause of death ever having been in dispute in this action, and Defendants have designated no medical expert or offered any other evidence to contradict the cause of Mr. Zenka's death identified in the autopsy report. For the foregoing reasons, the instant motion *in limine* should be denied.

Dated: February 4, 2025              LAW OFFICES OF DALE K. GALIPO

                                           By:      */s/ Dale K. Galipo*
                                                    Dale K. Galipo
                                                    Renee V. Masongsong
                                                    Benjamin S. Levine
                                                    Attorneys for Plaintiff

---

[2] Images of Mr. Zenka and his injuries at the incident scene, depicting his approximate condition upon medical personnel's treatment of him at the scene, are also being provided to the Court via email in connection with Plaintiff's opposition to Defendants' Motion *in Limine* No. 3.