LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine, Esq. (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br>*Honorable Mag. Judge Chi Soo Kim*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OF DEFENDANT SIMPSON'S LITIGATION AND USE-OF-FORCE HISTORY**<br><br>Hearing:     None set<br>Courtroom: 4, 15th Floor<br>Trial Date:  February 18, 2025 |

**ARGUMENT**

Defendant Michael Simpson is one of the two defendant officers who used lethal force against Jordan Zenka during the subject incident. During discovery in this case, Defendant State of California represented that Defendant Simpson had not shot anyone using his firearm prior to the subject incident in this case, but acknowledged that he had used other forms of force against members of the public in the past, including using an "Electronic Control Device" (i.e., Taser) on multiple occasions, "control holds" on multiple occasions, and other forms of restraint on multiple occasions.

Plaintiff does not intend to raise the issue of these prior uses of force by Defendant Simpson or introduce evidence regarding same in her case-in-chief at trial. Plaintiff only anticipates soliciting testimony or otherwise introducing evidence regarding Defendant Simpson's prior uses of force to in response to argument or evidence regarding Defendant Simpson never having shot anyone before, or regarding this being his first shooting, for the sake of completeness. During meet-and-confer discussions among counsel regarding the motions *in limine* in this case, counsel for Defendant Simpson indicated that counsel intended to argue at trial that Defendant Simpson had never shot anyone before, and/or introduce evidence regarding same.[1] However, such argument or evidence is likely to leave the jury with the false impression that this incident was the first time Defendant Simpson has used *any* force against a member of the public as a law enforcement officer, a false impression that Plaintiff is entitled to rebut.

In the instant motion, the State Defendants argue that evidence of Defendant Simpson's prior uses of force are inadmissible under FRE 403. Such an argument would apply equally to the fact that Defendant Simpson purportedly had not shot anyone before, so if the Court is inclined to exclude reference to Defendant Simpson's prior uses of force in the trial in this case, any reference to the fact that Defendant Simpson had not previously shot anyone should be excluded as well.

///

---

[1] This anticipated argument and/or evidence is also the subject of Plaintiff's Motion *in Limine* No. 3, which is currently pending. [Dkt. 83.]

Accordingly, the Court should deny Defendants' motion in part as explained above. Alternatively, if the Court is inclined to grant the instant motion, the Court should issue a reciprocal order prohibiting Defendants from making argument or introducing evidence that Defendant Simpson had not previously shot anyone.

Dated: February 4, 2025    LAW OFFICES OF DALE K. GALIPO

By:    */s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Benjamin S. Levine
Attorneys for Plaintiff