LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine, Esq. (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone:     (818) 347-3333
Facsimile:      (818) 347-4118

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br>*Honorable Mag. Judge Chi Soo Kim*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO PERMIT DEFENDANTS TO SHOW JURY THE ORIGINAL KNIFE**<br><br>Hearing:     None set<br>Courtroom: 4, 15th Floor<br>Trial Date:  February 18, 2025 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

This civil rights and state tort action arises from the use of less-lethal and deadly force by City of Sacramento Police Department and California Highway Patrol officers against Jordan Zenka on December 13, 2020, while Mr. Zenka was in possession of a bread knife. Plaintiff Mary Ellen Lennox opposes Defendants' Motion in Limine No. 7, which seeks to permit Defendants to show the jury the original knife.

Other evidence regarding the bread knife, including video evidence depicting Mr. Zenka holding the bread knife during the incident, is available in this case. Any marginal relevance the actual bread knife may have is outweighed by the risk of unfair prejudice presenting the bread knife at trial would cause, justifying exclusion of the bread knife under FRE 403. Presenting the actual bread knife at trial would be unfairly prejudicial to Plaintiff and thus the actual bread knife should be excluded under FRE 403. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (indicating that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses). Showing the actual bread knife at trial would serve to sensationalize the issue of the alleged threat posed by Mr. Zenka, would be likely to distract the jury by displaying a purported weapon in a court of law, and would risk the jury giving undue weight to this evidence compared to other forms of evidence presented because this is the only piece of physical evidence Defendants are seeking to introduce in physical form at trial.

Further, other evidence is available that is less unfairly prejudicial to Plaintiff, rendering introduction of the actual bread knife unnecessary and cumulative, and heightening the risk that presentation of the actual knife would distract and inflame the jury. *See Gross v. Black & Decker (U.S.), Inc.*, 695 F.2d 858, 863 (5th Cir. 1983) (explaining that "whether the same facts could [be] proved by other evidence" is a "factor to be taken into consideration in measuring the admissibility of potentially prejudicial evidence"). Among the evidence Defendants have indicated they intend to introduce as exhibits at trial are photographs of the bread knife. (*See* Final Pretrial Order, Attachment F, Ex. I [Dkt. 78 at 26].) Although Plaintiff has some concerns about these photographs, showing a photograph of the bread knife to the jury would be far less prejudicial than showing the bread knife itself would be, and Defendants have not argued that the same

-1-
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 7

photographs they have designated are inaccurate or fail to clearly depict the bread knife. Although Defendants argue that the jury should be shown the actual bread knife to understand its size, one of the photographs Defendants seek to introduce at trial includes a ruler alongside the bread knife, showing its size.[1] Permitting Defendants to show the jury the original bread knife therefore adds little evidentiary value other than to unduly prejudice Plaintiff.

      Accordingly, Plaintiff respectfully requests that the Court deny Defendants' motion. Should the Court nevertheless be inclined to allow Defendants to show the actual bread knife at trial, the Court should narrowly limit presentation of it to the jury to limit the undue prejudice to Plaintiff. If the bread knife is allowed to be shown, it should be allowed to be shown only very briefly and from a significant distance away from the jury. As the Court noted in its order on summary judgment, the facts viewed in Plaintiff's favor show that Mr. Zenka was no closer to the shooting officers than 10-15 feet at the time the lethal shots were fired, and Mr. Zenka was much further from the other defendant officers at the time less-lethal weapons were used against him. Defendants also should not be allowed to swing, gesture with, or otherwise physically manipulate the knife in any manner.

Dated: February 4, 2025                LAW OFFICES OF DALE K. GALIPO

                                    By:      */s/ Dale K. Galipo*
                                                  Dale K. Galipo
                                                  Renee V. Masongsong
                                                  Benjamin S. Levine
                                                  Attorneys for Plaintiff

---

[1] That photograph is being emailed separately to chambers and counsel.