LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine, Esq. (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br>*Honorable Mag. Judge Chi Soo Kim*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO ADMIT EVIDENCE OF DECEDENT'S ALCOHOL ABUSE AND TOXICOLOGY RESULTS**<br><br>Hearing:    None set<br>Courtroom: 4, 15th Floor<br>Trial Date: February 18, 2025 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff hereby opposes Defendants' Motion in Limine No. 2 to admit evidence of decedent Jordan Zenka's alcohol abuse and toxicology report or toxicology results. As discussed in Plaintiff's Motion in Limine No. 1 to exclude information unknown to the officers at the time of this incident, evidence of Mr. Zenka's drug and alcohol use, including the toxicology report, is irrelevant to the determination whether the use of force against Plaintiff was excessive and unreasonable, and should be excluded on that basis. *See* Fed. R. Evid. 401, 402. Defendants' argument that evidence of Mr. Zenka's drug and alcohol use is relevant to damages is also unpersuasive. Evidence of Mr. Zenka's drug and alcohol use should alternatively be excluded because it is more prejudicial than probative, because it is improper character evidence, and because Defendants have not retained any expert to discuss the effects of Mr. Zenka's drug and alcohol use. *See* Fed. R. Evid. 403, 404, 702. Additionally, the toxicology report itself should be excluded because it constitutes hearsay for which there is no exception. *See* Fed. R. Evid. 801, 802. For these reasons and the reasons discussed in detail below, this Court should deny Defendants' Motion in Limine No. 2 and exclude evidence of Mr. Zenka's drug and alcohol use from the trial of this matter.

## II. ARGUMENT

### A. Evidence of Mr. Zenka's Drug and Alcohol Use is Irrelevant to Plaintiff's Damages

Evidence of Mr. Zenka's drug and alcohol use is not relevant to Plaintiff's wrongful death damages or to Mr. Zenka's survival damages. *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016) (reversing jury verdict and remanding for new trial where extensive evidence of drug use was admitted "under the guise of impeaching [a mother's] testimony that she loved her son"). Any effect Mr. Zenka's drug and alcohol use may have had on his life outcomes, including his relationship with his mother and his productivity, is purely speculative. Furthermore, Mr. Zenka's drug and alcohol use does not imply that he had a poor relationship with Plaintiff, his mother, or that she loved him any less. Such an assertion would be highly speculative, including because Defendants have not retained any

expert to opine on the history or effects of Mr. Zenka's drug and/or alcohol use. In fact, Plaintiff specifically testified that she and Mr. Zenka "always loved each other" and "no matter what happened [they] always stayed connected at the heart." (Lennox Depo. at 59:20-21). When asked whether Mr. Zenka's alcohol use interfered with her relationship with Mr. Zenka, Plaintiff testified, "It didn't interfere with how we loved each other because we stayed connected." (Lennox Depo. at 60:5-10). Although Plaintiff testified that Mr. Zenka's alcohol use interfered with their ability to live with one another, Mr. Zenka was an adult. Most adults do not live with their parents. Defendants' argument that Plaintiff's inability to reside with her adult son at times in reduces her wrongful death damages is unpersuasive.

This evidence is also irrelevant to Plaintiff's claim for pre-death pain and suffering damages. In the absence of expert testimony on this issue, any evidence of the post-mortem toxicology results is insufficient to make Defendants' allegations about Mr. Zenka's behavior more likely, or to affect damages. *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060-61 (N.D. Ill. 2009) ("The question of whether Plaintiff smoked a marijuana cigarette three hours before the incident is no more probative than whether the officers drank coffee before the incident. The introduction of expert testimony or testimony concerning facts unrelated to the physical encounter would merely divert the jury from the relevant inquiry . . . . Marijuana plays no part in this inquiry and the introduction of such evidence serves no purpose other than to make a general character attack on Plaintiff."). Considering the speculative nature of the alleged impact of drugs and alcohol on Mr. Zenka's life, it would be too confusing for the jury to attempt to factor this into damages.

**B. Evidence of Mr. Zenka's Drug and Alcohol Use is Irrelevant to Liability**

Under Federal Rule of Evidence ("FRE") 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Fourth Amendment claims for excessive force—as with claims for battery and negligent wrongful death under California law—depend on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them."

1 *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see Yount v. City of Sacramento*, 43 Cal.
2 4th 885, 902 (2004) (battery); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir.
3 2013) (negligence). Reasonableness "must be judged from the perspective of a reasonable
4 officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at
5 396. Accordingly, facts of which officers were unaware "are irrelevant to the
6 reasonableness analysis," *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1123 n.4
7 (9th Cir. 2021), and may not be considered. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8
8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the
9 prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts
10 both ways."); *Hayes*, 736 F.3d at 1232-33 ("[W]e can only consider the circumstances of
11 which [the deputies] were aware when they employed deadly force.").

12 As set forth in Plaintiff's Motion in Limine No. 1, Plaintiff seeks to exclude the
13 post-incident toxicology report, testimony regarding Mr. Zenka's prior drug or alcohol
14 use, and records from a rehabilitative treatment program Mr. Zenka attended. Exclusion is
15 warranted because the defendant officers had no information about Mr. Zenka's drug and
16 alcohol use at the time of this incident. Although some officers testified in deposition that
17 it appeared Mr. Zenka *may* have been under the influence of drugs during the incident
18 based on his demeanor, none had any specific information Mr. Zenka had ever actually
19 used drugs or alcohol. (*See* Simpson Depo. 39:9-16 [Dkt. 48-3 at 23]; Pinola Depo. 18:10-
20 12 [Dkt. 48-4 at 18]; Hunkapiller Depo. 15:19-24 [Dkt. 48-5 at 15]; Helmich Depo. 26:4-9
21 [Dkt. 48-8 at 15]; Swaleh Depo. 31:8-13 [Dkt. 48-9 at 21]; Espinoza Depo. 15:20-25 [Dkt.
22 48-11 at 9].) Accordingly, the toxicology report purportedly showing the presence of
23 methamphetamines in Mr. Zenka's system constitutes information unknown by the
24 defendant officers at the time of the incident. *See Herrera v. City of Ontario*, No. EDCV
25 15-1370 JGB (SPx), 2016 WL 9176322, at *2 (C.D. Cal. Oct. 24, 2016) (excluding
26 toxicology report as information unknown); *Ruvalcaba v. City of Los Angeles*, No. 2:12-
27 cv-06683-ODW (MANx), 2014 WL 4426303, at *2 (C.D. Cal. Sept. 8, 2014) (same).
28

1  Likewise, no officer has testified that he was aware of any alleged drug or alcohol
2  use by Mr. Zenka on prior occasions or of Mr. Zenka's attendance of a rehab program. *See*
3  *Conan*, 2017 WL 8941499, at *8 (C.D. Cal. Oct. 6, 2017) ("[T]he Court finds Plaintiff's
4  prior drug use has limited, if any, relevance to liability for excessive force, battery, or
5  negligence . . . ."). Moreover, as the Ninth Circuit has explained, in cases challenging
6  excessive force by police, "evidence of [a decedent]'s drug use . . . has marginal, if any,
7  probative value as to damages, and none as to liability." *Diaz*, 840 F.3d at 603; *see Watson*
8  *v. City of San Jose*, 765 F. App'x 248, 251 (9th Cir. 2019) (explaining that evidence of
9  plaintiff's "intoxication" at time of incident "would be impermissible" as information
10 unknown to officers at time of incident) (citations omitted). Such evidence is irrelevant
11 and cannot be considered by the jury.
12 Defendants incorrectly apply *Boyd v. City and County of San Francisco*, 576 F.3d
13 938, 944 (9th Cir. 2009) to the present issue simply because *Boyd* also involved an
14 evidentiary challenge to the admission of information of the decedent's drug use.
15 Defendants argue that when the circumstances that confronted the officers at the time of a
16 shooting are in dispute, evidence of facts that make one version of events more likely than
17 another are relevant and admissible, even if those facts were not known to the officer at the
18 time that he shot.  The *Boyd* court found that evidence that the decedent was on drugs at the
19 time of the shooting was relevant to the question whether the decedent acted erratically,
20 taunted police, and goaded police into shooting him.  *Id.* The facts of the instant case are
21 markedly different, where the key question for the jury will be whether it was reasonable
22 for the defendant officers to believe that Mr. Zenka posed an immediate threat of death or
23 serious bodily injury to any person when he ran toward the exit of the grocery store.  Since
24 *Boyd*, the Ninth Circuit has retreated from this holding. *See Hayes*, 736 F.3d 1223 ("[W]e
25 can only consider the circumstances of which [the officers] were aware when they
26 employed deadly force.... [W]hen analyzing the objective reasonableness of the officers'
27 conduct under *Graham*, we cannot consider the fact that [the decedent] was intoxicated."
28 (internal citation omitted)).

*Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) is also inapposite. In *Crawford*, the Ninth Circuit determined that whether the decedent was in fact mentally ill was relevant in evaluating credibility, such as by making it more or less likely that the decedent acted in the manner described by the officer. In *Crawford*, the district court correctly held that evidence of the decedent's mental illness was relevant because the reasonableness of the shooting depended in part on whether the officer should have known, based on his police training, that the decedent was mentally ill. 944 F.3d at 1078. This Court should construe *Crawford* in Plaintiff's favor. During this incident, Mr. Zenka was clearly suffering from a mental health crisis, such that evidence of his mental health may be relevant. The same cannot be said for Mr. Zenka's history of drug and alcohol use.

### C. This Evidence Should Also be Excluded as Unduly Prejudicial Under Rule 403

Although evidence of Mr. Zenka's drug and alcohol use is irrelevant and should be excluded on that ground, this evidence should also be excluded under FRE 403 because it is unfairly prejudicial, confusing, and would waste time. FRE 403 requires exclusion even of relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

Evidence of alleged drug or alcohol use by Mr. Zenka, including the toxicology report, testimony regarding prior drug or alcohol use, and evidence regarding his attendance of a rehab program, is unduly prejudicial because it has significant potential to unjustly inflame a jury's passions and prejudices against Mr. Zenka and Plaintiff. *See V.V.*

1  *v. City of Los Angeles*, No. 2:21-cv-01889-MCS-PD, 2022 WL 3598167, at *4 (C.D. Cal.
2  July 6, 2022) (excluding toxicology report and evidence of prior drug use as information
3  unknown to officers at time of shooting under FRE 403, and explaining, that "[t]he Ninth
4  Circuit has set a high bar for the admissibility of intoxication evidence in the liability phase
5  of an excessive force case") (citing *Estate of Diaz*, 840 F.3d at 603); *Conan*, 2017 WL
6  8941499, at *8 (excluding evidence of drug use under FRE 403); *Gregory v. Oliver*, 2003
7  WL 1860270 at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* to exclude drug
8  evidence officers discovered after use of force as irrelevant and unduly prejudicial under
9  FRE 403); *id.* at *1 ("In today's climate, any evidence as to a litigant's use of drugs has an
10 obvious potential for being extraordinarily prejudicial—for creating the prospect of
11 deflecting the factfinders' attention from the matters that are really at issue in the case to
12 everyone's universally-shared concerns as to the problems that drug usage is creating for
13 our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming exclusion
14 of "use of the word 'heroin,' because at the time of the arrest, the officers did not know the
15 nature of the drug or Kunz's usage and because mention of heroin would be more
16 prejudicial than helpful"); *Wisler v. City of Fresno*, 2008 WL 2954179 at *5 (E.D. Cal.
17 2008) (excluding evidence of marijuana use on grounds it was unduly prejudicial and was
18 not known by defendants).

19        Evidence that Mr. Zenka was on drugs during the incident (which was not known by
20 the officers) is likely to prejudice Plaintiff and mislead the jury about the issues to be tried
21 in this case. Further, Defendants have not designated any expert who is qualified to
22 interpret the toxicology report they seek to introduce or opine on the effect the substances
23 that were reportedly in Mr. Zenka's system would have had on Mr. Zenka, which would be
24 necessary testimony in order for Defendants to use the report to corroborate certain
25 officers' claimed suspicion that Mr. Zenka may have been on drugs during the incident.
26 //
27
28

### D. This Evidence Should Also be Excluded as Impermissible Character Evidence Under Rule 404

Under FRE 404, evidence of Mr. Zenka's drug and/or alcohol use cannot be used to show that Mr. Zenka acted in conformity with some general poor character during the incident. Rule 404(a)(1) specifically prohibits "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is not normally admissible in a civil rights case. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," *i.e.*, an essential element of a charge, claim, or defense for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element to any claim or defense to be tried in this case. Accordingly, this evidence should further be excluded under FRE 404.

### E. The Toxicology Report and the Rehab Records Should Also be Excluded as Hearsay Under Rules 801 and 802

Finally, the Court should also exclude the toxicology report itself, as well as Mr. Zenka's rehab records, as inadmissible hearsay without any exception under FRE 801, 802, and 805. Because this evidence constitutes information that was unknown to the defendant officers during the incident, they cannot testify to this information based on personal knowledge. *See* Fed. R. Evid. 602.

//

//

//

### III. CONCLUSION

For each of the foregoing reasons, this Court should deny Defendants' Motion in Limine No. 2 and instead grant Plaintiff's Motion in Limine No. 1 and exclude any evidence of Mr. Zenka's drug and alcohol use, including the toxicology report and results.

Dated: February 4, 2025          LAW OFFICES OF DALE K. GALIPO

                                          By:     */s/ Renee V. Masongsong*
                                                  Dale K. Galipo
                                                  Renee V. Masongsong
                                                  Benjamin S. Levine
                                                  Attorneys for Plaintiff