LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine, Esq. (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:    (818) 347-3333
Facsimile:     (818) 347-4118

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br>*Honorable Mag. Judge Chi Soo Kim*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OR REFERENCE TO INDEMNIFICATION**<br><br>Hearing:     None set<br>Courtroom: 4, 15th Floor<br>Trial Date:  February 18, 2025 |

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4

In their Motion in Limine No. 4, Defendants seek to preclude Plaintiff and her counsel from referencing the fact that the State may pay or reimburse an adverse judgment against Simpson on the grounds that this information is purportedly prejudicial to Defendants. Defendants argue that this evidence is prejudicial because a jury is more inclined to deliver a verdict against a defendant if the jury believes that the defendant is indemnified, as opposed to the defendant alone being required to satisfy the judgment. Plaintiff disagrees and asserts that the reverse is true—if the jury believes that the individual Defendant Officers are responsible for satisfying any judgment against them, then this may impact the jury from awarding fair compensatory damages to Plaintiff. The jury may also be left wondering why the State is a named defendant in this case. As Defendants concede in their Motion in Limine No. 4, *required* to indemnify its employees in litigation arising from the course and scope of their employment. Cal. Gov't Code § 825.

The Parties have stipulated that Defendant Michael Simpson was acting in the course and scope of his employment with the State at the time of this incident, and agreed that the remaining Officer Defendants were acting in the course and scope of their employment with the City of Sacramento during this incident. (*See* Dkt. 78 at p. 4). There is absolutely no question that the State is vicariously liable for Officer Simpson's conduct and no question that the City of is vicariously liable for the conduct of its involved officers on Plaintiff's state law claims under California law. *See* Cal. Gov't Code § 815.2(a). Plaintiff is requesting, in her jury instructions filed concurrently herewith, that this Court appropriately instruct the jury on vicarious liability pursuant to CACI 3700. Plaintiff's counsel anticipates explaining the jury instructions to the jury, including during his closing argument, and Plaintiff's counsel should be permitted to discuss the State's and City's vicarious liability for the Officer Defendants' conduct.

With respect to Defendants' concern regarding punitive or exemplary damages,

1  the Parties have already stipulated that the amount of punitive damages, if any, shall be
2  determined in a separate phase of trial.

4  Dated: February 4, 2025                LAW OFFICES OF DALE K. GALIPO

                                    By:        */s/ Renee V. Masongsong*
                                          Dale K. Galipo
                                          Renee V. Masongsong
                                          Benjamin S. Levine
                                          Attorneys for Plaintiff