LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine, Esq. (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br>*Honorable Mag. Judge Chi Soo Kim*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO PRECLUDE WITNESSES FROM TESTIFYING OR OPINING ABOUT THE CAUSE OF DECEDENT'S MENTAL STATUS**<br><br>Hearing: None set<br>Courtroom: 4, 15th Floor<br>Trial Date: February 18, 2025 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff hereby opposes Defendants' Motion in Limine No. 1 to preclude witnesses from testifying or opining about the cause of Mr. Zenka's mental status. Plaintiff does not intend to elicit testimony that the Defendant Officers knew for a fact that Mr. Zenka was mentally ill, that the Defendant Officers should have diagnosed Mr. Zenka with a mental illness, or that Mr. Zenka was ever diagnosed with any specific mental illness. However, there is ample evidence that Mr. Zenka was exhibiting signs and symptoms that would have made it apparent to a reasonable officer that he may have been suffering from a mental health crisis.  Under this set of facts, no expert witness is needed to opine as to whether Mr. Zenka was experiencing a mental health crisis, where the Defendant Officers had information that Mr. Zenka was cutting himself with a bread knife.  Importantly, police officers are trained to recognize whether a suspect's actions are consistent with experiencing a mental health crisis.  Evidence that Mr. Zenka may have been experiencing a mental health crisis or was emotionally disturbed is relevant to whether the Defendant Officers' uses of force and tactical conduct were reasonable, and whether Mr. Zenka appeared to be emotionally disturbed is a factor listed in the jury instruction on Plaintiff's excessive force claim.  Further, this information is not unduly prejudicial to Defendants.

### II.  ARGUMENT

Fourth Amendment claims for excessive force—as with claims for battery and negligent wrongful death under California law—depend on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2004) (battery); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013). Courts in the Ninth Circuit "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case, whether or not listed in *Graham*." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (internal quotations omitted). This includes considering "whether it should have been apparent to the [Defendant Officers] that the person they used force against was emotionally disturbed."

*Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021) (quoting *Glenn v. Washington Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011)); Ninth Circuit Model Jury Instruction 9.25; *see Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) ("'[W]hether the suspect has exhibited signs of mental illness is one of the factors the court will consider in assessing the reasonableness of the force used.'"). Where someone exhibits "indications of mental illness" a reasonable officer would recognize "the government's interest in using deadly force [i]s diminished." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1034 (9th Cir. 2018); *see Glenn*, 673 F.3d at 875; *Deorle v. Rutherford*, 272 F.3d 1272, 1283 (9th Cir. 2001).

In this case, the jury will be instructed on Ninth Circuit Manual of Model Jury Instruction No. 9.25 as to Plaintiff's excessive force claim. Under Instruction No. 9.25, "whether it should have been apparent to the officer[s] that the person [they] used force against was emotionally disturbed" is a factor that the jury must consider. Here, the jury will consider the Defendant Officers' testimonies that it appeared to them, based on Mr. Zenka's demeanor, that he was suffering from some type of mental illness and that Mr. Zenka might have been in some type of mental health crisis. (*See, e.g.*, Pinola Depo. 27:6-17 [Dkt. 48-4 at 18]). The jury will also consider the Defendant Officers' testimonies that they had some information that Mr. Zenka was cutting himself with a bread knife. Similarly, under CACI 441 and 1305B, the jury will be instructed to consider the "totality of the circumstances," including Mr. Zenka's conduct leading up to the uses of force, which would include his display of emotional disturbance.

Additionally, Plaintiff's police practices expert, Roger Clark, will testify at trial, consistent with his Rule 26 Report and his deposition testimony, that police officers are trained to identify symptoms indicating an individual may be suffering from a mental illness or mental health crisis, and, when encountering such individuals, should attempt to de-escalate the situation. This expert opinion is consistent with Peace Officer Standards and Training (POST) Learning Domain No. 37, and the Defendant Officers in this case are POST-certified officers. Mr. Clark should be permitted to testify that, based on his qualifications as a police practices expert and his review of the evidence, the Defendant Officers should have considered whether Mr. Zenka was exhibiting signs and symptoms of

an emotional disturbance and that, in Mr. Clark's opinion, the Defendant Officers failed to appropriately handle a situation involving a person who was mentally ill or experiencing a mental health crisis. Defendants' own police practices expert, Greg Meyer, also relied on POST Learning Domain No. 37 in making his opinions in this case.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion in Limine No. 1.

Dated: February 4, 2025                LAW OFFICES OF DALE K. GALIPO

                                       By:   /s/ Renee V. Masongsong
                                             Dale K. Galipo
                                             Renee V. Masongsong
                                             Benjamin S. Levine
                                             Attorneys for Plaintiff