SUSANA ALCALA WOOD, City Attorney (SBN 156366)
SEAN D. RICHMOND, Senior Deputy City Attorney (SBN 210138)
srichmond@cityofsacramento.org
KATE D.L. BROSSEAU, Deputy City Attorney (SBN 345596)
kbrosseau@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO, MICHAEL PINOLA; TRAVIS HUNKAPILLAR; RUVIM TSVEROV; ROBERT LINDNER; ANGEL ESPINOZA; JOSEPH SWALEH; JASON FINNICUM; and JOHN HELMICH

ROB BONTA, State Bar No. 202668
Attorney General of California
CHRISTINE E. GARSKE, State Bar No. 232879
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Diana.Esquivel@doj.ca.gov
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7320
Facsimile: (916) 322-8288

Attorneys for STATE OF CALIFORNIA, BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL, AND MICHAEL SIMPSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA; MICHAEL PINOLA; MICHAEL SIMPSON; TRAVIS HUNKAPILLAR; RUVIM TSVEROV; ROBERT LINDNER; ANGEL ESPINOZA; JOSEPH SWALEH; JASON FINNICUM; | Case No.:  2:21-cv-02075 DAD-CSK<br><br>DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF ANY FINDINGS BY ANY AGENCY |

and JOHN HELMICH,

Defendants.

I.

# INTRODUCTION

Plaintiff's Motion in Limine No. 4 seeks to broadly exclude the "findings of any agency" from evidence at trial. Defendants concede that the District Attorneys' findings and election not to pursue charges against the individual officer defendants are not relevant and do not intend to introduce such evidence. However, internal investigations by the Sacramento Police Department and California Highway Patrol are both probative and relevant. Accordingly, Plaintiff's motion in limine to exclude such evidence should be denied.

II.

# ARGUMENT

A.   Internal Affairs Findings are Relevant

Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence. Here, internal affairs investigations and findings by the Sacramento Police Department and California Highway Patrol are directly relevant to the Plaintiff's claims of excessive force, misconduct, and violation of civil rights as well as Defendants' defenses to those claims. Interviews of officers directly involved in the subject incident occurred proximate to the incident were part of the internal investigations and are all extremely relevant. Additionally, a review of the facts as a result of the investigation in relation to established polices of the SPD and CHP are also relevant. The findings provide insight into the behavior of the involved officers' behavior as well as their credibility, which are central issues in this case.

B.   The Probative Value of the Internal Affairs Investigations Outweighs Any Prejudicial Effect

Federal Rule of Evidence 403 allows for the exclusion of evidence only if its probative value is substantially outweighed by a danger of unfair prejudice. The internal affairs findings carry significant. The internal affairs investigations and findings carry significant probative

value because the investigation was into the actions of all involved officers and was done shortly after the incident when recollections were significantly fresher than years later. The probative value of this evidence far outweighs any potential prejudicial effect, especially given the gravity of Plaintiff's claims.

    C.   The Internal Investigations are Admissible Under FRE 803(8)

Plaintiff asserts that the internal affairs investigations constitute inadmissible hearsay. However, the internal affairs findings are admissible under Federal Rule of Evidence 803(8) as a public record. The findings were made by a governmental agency, namely the internal affairs divisions of SPD and CHP, and are a matter of public record. *United States v. Bernal*, 719 F. 2d 1475 (9th Cir. 1983); *United States v. Smith*, 924 F. 2d 889 (9th Cir. 1991). The findings are also reliable as they were made after an investigation and based on first-hand knowledge. *United States v. Licavoli*, 604 F. 2d 613 (9th Cir. 1979).

    D.   The Public Interest Favors Admissibility

There is a significant public interest in ensuring transparency and accountability in law enforcement. Excluding the internal affairs findings would hinder the pursuit of justice and the enforcement of civil rights protections. Allowing this evidence promotes the public interest in holding law enforcement accountable for their actions.

## III.
## CONCLUSION

For the foregoing reasons, Defendants jointly request that the Court deny Plaintiff's motion in limine to exclude evidence of internal affairs findings.

Respectfully submitted.

DATED: February 4, 2025            SUSANA ALCALA WOOD,
                                                  City Attorney

                                        By:   /s/ SEAN D. RICHMOND
                                                SEAN D. RICHMOND
                                                Senior Deputy City Attorney

                                                Attorneys for the
                                                CITY OF SACRAMENTO, MICHAEL
                                                PINOLA, MICHAEL SIMPSON; TRAVIS

HUNKAPILLAR, RUVIM TSVEROV, ROBERT LINDNER, ANGEL ESPINOZA, JOSEPH SWALEH, JASON FINNICUM. and JOHN HELMICH