1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,

Plaintiff,

vs.

CITY OF SACRAMENTO; STATE OF CALIFORNIA; MICHAEL PINOLA; MICHAEL SIMPSON; TRAVIS HUNKAPILLER; RUVMIN TSVEROV; ROBERT LINDNER; ANGEL ESPINOZA; JOSEPH SWALEH; JASON FINNICUM; and JOHN HELMICH,

Defendants.

Case No. 2:21-cv-02075-DAD-CSK

Assigned to:
*Honorable Dale A. Drozd*
*Honorable Chi Soo Kim*

**JOINT [PROPOSED] JURY INSTRUCTIONS**

Trial Date:  February 18, 2025
Time:        9:00 a.m.
Courtroom: 4
Judge:       Hon. Dale A. Drozd

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR**

**ATTORNEYS OF RECORD**:

  The Parties hereby submit their Joint Proposed Jury Instructions.

DATED:  February 6, 2025

          **LAW OFFICES OF DALE K. GALIPO**

         By: _____*/s/ Dale K. Galipo*_____
           Dale K. Galipo
           Renee V. Masongsong
           Benjamin S. Levine

ii

1

2

| **NUMBER** | **TITLE** | **SOURCE** | **PAGE** |
|---|---|---|---|
| 1. | Duty of Jury (Court Reads Instructions at the Beginning of Trial but Does Not Provide Written Copies) | 9th Cir. 1.3 | 1 |
| 2. | Outline of Trial | 9th Cir. 1.21 | 2 |
| 3. | Duty of Jury (Court Reads Instructions at End of Case) | 9th Cir. 1.4 | 3 |
| 4. | What is Evidence | 9th Cir. 1.9 | 4 |
| 5. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 5 |
| 6. | Credibility of Witness | 9th Cir. 1.14 | 6 |
| 7. | Deposition Testimony | 9th Cir 2.4 | 8 |
| 8. | Expert Opinion | 9th Cir. 2.13 | 9 |
| 9. | Evidence in Electronic Format | 9th Cir. 2.16 | 10 |
| 10. | Section 1983 Claim—Introductory Instruction | 9th Cir. 9.1 | 11 |
| 11. | Fourth Amendment Excessive Force—Failure to Intervene | 9th Cir. 9.2 | 12 |
| 12. | Battery by Peace Officer (Deadly Force) | CACI 1305B | 13 |
| 13. | Battery by Law Enforcement Officer (Nondeadly Force) | CACI 1305A | 15 |
| 14. | Causation: Substantial Factor | CACI 430 | 17 |
| 15. | Duty to Deliberate | 9th Cir. 3.1 | 18 |
| 16. | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2 | 19 |
| 17. | Communication with Court | 9th Cir. 3.3 | 21 |
| 18. | Taking Notes | 9th Cir. 1.18 | 22 |
| 19. | Return of Verdict | 9th Cir. 3.5 | 23 |

iii

**INSTRUCTION NUMBER 1**

**DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.3.

1

**INSTRUCTION NUMBER 2**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.21.

2

**INSTRUCTION NUMBER 3**

**DUTY OF JURY (COURT READS INSTRUCTIONS AT END OF CASE)**

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.  That is a matter entirely up to you.

**Authority**: Manual of Model Jury Instructions for the Ninth Circuit, 1.4.

3

**INSTRUCTION NUMBER 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.


**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.9.

4

# INSTRUCTION NUMBER 5
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.12.

5

**INSTRUCTION NUMBER 6**

**CREDIBILITY OF WITNESS**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

6

number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.14.

**INSTRUCTION NUMBER 7**

**DEPOSITION TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the sworn testimony of that person may be used at the trial.

The deposition of Jason Finnicum was taken on November 17, 2022.  Insofar as possible, you should consider sworn testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of any person reading the questions or answers.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.4.

## INSTRUCTION NUMBER 8
## EXPERT OPINION

You have heard testimony from experts Roger Clark and Greg Meyer, who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinions, and all the other evidence in the case.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.13.

9

## INSTRUCTION NUMBER 9
## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer will be available to you in the jury room.

A court technician will show you how to operate the computer and how to locate and view the exhibits on the computer. If you need additional equipment or supplies or if you have questions about how to operate the computer, you may send a note to the security officer, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the security officer present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.16.

1

**INSTRUCTION NUMBER 10**

2

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

3

Plaintiff brings some of her claims under the federal statute, 42 U.S.C.

4

§ 1983, which provides that any person or persons who, under color of state law,

5

deprives another of any rights, privileges, or immunities secured by the

6

Constitution or laws of the United States shall be liable to the injured party.

7

8

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 9.1.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NUMBER 11

## FOURTH AMENDMENT—EXCESSIVE FORCE—FAILURE TO INTERVENE

Plaintiff asserts each of the Defendant Officers failed to intervene in the use of excessive force against Jordan Zenka. Under the Fourth Amendment, police officers have a duty to intervene when their fellow officers violate the constitutional rights of a suspect or other citizen.

To prove her failure-to-intervene claim, Plaintiff must prove all of the following by a preponderance of the evidence:

1. At least one of the Defendant Officers used excessive force against Jordan Zenka;

2. The other Defendant Officer(s) knew or had reason to know of the constitutional violation;

3. The other Defendant Officer(s) had a realistic opportunity to intervene in the use of excessive force; and

4. The other Defendant Officer(s) failed to intervene in that fellow officer's use of excessive force.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 9.2.

12

**INSTRUCTION NUMBER 12**

**BATTERY BY PEACE OFFICER (DEADLY FORCE)**

A peace officer may use deadly force only when necessary in defense of human life.  Plaintiff claims that Defendants Michael Pinola and Michael Simpson unnecessarily used deadly force against decedent Jordan Zenka when they fatally shot him.  To establish a state law claim for "battery by a peace officer (deadly force)," Plaintiff must prove all of the following:

1.  That Defendants Michael Pinola and/or Michael Simpson used deadly force against decedent Jordan Zenka;

2.  That the use of deadly force by Defendants Michael Pinola and/or Michael Simpson was not necessary to defend human life;

3.  That decedent Jordan Zenka was harmed; and

4.  That the use of deadly force by Defendants Michael Pinola and/or Michael Simpson was a substantial factor in causing decedent Jordan Zenka's harm.

The use of deadly force by Defendants Michael Pinola and/or Michael Simpson was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by the Defendants Michael Pinola and/or Michael Simpson at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to the officers or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another

person.  An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Michael Pinola, Michael Simpson, and Jordan Zenka leading up to the use of deadly force.  In determining whether the use of deadly force by Defendants Michael Pinola and/or Michael Simpson was necessary in defense of human life, you must consider the officers' tactical conduct and decisions before using deadly force against Jordan Zenka and whether the officers used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so.  You must also consider whether Michael Pinola and/or Michael Simpson knew or had reason to know that Jordan Zenka was suffering from a physical, mental health, developmental, or intellectual disability that may have affected Mr. Zenka's ability to understand or comply with commands from the officers.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

**Authority:** CACI 1305B.

**INSTRUCTION NUMBER 13**

**BATTERY BY LAW ENFORCEMENT OFFICER (NONDEADLY FORCE)**

Plaintiff claims that Defendants Ruvmin Tsverov (taser), Robert Lindner (40 mm), Angel Espinoza (40 mm), John Helmich (40 mm), Jason Finnicum (beanbag shotgun), and Joseph Swaleh (beanbag shotgun) harmed Jordan Zenka by using unreasonable force to arrest him or to prevent him from escaping. To establish a state law claim for "battery by law enforcement officer (nondeadly force)," Plaintiff must prove all of the following:

1.      That Defendants Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh used force against decedent Jordan Zenka;

2.      That the use of force by Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh was unreasonable;

3.      That decedent Jordan Zenka did not consent to the use of that force;

4.      That decedent Jordan Zenka was harmed; and

5.      That the use of non-deadly force by Defendants Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh was a substantial factor in causing decedent Jordan Zenka's harm.

A police officer may use reasonable force, including non-deadly force, to arrest or prevent the escape of a person when the officer has reasonable cause to believe that the person has committed a crime.

In deciding whether Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh used unreasonable force, you must consider the totality of the circumstances to determine what amount of force a reasonable police officer in the position of Ruvmin Tsverov, Robert Lindner, Angel

15

Espinoza, John Helmich, Jason Finnicum, and Joseph Swaleh would have used under the same or similar circumstances.

"Totality of the circumstances" means all facts known to the officers at the time, including the conduct of Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh and Jordan Zenka leading up to the use of force. You should consider, among other factors, the following:

a)  Whether Jordan Zenka reasonably appeared to pose an immediate threat to the safety of Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh or others;

b)  The seriousness of the crime at issue; and

c)  Whether Jordan Zenka was actively resisting arrest or attempting to evade arrest.

**Authority:** CACI 1305A.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 14**

**CAUSATION: SUBSTANTIAL FACTOR**

Under California law, a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**Authority:** CACI 430.

## INSTRUCTION NUMBER 15
## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 3.1.

**INSTRUCTION NUMBER 16**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, X (formerly called Twitter), Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media,

1    turn away and report it to me as soon as possible.

2        These rules protect each party's right to have this case decided only on

3    evidence

4    that has been presented here in court.  Witnesses here in court take an oath to tell

5    the truth, and the accuracy of their testimony is tested through the trial process.  If

6    you do any research or investigation outside the courtroom, or gain any information

7    through improper communications, then your verdict may be influenced by

8    inaccurate, incomplete, or misleading information that has not been tested by the

9    trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if

10   you decide the case based on information not presented in court, you will have

11   denied the parties a fair trial.  Remember, you have taken an oath to follow the

12   rules, and it is very important that you follow these rules.

13       A juror who violates these restrictions jeopardizes the fairness of these

14   proceedings.  If any juror is exposed to any outside information, please notify the

15   court immediately.

16

17   **Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 3.2.

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 17**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom security officer, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court— how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 3.3.

**INSTRUCTION NUMBER 18**

**TAKING NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.18.

# INSTRUCTION NUMBER 19
## RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom security officer that you are ready to return to the courtroom.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 3.5.