1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo (SBN 144074)
2  E-mail: dalekgalipo@yahoo.com
   Renee V. Masongsong (SBN 281819)
3  rvalentine@galipolaw.com
   Benjamin S. Levine (SBN 342060)
4  blevine@galipolaw.com
   21800 Burbank Blvd., Suite 310
5  Woodland Hills, CA 91367
   Tel: (818) 347-3333
6  Fax: (818) 347-4118

7  *Attorneys for Plaintiff*

8

9                    **UNITED STATES DISTRICT COURT**

10           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12

13  MARY ELLEN LENNOX, individually        Case No. 2:21-cv-02075-DAD-KJN
14  and as successor in interest to decedent
    Jordan Zenka,                          Assigned to:
15                                          *Honorable Dale A. Drozd*
16                 Plaintiff,               *Honorable Kendall J. Newman*

17        vs.                              **PLAINTIFF'S [PROPOSED] DISPUTED**
18                                         **JURY INSTRUCTIONS**
    CITY OF SACRAMENTO; STATE OF
19  CALIFORNIA; MICHAEL PINOLA;            Trial Date:  February 18, 2025
    MICHAEL SIMPSON; TRAVIS               Time:        9:00 a.m.
20  HUNKAPILLER; RUVMIN                    Courtroom:   4
    TSVEROV; ROBERT LINDNER;              Judge:       Hon. Dale A. Drozd
21  ANGEL ESPINOZA; JOSEPH
    SWALEH; JASON FINNICUM; and
22  JOHN HELMICH,
23
    Defendants.
24

25

26

27

28

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR**

**ATTORNEYS OF RECORD**:

Plaintiff hereby submits her Proposed Disputed Jury Instructions.

DATED:  February 6, 2025

                                        **LAW OFFICES OF DALE K. GALIPO**

                                        By: ___*/s/ Dale K. Galipo*_____
                                             Dale K. Galipo
                                             Renee V. Masongsong
                                             Benjamin S. Levine

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1. | Claims and Defenses | Ninth Cir. 1.5 | 1 |
| 2. | Burden of Proof—Preponderance of the Evidence | Ninth Cir. 1.6 | 2 |
| 3. | What is Not Evidence | Ninth Cir. 1.10 | 3 |
| 4. | Fourth Amendment—Excessive Force | Ninth Cir. 9.25 | 4 |
| 5. | Fourth Amendment—Excessive Force—Integral Participation | Ninth Cir. 9.2 | 6 |
| 6. | Fourteenth Amendment—Substantive Due Process—Interference with Parent/Child Relationship | Ninth Cir. 9.32 | 7 |
| 7. | Section 1983 Claim Against Supervisory Defendant in Individual Capacity—Elements and Burden of Proof | Ninth Cir. 9.4 | 8 |
| 8. | Negligent Use of Nondeadly Force by Law Enforcement Officer | CACI 440 | 10 |
| 9. | Negligent Use of Deadly Force by Peace Officer | CACI 441 | 12 |

| No. | Title | Source | Page |
|---|---|---|---|
| 10. | Bane Act | *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)). | 14 |
| 11. | Causation: Multiple Causes | CACI 431 | 15 |
| 12. | Causation: Alternative Causation | CACI 434 | 16 |
| 13. | Vicarious Liability | CACI 3700 | 17 |
| 14. | Damages | Ninth Cir. 5.1, 5.2 | 18 |
| 15. | Punitive Damages—Predicate Question | Ninth Cir. 5.5 | 19 |

1

2

**INSTRUCTION NUMBER 1**

**CLAIMS AND DEFENSES**

3

4

  To help you follow the evidence, I will give you a brief summary of the position of the parties:

5

6

7

8

9

10

11

12

13

14

15

  Plaintiff Mary Ellen Lennox asserts that City of Sacramento Police Department Officer Michael Pinola and California Highway Patrol Officer Michael Simpson used excessive and unreasonable deadly force when they shot Plaintiff's son, Jordan Zenka. Plaintiff also asserts that City of Sacramento Police Department Officers Ruvim Tsverov, Joseph Swaleh, Jason Finnicum, John Helmich, Robert Lindner, and Angel Espinoza used excessive and unreasonable less-lethal force against Mr. Zenka during this incident, and that City of Sacramento Police Department Sergeant Travis Hunkapiller is liable as a supervisor.  Plaintiff further asserts that each of the Defendant Officers were negligent in their conduct, including in their uses of force against Mr. Zenka and in their tactical conduct prior to using force.

16

17

  The defendants deny these claims and contend that the Defendant Officers' uses of force were reasonable under the circumstances.

18

19

20

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.5 (modified).

21

22

23

24

25

26

27

28

1

# INSTRUCTION NUMBER 2

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.6.

# INSTRUCTION NUMBER 3
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.10.

3

**INSTRUCTION NUMBER 4**

**FOURTH AMENDMENT — EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in attempting to stop a fleeing or escaping suspect.  Therefore, to establish an unreasonable seizure in this case, Plaintiff must prove by a preponderance of the evidence that the Defendant Officers used excessive force.  You will decide this as to each officer individually.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the Defendant Officers used excessive force in this case, consider all of the circumstances known to the Defendant Officers on the scene, including:

1.    the nature of the crime or other circumstances known to the Defendant Officers at the time force was applied;

2.    as to the lethal shots fired by Defendants Michael Simpson and Michael Pinola, whether decedent Jordan Zenka posed an immediate threat of death or serious bodily injury to the Defendant Officers or to others; as to the less-lethal force used by Defendants Ruvmin Tsverov (taser), Robert Lindner (40 mm), Angel Espinoza (40 mm), John Helmich (40 mm), Jason Finnicum (beanbag shotgun), and Joseph Swaleh (beanbag shotgun), whether decedent Jordan Zenka posed an immediate threat to the safety of the Defendant Officers or others;

4

3.    whether decedent Jordan Zenka was actively resisting arrest or attempting to evade arrest by flight;

4.    the amount of time the Defendant Officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.    the relationship between the need for the use of force and the amount of force used;

6.    the extent of decedent Jordan Zenka's injuries;

7.    any effort made by the Defendant Officers to temper or to limit the amount of force;

8.    the severity of the security problem at issue;

9.    the availability of alternative methods to take decedent Jordan Zenka into custody or subdue decedent Jordan Zenka;

10.    the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

11.    whether it was practical for the Defendant Officers to give warning of the imminent use of force, and whether such warning was given;

12.    whether it should have been apparent to the Defendant Officers that Jordan Zenka was emotionally disturbed

13.    whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

14.    whether there was probable cause for a reasonable officer to believe that Jordan Zenka had committed a crime involving the infliction or threatened infliction of serious physical harm to a person other than himself.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 9.25.

5

1
2
3

**INSTRUCTION NUMBER 5**

**FOURTH AMENDMENT—EXCESSIVE FORCE—INTEGRAL
PARTICIPATION**

4       Plaintiff asserts each of the Defendant Officers integrally participated in the
5   use of excessive force against Jordan Zenka.  An officer's whose individual actions
6   do not rise to the level of a constitutional violation may be held liable under Section
7   1983 if the official is an 'integral participant' in the unlawful act.   To prove her
8   integral participation claim, Plaintiff must prove one of the following by a
9   preponderance of the evidence:

10       (1) the defendant knew about and acquiesced in the constitutionally defective
11           conduct as part of a common plan with those whose conduct constituted
12           the violation,
13           *or*
14       (2) the defendant set in motion a series of acts by others which the defendant
15           knew or reasonably should have known would cause others to inflict the
16           constitutional injury.

17
18   **Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 9.2

19
20
21
22
23
24
25
26
27
28

6

1
2
3

**INSTRUCTION NUMBER 6**

**FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS –**

**INTERFERENCE WITH PARENT/CHILD RELATIONSHIP**

4
5
6

Plaintiff claims that the Defendant Officers deprived her of her right under the Fourteenth Amendment to be free from unlawful state interference with her familial relationship with her son, Jordan Zenka.

7
8
9
10
11
12
13
14
15
16

In order to prove that the Defendant Officers deprived Plaintiff of her Fourteenth Amendment right to be free from unreasonable state interference with her relationship with Jordan Zenka, Plaintiff must prove that at least one of the Defendant Officers acted with deliberate indifference when he used force against Jordan Zenka. Deliberate indifference is reflected by a conscious disregard of a risk to the decedent's health or safety. However, if you find that it was impracticable for the Defendant Officers to deliberate before they used force against Jordan Zenka, then as to that particular Defendant Officer, Plaintiff must instead prove that the Defendant Officers acted with a purpose to harm Jordan Zenka that was unrelated to a legitimate law enforcement objective.

17
18

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 9.32.

19
20
21
22
23
24
25
26
27
28

7

# INSTRUCTION NUMBER 7

## SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on Plaintiff's § 1983 claim against the supervisory defendant, Travis Hunkapiller, Plaintiff must prove each of the following elements in only one of the below groups by a preponderance of the evidence:

1.    Defendant Travis Hunkapiller acted under color of state law;

2.    The acts and failures to act of the supervisory defendant's subordinates,  Michael Pinola, Michael Simpson, Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh deprived Jordan Zenka of particular rights under the United States Constitution as explained in later instructions;

3.    Defendant Travis Hunkapiller directed subordinates in the acts and failures to act that deprived Jordan Zenka of these rights;

*or*

Travis Hunkapiller set in motion a series of acts by subordinates, or knowingly refused to terminate a series of acts by subordinates, that Travis Hunkapiller knew or reasonably should have known would cause the subordinates to deprive Jordan Zenka of these rights;

*or*

1.    Travis Hunkapiller knew that the subordinates were engaging in these acts and knew or reasonably should have known that the subordinates' conduct would deprive Jordan Zenka of these rights; and

2.    Travis Hunkapiller failed to act to prevent the subordinates from engaging in such conduct;

*or*

Travis Hunkapiller engaged in conduct that showed a reckless or callous

8

indifference to the deprivation by the subordinate of the rights of others; *and*

1.      Travis Hunkapiller's conduct was so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Travis Hunkapiller acted under color of state law.

If you find Plaintiff has proved each of these elements, your verdict should be for Plaintiff on this claim as to Defendant Hunkapiller. If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements, your verdict should be for Defendant Hunkapiller on this claim.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 9.4.

1

2

3

**INSTRUCTION NUMBER 8**

**NEGLIGENT USE OF NONDEADLY FORCE BY LAW ENFORCEMENT OFFICER**

A law enforcement officer may use reasonable force to arrest/detain or prevent escape of a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force necessary to arrest/detain or prevent escape of the person.

Plaintiff claims that Defendants Ruvmin Tsverov (taser), Robert Lindner (40 mm), Angel Espinoza (40 mm), John Helmich (40 mm), Jason Finnicum (beanbag shotgun), and Joseph Swaleh (beanbag shotgun) were negligent in using unreasonable force against Jordan Zenka, and that Travis Hunkapiller was negligent in supervising and directing the Defendant Officers. You will decide this claim as to each officer individually. To establish this claim, Plaintiff must prove all of the following:

1. That Defendants Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh used force against Jordan Zenka

2. That the amount of force used by Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh was unreasonable;

3. That Jordan Zenka was harmed; and

4. That the use of unreasonable force by Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh was a substantial factor in causing Jordan Zenka's harm.

In deciding whether Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh used unreasonable force, you must consider the totality of the circumstances to determine what amount of force a reasonable police officer in the position of Ruvmin Tsverov, Robert Lindner, Angel

Espinoza, John Helmich, Jason Finnicum, and Joseph Swaleh would have used under the same or similar circumstances.

"Totality of the circumstances" means all facts known to the officers at the time, including the conduct of Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh and Jordan Zenka leading up to the use of force. Among the factors to be considered are the following:

a) Whether Jordan Zenka reasonably appeared to pose an immediate threat to the safety of Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh or others;

b) The seriousness of the crime at issue;

c) Whether Jordan Zenka was actively resisting arrest or attempting to avoid arrest by flight; and

d) The tactical conduct and decisions of Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and Joseph Swaleh before using force on Jordan Zenka.

**Authority:** CACI 440.

**INSTRUCTION NUMBER 9**

**CACI 441—NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER**

Under California law, a peace officer may use deadly force only when necessary in defense of human life.  Plaintiff asserts a state law claim for "negligent use of deadly force by a peace officer," on behalf of decedent Jordan Zenka, claiming that Michael Simpson and Michael Pinola were negligent in using deadly force to arrest decedent Jordan Zenka or to prevent his escape.  To establish this claim, Plaintiff must prove all of the following:

1.    That Michael Simpson and Michael Pinola were peace officers;

2.    That Michael Simpson and Michael Pinola used deadly force against decedent Jordan Zenka;

3.    That the use of deadly force by Michael Simpson and/or Michael Pinola was not necessary to defend human life;

4.    That decedent Jordan Zenka was harmed; and

5.    That the use of deadly force by Michael Simpson and/or Michael Pinola was a substantial factor in causing decedent Jordan Zenka's harm.

The use of deadly force by Michael Simpson and/or Michael Pinola was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Michael Simpson and/or Michael Pinola was at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to the officers or others.

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves (here, Jordan Zenka), if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury.

12

1    A threat of death or serious bodily injury is "imminent" if, based on the

2  totality of the circumstances, a reasonable officer in the same situation would

3  believe that a person has the present ability, opportunity, and apparent intent to

4  immediately cause death or serious bodily injury to the peace officer or to another

5  person.  An imminent harm is not merely a fear of future harm, no matter how great

6  the fear and no matter how great the likelihood of the harm, but is one that, from

7  appearances, must be instantly confronted and addressed.

8    "Totality of the circumstances" means all facts known to or perceived by the

9  peace officer at the time, including the conduct of the officers and decedent Jordan

10  Zenka leading up to the use of deadly force.  In determining whether the use of

11  deadly force by Michael Simpson and/or Michael Pinola was necessary in defense

12  of human life, you must consider the Defendant Officers' tactical conduct and

13  decisions before using deadly force on decedent Jordan Zenka and whether the

14  Defendant Officers used other available resources and techniques as alternatives to

15  deadly force, if it was reasonably safe and feasible to an objectively reasonable

16  officer.

17

18  **Authority:** CACI 441.

13

**INSTRUCTION NUMBER 10**

**BANE ACT**

Plaintiff claims that the Defendant Officers intentionally interfered with Jordan Zenka's constitutional right to be free from excessive force under state law by using excessive force against him.

To establish this claim, Plaintiff must prove the following:

1. At least one of the Defendant Officers used excessive force against Mr. Zenka.

2. At least one of the Defendant Officers intended to violate Mr. Zenka's constitutional rights, which can be demonstrated by a reckless disregard for Mr. Zenka's constitutional right to be free from excessive force.

3. The use of excessive force caused Mr. Zenka's harm, injuries, or death.

If you find that Plaintiff has proved each of these elements by a preponderance of the evidence, then your verdict should be for Plaintiff on that claim.

**Authority:** *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

**INSTRUCTION NUMBER 11**

**CAUSATION: MULTIPLE CAUSES**

A person's conduct may combine with another factor to cause harm.  If you find that the Defendant Officers' conduct was a substantial factor in causing decedent Jordan Zenka's harm, then the Defendant Officers are responsible for the harm.  The Defendant Officers cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing decedent Jordan Zenka's harm.

**Authority:** CACI 431.

1

**INSTRUCTION NUMBER 12**

2

**CAUSATION: ALTERNATIVE CAUSATION**

3      You may decide that more than one of the Defendant Officers was negligent,

4  but that the negligence of only one of them could have actually caused Jordan

5  Zenka's harm. If you cannot decide which Defendant Officer caused Jordan

6  Zenka's harm, you must decide that each of the Defendant Officers is responsible

7  for the harm.

8      However, if a defendant proves that he did not cause Jordan Zenka's harm,

9  then you must conclude that defendant is not responsible.

10

11  **Authority:** CACI 434.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

# INSTRUCTION NUMBER 13
## VICARIOUS LIABILITY

As to  the battery, negligence and Bane Act claims, the State of California by and through the California Highway Patrol is responsible for harm caused by the wrongful conduct of Michael Simpson while acting within the scope of his employment.

Also as to  the battery, negligence and Bane Act claims, the City of Sacramento by and through its police department is responsible for harm caused by the wrongful conduct of Travis Hunkapiller, Michael Pinola, Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and Joseph Swaleh while acting within the scope of their employment.

The parties have stipulated that Michael Simpson was acting within the scope of his employment with the State of California by and through the California Highway Patrol at the time of the incident.

The parties have stipulated that Travis Hunkapiller, Michael Pinola, Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and Joseph Swaleh were acting within the scope of their employment with the City of Sacramento by and through its police department at the time of the incident.

**Authority:** CACI 3700.

17

# INSTRUCTION NUMBER 14

## DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on any of her claims, you must determine the Plaintiff's respective damages.  The Plaintiff has the burden of proving her respective damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff or Jordan Zenka for any injury you find was caused by the Defendants.

You should consider the following as to Jordan Zenka's damages:

1.    The nature and extent of his injuries;

2.    The loss of life and loss of enjoyment of life; and

3.    The mental, physical, and emotional pain and suffering experienced prior to death.

You should consider the following as to the damages for Plaintiff:

1.    The loss of her son Jordan Zenka's love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and

2.    Funeral and burial expenses.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 5.1, 5.2.

18

**INSTRUCTION NUMBER 15**

**PUNITIVE DAMAGES—PREDICATE QUESTION**

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the decedent.  Conduct is in reckless disregard of the decedent's rights if, under the circumstances, it reflects complete indifference to the decedent's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the decedent's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the decedent's rights with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the decedent.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 5.5.

19