1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  NORMAN D. MORRISON, State Bar No. 212090
   Supervising Deputy Attorney General
3  DIANA ESQUIVEL, State Bar No. 202954
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-7320
6    Facsimile:  (916) 322-8288
     E-mail:  Diana.Esquivel@doj.ca.gov
7  *Attorneys for Defendants State of California, by and through the*
   *California Highway Patrol, and Michael Simpson*
8
   SUSANA ALCALA WOOD, City Attorney (SBN 156366)
9  SEAN D. RICHMOND, Senior Deputy Attorney (SBN 210138)
   srichmond@cityofsacramento.org
10 KATE D.L. BROSSEAU, Deputy City Attorney (SBN 345596)
   kbrosseau@cityofsacramento.org
11 CITY OF SACRAMENTO
   915 I Street, Room 4010
12 Sacramento, CA  95814-2608
   Telephone:  (916) 808-5346
13 Facsimile:  (916) 808-7455
   *Attorneys for Defendants the City of Sacramento, Michael Pinola,*
14 *Travis Hunkapiller, Ruvim Tsverov, Robert Lindner, Angel*
   *Espinoza, Joseph Swaleh, Jason Finnecum, and John Helmich*
15

16              IN THE UNITED STATES DISTRICT COURT

17            FOR THE EASTERN DISTRICT OF CALIFORNIA

18                      SACRAMENTO DIVISION

19

20 **MARY ELLEN LENNOX,**                 No. 2:21-cv-02075-DAD-CSK

21                          Plaintiff,    **DEFENDANTS' JOINT PROPOSED**
                                          **JURY INSTRUCTIONS**
22      **v.**
                                          Date:       February 18, 2025
23                                        Time:       9:00 a.m.
   **CITY OF SACRAMENTO, et al.,**        Courtroom:  4 (15th Floor)
24                                        Judge:      Honorable Dale A. Drozd
                          Defendants.     Action Filed:  August 26, 2021
25

26 / / /

27 / / /

28

1    Defendants jointly submit the following proposed separate jury instructions for use at trial

2    of this matter.

3    Dated:  February 6, 2025                    Respectfully submitted,

4
                                                 ROB BONTA
5                                                Attorney General of California
                                                 NORMAN D. MORRISON
6                                                Supervising Deputy Attorney General

7                                                */s/ Diana Esquivel*
    SA2021305171
8    38760299.docx                               DIANA ESQUIVEL
                                                 Deputy Attorney General
9                                                *Attorneys for Defendants State of Cal. and*
                                                 *Simpson*

10   Dated:  February 6, 2025                    SUSANA ALCALA WOOD,
                                                 City Attorney
11

12                                               */s/ Kate D.L. Brosseau* (as authorized 2/6/25)

13
                                                 KATE D.L. BROSSEAU
14                                               Deputy City Attorney
                                                 *Attorneys for Defendants the City of*
15                                               *Sacramento, Michael Pinola, Travis*
                                                 *Hunkapiller, Ruvim Tsverov, Robert Lindner,*
16                                               *Angel Espinoza, Joseph Swaleh, Jason*
                                                 *Finnecum, and John Helmich*
17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

No. 1: Claims and Defenses ................................................................................................ 1

No. 2: Burden of Proof—Preponderance of the Evidence .............................................. 2

No. 3: Two or More Parties—Different Legal Rights .................................................... 3

No. 4: What is Not Evidence ............................................................................................. 4

No. 5: Evidence for a Limited Purpose ........................................................................... 5

No. 6: Ruling on Objections ............................................................................................. 6

No. 7: Stipulation of Facts ............................................................................................... 7

No. 8: Charts and Summaries Not Received in Evidence .............................................. 8

No. 9: Section 1983 Claim Against Defendant in Individual Capacity—Elements and
        Burden of Proof ..................................................................................................... 9

No. 10: Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—
        Excessive Force ................................................................................................... 10

No. 11: Section 1983 Claim Against Supervisory Defendant in Individual Capacity—
        Elements and Burden of Proof ........................................................................... 13

No. 12: Particular Right—Fourteenth Amendment—Due Process—Interference with
        Parent/Child Relationship .................................................................................. 15

No. 13: 1983 Claim--Causation ....................................................................................... 17

No. 14: Negligent Use of Non-Deadly Force by Law Enforcement Officer ............... 18

No. 15: Negligent Use of Deadly Force by Peace Officer ........................................... 20

No. 16: Police Officers Forced to Make Split-Second Judgments............................... 22

No. 17: Least Intrusive Means Not Required.................................................................. 23

No. 18: Officers Not Required to Wait ........................................................................... 24

No. 19: Officers Not Required to Retreat ...................................................................... 25

No. 20: Officers Can Act Based on Apparent Danger ................................................. 26

No. 21: Determination of Reasonableness—At Moment of Use of Force ................... 27

No. 21: "Pre-Shooting Conduct" Does Not Negate Reasonableness of Use of Force................ 28

No. 22: Willful Resistance, Delay, or Obstruction of a Peace Officer ........................ 29

No. 23: Exert opinion concerning use of force .............................................................. 30

No. 24: Self-Defense/Defense of Others........................................................................ 31

No. 25: Duty to Refrain From Using Force/Weapon to Resist Arrest ......................... 32

No. 26: Reasonable Force (State Law) ........................................................................... 33

No. 27: Deference to Officers ......................................................................................... 34

No. 28: Police Officer Entitled to Use Greater Force .................................................. 35

No. 29: Federal Standard Applies to California Use-Of-Force Claims ....................... 36

No. 30: Bane Act—Essential Factual Elements............................................................. 37

i

1

## TABLE OF CONTENTS
(continued)

2

**Page**

3    No. 31: Causation: Multiple Causes ................................................................... 38

4    No. 32: Apportionment of Responsibility ........................................................... 39

     No. 33: Comparative Fault of Decedent ............................................................. 40

5    No. 34: Enforcement/Execution of Law ............................................................. 41

6    No. 35: Resisting Arrest .................................................................................... 42

7    No. 36: Justifiable Homicide ............................................................................ 43

     No. 37: Exercise of Discretion .......................................................................... 44

8    No. 38: Reliance on Good conduct of Others ..................................................... 45

9    No. 39: Damages—Proof and Measures of Types of Damages ............................ 46

10   No. 40: Nominal Damages ................................................................................ 47

     No. 41: Wrongful Death (Death of An Adult) and Survival Damages .................. 48

11   No. 42: Punitive Damages ................................................................................ 50

12   No. 43: Highly Probable—Clear and Convincing Proof ...................................... 53

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO. 1: CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Mary Lennox asserts that officers from the Sacramento Police Department and California Highway Patrol used excessive and unreasonable force against her son, Jordan Zenka, when they encountered him in a grocery store holding a knife, resulting in Mr. Zenka's death. Plaintiff also asserts that the Defendants are liable for their uses of force and for their tactical conduct prior to using force.

Defendants deny those claims and contend that the uses of force against Mr. Zenka were reasonable and justified because Mr. Zenka failed to drop the knife he held in his hand before, during the defendants' use of force, and while he suffered from severe, self-inflicted knife wounds.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:     Model Jury Instructions for the Ninth Circuit, 1.5 (2017)

1

1

**NO. 2: BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

2      When a party has the burden of proof on any claim or affirmative defense by a

3  preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

4  affirmative defense is more probably true than not true.

5      You should base your decision on all of the evidence, regardless of which party presented

6  it.

7

8                                          _____
                                           UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16  GIVEN:
    GIVEN AS MODIFIED:
17  WITHDRAWN:
    REFUSED:
18  AUTHORITY:    Model Jury Instructions for the Ninth Circuit, 1.6 (2017)

19

20

21

22

23

24

25

26

27

28

2

**NO. 3: TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:     Model Jury Instructions for the Ninth Circuit, 1.8 (2017)

3

# NO. 4: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    Model Jury Instructions for the Ninth Circuit, 1.10 (2017)

4

1

**NO. 5: EVIDENCE FOR A LIMITED PURPOSE**

2

Some evidence *was* admitted only for a limited purpose.

3

When I instruc*ted* you that an item of evidence has been admitted for a limited purpose, you

4

must consider it only for that limited purpose and not for any other purpose.

5

6

_____
UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

GIVEN:
GIVEN AS MODIFIED:

15

WITHDRAWN:
REFUSED:

16

AUTHORITY: Model Jury Instructions for the Ninth Circuit, 1.11 (2017)
                        (modifications italicized)

17

18

19

20

21

22

23

24

25

26

27

28

5

# NO. 6: RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrul*ed* the objection, the question *was* answered or the exhibit received. If I sustain*ed* the objection, the question *was not* answered, and the exhibit *was not* received. Whenever I sustain*ed* an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I order*ed* that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are *deliberating*, you must not consider the stricken evidence for any purpose.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Model Jury Instructions for the Ninth Circuit, 1.13 (2017)
                    (modifications italicized)

6

**NO. 7: STIPULATION OF FACTS**

The parties have agreed *that certain facts are undisputed. These facts have been placed in evidence as Joint Exhibit JX-37*. You must therefore treat these facts as having been proved.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Model Jury Instructions for the Ninth Circuit, 2.2 (2017)
                    (modifications italicized)

7

**NO. 8: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts, summaries, and *illustrations* not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts, summaries, and *illustrations* are only as good as the underlying evidence that support them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

 

 

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY: Model Jury Instructions for the Ninth Circuit, 2.14 (2017)
             (modifications italicized)

State Defs.' Proposed Jury Instructions  (2:21-cv-02075-DAD-CSK)

**NO. 9: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY— ELEMENTS AND BURDEN OF PROOF**

In order to prevail on a § 1983 claim against *each* Defendant Officer, Plaintiff Mary Lennox must prove each of the following elements by a preponderance of the evidence:

1.    The Defendant Officer acted under color of state law;

2.    The *conduct* of the Defendant Officer deprived *decedent Jordan Zenka* of his particular rights under the United States Constitution as explained in later instructions; and

3.    The Defendant Officer's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that each Defendant Officer acted under color of *[]* law.

The Defendant Officer's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements she is required to prove under the next instructions for her Fourth and Fourteenth Amendment claims, your verdict should be for the Plaintiff. If, on the other hand, you find that the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendant *on that claim as it pertains to each Defendant Officer*.


_____
UNITED STATES DISTRICT JUDGE

/ / /

/ / /

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    Model Jury Instructions for the Ninth Circuit, 9.3 (2017, rev. 11/2024) (modifications italicized)

9

**NO. 10: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others or in attempting to stop a fleeing or escaping suspect. Therefore, to establish an unreasonable seizure in this case, the Plaintiff must prove by a preponderance of the evidence that *each* officer used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the Defendant Officer used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

(1) the nature of the crime or other circumstances known to the officers at the time force was applied;

(2) whether the decedent Jordan Zenka posed an immediate threat to the safety of the officers or to others;

(3) whether Mr. Zenka was actively resisting arrest or attempting to evade arrest by flight;]

(4) the amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) the extent of Mr. Zenka's injury;

(7) any effort made by the officers to temper or to limit the amount of force;

(8) the severity of the security problem at issue;

(9) the availability of alternative methods to take Mr. Zenka into custody to subdue him;

1    (10) the number of lives at risk (motorists, pedestrians, police officers) and the parties'

2    relative culpability; i.e., which party created the dangerous situation, and which party is more

3    innocent;

4    (11) whether it was practical for the officers to give warning of the imminent use of force,

5    and whether such warning was given;

6    [*(12) omitted—not applicable*]

7    (12) whether it should have been apparent to the officers that Mr. Zenka was emotionally

8    disturbed;

9    (13) whether a reasonable officer would have or should have accurately perceived a

10    mistaken fact; and

11    (14) whether there was probable cause for a reasonable officer to believe that the suspect

12    had committed a crime involving the infliction or threatened infliction of serious physical harm.

13    *The most important factor is "whether the suspect posed an immediate threat to the safety*

14    *of the officers or others." Where deadly force is used, the officer need only have "probable cause*

15    *to believe that the suspect poses a significant threat of death or serious physical injury."*

16    "Probable cause" exists when, under all of the circumstances known to the officers at the time, an

17    objectively reasonable police officer would conclude there is a fair probability that decedent

18    Zenka ha*d* committed or was committing a crime.

19    *These same factors guide the determination of whether Defendant Officers' use of force*

20    *was reasonable under the "Battery by Peace Officer" and "Negligence in Use of Force under*

21    *California Law" instructions, which will follow.*

22

23    _____
      UNITED STATES DISTRICT JUDGE

24

25    GIVEN:
      GIVEN AS MODIFIED:

26    WITHDRAWN:
      REFUSED:

27    AUTHORITY:    Model Jury Instructions for the Ninth Circuit, 9.25 and Comment (2017, rev.
                    11/2024) (modifications italicized)

28

11

1

*Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2011);

2

*Hayes v. County of San Diego*, 57 Cal. 4th 622, 637-639 (2013)

*Gonzalez v. County of Los Angeles*, No. 2:18-CV-09117-ODW-ASX, 2021 WL

3

2224262, at *12 (C.D. Cal. June 2, 2021)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO. 11: SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on Plaintiff's § 1983 claim against the supervisory Defendant, Travis Hunkapiller, Plaintiff must prove each of the following elements in only one of the below groups by a preponderance of the evidence:

1.    Defendant Travis Hunkapiller acted under color of state law;

2.    The acts and failures to act of the supervisory defendant's subordinates, Michael Pinola, , Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh, deprived decedent Jordan Zenka of particular rights under the United States Constitution, as explained in later instructions; and

3.    Defendant Travis Hunkapiller directed subordinates in the acts and failures to act that deprived Mr. Zenka of these rights;

or

Defendant Travis Hunkapiller either:

1.    set in motion a series of acts by subordinates; or

2.    knowingly refused to terminate a series of acts by subordinates; that

3.    Travis Hunkapiller knew, or reasonably should have known, would cause the subordinates to deprive Mr. Zenka of particular rights under the United States Constitution, as explained in later instructions;

or

Travis Hunkapiller knew that:

1.    the subordinates were engaging in a series of acts; and

2.     knew or reasonably should have known that the subordinates' conduct would deprive Mr. Zenka of particular rights under the United States Constitution, as explained in later instructions; and

3.    Travis Hunkapiller failed to act to prevent the subordinates from engaging in such conduct;

13

1   or

2       Travis Hunkapiller engaged in conduct that:

3           1.      showed a reckless or callous indifference to the deprivation of the particular

4   rights of others, under the United States Constitution, as explained in later instructions conducted

5   by the subordinates; and

6           2.      Travis Hunkapiller's conduct was so closely related to the deprivation of the

7   particular rights of others as to be the moving force that caused the ultimate injury.

8       A person acts "under color of state law" when the person acts or purports to act in the

9   performance of official duties under any state, county, or municipal law, ordinance or regulation.

10  The parties have stipulated that Travis Hunkapiller acted under color of state law.

11      If you find Plaintiff has proved each of these elements, your verdict should be for Plaintiff

12  on this claim only as to Defendant Hunkapiller. If, on the other hand, you find that Plaintiff has

13  failed to prove any one or more of these elements, your verdict should be for Defendant

14  Hunkapiller on this claim.

15

16                                          _____
                                            UNITED STATES DISTRICT JUDGE

17

18

19

20

21  GIVEN:
    GIVEN AS MODIFIED:
22  WITHDRAWN:
    REFUSED:
23  AUTHORITY:    Model Jury Instructions for the Ninth Circuit, 9.2 Comment (2017, rev.
                            11/2024)
24

25

26

27

28

### NO. 12: PARTICULAR RIGHT—FOURTEENTH AMENDMENT—DUE PROCESS—INTERFERENCE WITH PARENT/CHILD RELATIONSHIP

Plaintiff alleges that the Defendant Officers' conduct deprived her of the right to familial relations with decedent Jordan Zenka under the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment applies where government officials make deliberate decisions, or act with deliberate indifference, to deprive a person of life, liberty, or property, and where this abuse of power shocks the conscience. Parents and children have a substantive liberty interest in the familial companionship, including the society, comfort, and support, that is present in the parent-child relationship.

To prove her Fourteenth Amendment claim against the Defendant Officers, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     The officer acted with a purpose to harm Mr. Zenka for reasons unrelated to legitimate law enforcement objectives, or the officer acted with deliberate indifference to Mr. Zenka; and

2.     The officer's conduct caused harm to Mr. Zenka.

Which standard in paragraph 1 applies turns on whether the officers had time to deliberate their conduct. If the encounter at issue escalated so quickly that the officer had to make a snap judgment, such that actual deliberation was not practical, the Plaintiff must show the officer acted with a "purpose to harm." That is, the Plaintiff must prove that the officer's purpose was to cause harm unrelated to the legitimate law enforcement objective. On the other hand, if the situation evolved within a time frame that allowed officers to reflect before acting, the Plaintiff must show the officer acted with "deliberate indifference." An officer acts with deliberate indifference if he recognizes the unreasonable risk and actually intends to expose the person to such risk without regard of the consequences to the person.

_____
UNITED STATES DISTRICT JUDGE

/ / /

15

State Defs.' Proposed Jury Instructions  (2:21-cv-02075-DAD-CSK)

1    GIVEN:
     GIVEN AS MODIFIED:
2    WITHDRAWN:
3    REFUSED:
     AUTHORITY:        Model Jury Instructions for the Ninth Circuit, 9.32 Comment (2017, rev.
4                      11/2024)
                       U.S. Const. Amend. XIV
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## NO. 13: 1983 CLAIM--CAUSATION

Plaintiff bears the burden to prove that each Defendant Officer's conduct was the actionable cause of her claimed injuries. This inquiry into caution must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:     Model Jury Instructions for the Ninth Circuit, 9.2 Comment—General Principles (2017, rev. 11/2024)
*Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008)
*Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988)

17

**NO. 14: NEGLIGENT USE OF NON-DEADLY FORCE BY LAW ENFORCEMENT OFFICER**

A law enforcement officer may use reasonable force to arrest, detain, prevent escape of, or overcome resistance by a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force necessary to arrest/detain or prevent escape of the person. But, even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

Plaintiff claims that Defendants Ruvmin Tsverov (taser), Robert Lindner (40 mm), Angel Espinoza (40 mm), John Helmich (40 mm), Jason Finnicum (beanbag shotgun), and Joseph Swaleh (beanbag shotgun) were negligent in using unreasonable force against Jordan Zenka, and that Travis Hunkapiller was negligent in supervising and directing the Defendant Officers. You will decide this claim as to each officer individually. To establish this claim, Plaintiff must prove all of the following:

1.  That Defendants Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh used force to arrest, detain, prevent escape of, or overcome resistance by Mr. Zenka;

2.  That the amount of force used by Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh was unreasonable;

3.  That Mr. Zenka was harmed; and

4.  That the use of unreasonable force by Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh was a substantial factor in causing Mr. Zenka's harm.

In deciding whether Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh used unreasonable force, you must consider the totality of the circumstances to determine what amount of force a reasonable police officer in the position of Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and Joseph Swaleh would have used under the same or similar circumstances.

18

"Totality of the circumstances" means all facts known to the officers at the time, including the conduct of Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh and Jordan Zenka leading up to the use of force. Among the factors to be considered are the following:

   a)   Whether Mr. Zenka reasonably appeared to pose an immediate threat to the safety of Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and/or Joseph Swaleh, or others;

   b)   The seriousness of the crime at issue;

   c)   Whether Mr. Zenka was actively resisting arrest or attempting to avoid arrest by flight; and

   d)   The tactical conduct and decisions of Ruvmin Tsverov, Robert Lindner, Angel Espinoza, John Helmich, Jason Finnicum, and Joseph Swaleh before using force on Jordan Zenka.

An officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. An officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain/prevent escape of/or overcome resistance by the person.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:     CACI No. 440 (5/2021)

19

State Defs.' Proposed Jury Instructions  (2:21-cv-02075-DAD-CSK)

## NO. 15: NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER

*Under California law*, a peace officer may use deadly force only when necessary in defense of human life.  Plaintiff claims that Defendant Officers Michael Simpson and Michael Pinola were negligent in using deadly force to arrest, prevent the escape of, or overcome the resistance of decedent Jordan Zenka. To establish this claim, Plaintiff must prove all of the following:

  1.    That Michael Simpson and Michael Pinola were peace officers;

  2.    That Michael Simpson and Michael Pinola used deadly force on Mr. Zenka;

  3.    That the use of deadly force by Michael Simpson and/or Michael Pinola was not necessary to defend human life;

  4.    That Mr. Zenka was harmed; and

  5.    That the use of deadly force by Michael Simpson and/or Michael Pinola was a substantial factor in causing Mr. Zenka's harm.

The use of deadly force by Michael Simpson and/or Michael Pinola was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Michael Simpson and/or Michael Pinola at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to the officers or others.

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves (here, Jordan Zenka), if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

A person being arrested/detained has a duty not to use force to resist a peace officer unless the peace officer is using unreasonable force.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the

20

present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of the officers and Mr. Zenka leading up to the use of deadly force. In determining whether the use of deadly force by Michael Simpson and/or Michael Pinola was necessary in defense of human life, you must consider the officers' tactical conduct and decisions before using deadly force on Mr. Zenka and whether the officers used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain or overcome resistance.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    CACI No. 440 (11/2020)

21

**NO. 16: POLICE OFFICERS FORCED TO MAKE SPLIT-SECOND JUDGMENTS**

All determinations of unreasonable force must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:     *Graham v. Connor*, 490 U.S. 386, 396-397 (1989)

22

1

**NO. 17: LEAST INTRUSIVE MEANS NOT REQUIRED**

2          A police officer is not required to avail himself of the least intrusive means of responding to

3    a situation; rather, the officer need only act within that range of conduct which is identified as

4    reasonable. The appropriate inquiry is whether the officer acted reasonably, not whether he had

5    less intrusive alternatives available to him.

6          A reasonable use of deadly force encompasses a range of conduct, and the availability of a

7    less-intrusive alternative will not render conduct unreasonable.

8

9                                    _____
                                     UNITED STATES DISTRICT JUDGE

10

11

12

13

14    GIVEN:
      GIVEN AS MODIFIED:

15    WITHDRAWN:
      REFUSED:

16    AUTHORITY:     *Wilkinson v. Torres,* 610 F.3d 546, 551 (9th Cir. 2010)
                     *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994)

17

18

19

20

21

22

23

24

25

26

27

28

1

**NO. 18: OFFICERS NOT REQUIRED TO WAIT**

2          The Fourth Amendment does not require officers in a tense and dangerous situation to wait

3    until the moment a suspect uses a deadly weapon to act to stop the suspect.

4

5                                    _____

                                      UNITED STATES DISTRICT JUDGE

6

7    GIVEN:

8    GIVEN AS MODIFIED:
     WITHDRAWN:

9    REFUSED:
     AUTHORITY:    *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 821 (11th Cir. 2010)

10                  *Elliott v. Leavitt*, 99 F.3d 640, 644 (4th Cir. 1996)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

1

## NO. 19: OFFICERS NOT REQUIRED TO RETREAT

2          For purposes of determining reasonableness of an officer's use of force, officers do not

3    have a duty to retreat when faced with an immediate threat.

4

5                                    _____
                                     UNITED STATES DISTRICT JUDGE

6

7    GIVEN:
     GIVEN AS MODIFIED:
8    WITHDRAWN:
     REFUSED:
9    AUTHORITY:      *Napouk v. Las Vegas Metro. Police Dep't*, 123 F.4th 906. 919 (9th Cir. 2024)
10                   *Tucker v. Las Vegas Metro. Police Dep't*, 470 F. App'x 627, 630 (9th Cir. 2012)
     (Tallman, J. concurring) (noting "police officers have no duty to retreat when threatened with
11   physical assault") (citations omitted)
                     Cal. Penal Code § 835a(d) ("A peace officer who makes or attempts to make an
12   arrest need not retreat or desist from his efforts by reason of the resistance or threatened
     resistance of the person being arrested.").
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25

**NO. 20: OFFICERS CAN ACT BASED ON APPARENT DANGER**

If a police officer is confronted by the appearance of danger which he believes, and a reasonable person in the same position would believe, would result in death or great bodily injury, the officer may act upon those circumstances. The right of self-defense is the same whether the danger is real or merely apparent.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    *People v. Minifie*, 13 Cal. 4th 1055, 1068 (1996)
              *Moreland v. Las Vegas Metro Police Dep't*, 159 F.3d 365, 371, n.4 (9th Cir. 1998)

26

1   **NO. 21: DETERMINATION OF REASONABLENESS—AT MOMENT OF USE OF FORCE**

2

3       The determination of whether an officer's use of deadly force was excessive is based on

4   whether the use of deadly force was unreasonable at the moment of the shooting. If the officer

5   engaged in negligent conduct prior to the moment of shooting, such negligence should not be

6   considered when deciding whether the officer's use of deadly force was unreasonable at the

7   moment of shooting.

8

9                                            _____
                                         UNITED STATES DISTRICT JUDGE

10

11  GIVEN:

12  GIVEN AS MODIFIED:
    WITHDRAWN:

13  REFUSED:
    AUTHORITY:     *Graham v. Connor*, 490 U.S. 386, 396, (1989)

14                 *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NO. 21: "PRE-SHOOTING CONDUCT" DOES NOT NEGATE REASONABLENESS OF USE OF FORCE

You may not find an officer's use of force unreasonable based merely on tactical errors that result in a confrontation that could have been avoided. The fact that an officer negligently creates a dangerous situation does not mean it is unreasonable for him to use force. Even if an officer negligently provokes a violent response, that negligent act does not mean the force used was unreasonable.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    *Billington v. Smith*, 292 F.3d 1177 (9th Cir. 2002), abrogated on other grounds by *County of Los Angeles v. Mendez*, 137 S. Ct. 1539 (2017)
          *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1777 (2015) ("[B]ad tactics that result in a deadly confrontation" are insufficient to establish a Fourth Amendment violation)
          *Pettersen v. County of L.A.*, No. CV 14-4699 DSF (AGRx), 2015 WL 13333499, at *6 (C.D. Cal. Oct. 8, 2015) ("Much of Plaintiff's unreasonableness argument hinges on the deputies' alleged failure to follow training guidelines that advise deputies to de-escalate situations with mentally ill suspects. Under federal law, however, a lawful action by police is not rendered unreasonable because it provokes a violent reaction…. Even assuming their tactics were poor, a reasonable officer would have believed force was justified at the time of the shooting, and that is what is required by the Constitution")

1

**NO. 22: WILLFUL RESISTANCE, DELAY, OR OBSTRUCTION OF A PEACE OFFICER**

2

3      A citizen is under a duty to obey the commands of a peace officer. It is a crime to willfully

4 resist, delay, or obstruct any peace officer in the discharge or attempt to discharge his duty.

5

6

7                                       _____

                                        UNITED STATES DISTRICT JUDGE

8

9 GIVEN:

10 GIVEN AS MODIFIED:
WITHDRAWN:

11 REFUSED:
AUTHORITY:     Cal. Penal Code § 148(a)(l)

12                   *People v. Yuen*, 32 Cal. App. 2d 151 (1939)

13                   *People v. Alaniz*, 182 Cal. App. 3d 903, 908 (1986)
                  *Smith v. City of Hemet,* 394 F.3d 689, 697 (2004)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**NO. 23: EXERT OPINION CONCERNING USE OF FORCE**

2          The fact that an expert witness disagrees with a peace officer's actions after the fact does

3   not render the officer's actions unreasonable. It is up to you, as the jury, to decide whether a

4   reasonable officer could have believed that the use of force, including lethal force, was reasonable

5   or justified under the circumstances.

6

7                                                    _____
                                                        UNITED STATES DISTRICT JUDGE

8

9   GIVEN:

10  GIVEN AS MODIFIED:
    WITHDRAWN:

11  REFUSED:
    AUTHORITY:    *Scott v. Henrich*, 39 F.3d 912 (9th Cir. 1994)

12                       *Reynolds v. County of San Diego*, 84 F.3d 1162 (9th Cir. 1996)

13                       *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002), abrogated on other
    grounds by *County of L.A. v. Mendez*, 137 S. Ct. 1539 (2017)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO. 24: SELF-DEFENSE/DEFENSE OF OTHERS**

Defendant Officers Michael Pinola and Michael Simpson claim they are not responsible for decedent Jordan Zenka's harm because they were acting in self-defense and defense of others. To succeed, the officers must prove both of the following:

1.    The officer reasonably believed that Mr. Zenka was going to harm him and another officer or person; and

2.    The officer used only the amount of force that was reasonably necessary to protect himself and another officer or person..

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    CACI 1304

31

**NO. 25: DUTY TO REFRAIN FROM USING FORCE/WEAPON TO RESIST ARREST**

   If a person has knowledge, or by the exercise of reasonable care, should have knowledge that he is being arrested by a peace officer, it is the duty of such person to refrain from using force or any weapon to resist such arrest.

            _____
            UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:  Cal. Penal Code § 834a

1

**NO. 26: REASONABLE FORCE (STATE LAW)**

2          Any peace officer, who has reasonable cause to believe that the person to be arrested has

3    committed a public offense, may use reasonable force to effect the arrest, to prevent escape or to

4    overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or

5    desist from his efforts by reason of the resistance or threatened resistance of the person being

6    arrested; nor shall such officer be deemed an aggressor or lose his right to self-defense by the use

7    of reasonable force to effect the arrest or to prevent escape or to overcome resistance.

8

9                                              _____
                                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15   GIVEN:
     GIVEN AS MODIFIED:
16   WITHDRAWN:
     REFUSED:
17   AUTHORITY:    Cal. Penal Code § 835a

18

19

20

21

22

23

24

25

26

27

28

33

1

**NO. 27: DEFERENCE TO OFFICERS**

2      The reasonableness standard of the Fourth Amendment to the United States Constitution,

3  as applied to a state law battery claim against a police officer based on excessive force in the

4  course of an arrest, investigatory stop, or other seizure of a free citizen, is highly deferential to the

5  police officer's need to protect himself and others.

6

7                                                    _____
                                                     UNITED STATES DISTRICT JUDGE

8

9  GIVEN:
10 GIVEN AS MODIFIED:
   WITHDRAWN:
11 REFUSED:
   AUTHORITY:    *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2009)
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

34

1

**NO. 28: POLICE OFFICER ENTITLED TO USE GREATER FORCE**

2

   Unlike private citizens, police officers act under color of law to protect the public interest.

3

They are charged with acting affirmatively and using force as part of their duties. Police officers

4

are not similarly situated to the ordinary battery defendant and need not be treated the same.

5

Police officers who are protecting the public peace and order are entitled to an even greater use of

6

force than might be required in the same circumstances for self-defense.

7

8

   _____
   UNITED STATES DISTRICT JUDGE

9

10

GIVEN:

11

GIVEN AS MODIFIED:
WITHDRAWN:

12

REFUSED:
AUTHORITY:   *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2009)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

35

1    **NO. 29: FEDERAL STANDARD APPLIES TO CALIFORNIA USE-OF-FORCE CLAIMS**

2        Under California law, where a peace officer's seizure (including a use of force) is found to

3    be objectively reasonable under the federal Fourth Amendment standard (as I previously

4    instructed)—namely, where from the perspective of a reasonable police officer, the defendant

5    officer's use of force is objectively reasonable under the totality of the circumstances—that

6    officer's seizure/use of force is also reasonable under California law, including California law

7    claims for battery/excessive force, assault, negligence, and/or wrongful death.

8    If you find that a defendant officer's seizure/use of force is objectively reasonable under the

9    federal Fourth Amendment standard, you must find that the defendant officer's seizure/use of

10    force was objectively reasonable in evaluating plaintiffs' California law claims.

11

12                                                    _____
                                            UNITED STATES DISTRICT JUDGE

13

14    GIVEN:

15    GIVEN AS MODIFIED:
      WITHDRAWN:

16    REFUSED:
      AUTHORITY:    *Hayes v. County of San Diego*, 57 Cal.4th 622, 637-639 (2013)

17                          *Yount v. City of Sacramento*, 43 Cal.4th 885, 902 (2008)

18                          *Martinez v. County of L.A.*, 47 Cal.App.4th 334, 349-350 (1996)
                          *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (2009)

19                          *Lopez v. City of L.A.*, 196 Cal.App.4th 675, 690-692 (2011)
                          Cal. Gov. Code §§ 820, 820.2, 820.4, 820.8, 821

20                          *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101-1103 (2004)
                          *Brown v. Ransweiler*, 171 Cal.App.4th 516, 525 (2009)

21                          *Young v. County of L.A.*, 655 F.3d 1156, 1170 (9th Cir. 2011)

22                          *Hayes v. County of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013)
                          CACI 1300, 1301

23

24

25

26

27

28

## NO. 30: BANE ACT—ESSENTIAL FACTUAL ELEMENTS

Plaintiff claims that the Defendant Officers intentionally interfered with decedent Jordan Zenka's constitutional right to be free from excessive force. To establish this claim, Plaintiff must prove all of the following *by a preponderance of the evidence*:

1.  One or more Defendant Officer used excessive force against Mr. Zenka;

2.  The Defendant Officer intended to violate Mr. Zenka's rights to be free of excessive force;

3. That Mr. Zenka was harmed; and

4. That the Defendant Officer's conduct was a substantial factor in causing Mr. Zenka's harm.

A Defendant Officer's intent to violate the constitutional right of another may be demonstrated by a reckless disregard of those rights where the officer's actions constitute a purposeful deprivation of those rights, even if the officer is unaware of the unlawfulness of the action.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:     CACI 3066
                       *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1044-45 (9th Cir. 2018)

1

**NO. 31: CAUSATION: MULTIPLE CAUSES**

2      A person's negligence may combine with another factor to cause harm.  If you find

3  that a Defendant Officer's negligence was a substantial factor in causing decedent Jordan

4  Zenka's harm, then that Defendant Officer is responsible for the harm.  The Defendant

5  Officer cannot avoid responsibility just because some other *defendant*, person, condition,

6  or event was also a substantial factor in causing Mr. Zenka's harm.

7

8                                    _____

9                                    UNITED STATES DISTRICT JUDGE

10

11

12  GIVEN:
    GIVEN AS MODIFIED:
13  WITHDRAWN:
    REFUSED:
14  AUTHORITY:    CACI No. 431 (9/2003)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO. 32: APPORTIONMENT OF RESPONSIBILITY**

Each Defendant Officer claims that the negligence of the other Defendant Officers contributed to decedent Jordan Zenka's harm. To succeed on this claim, the officer must prove both of the following:

1.    That the other officers or person were negligent; and

2.    That the negligence of the other officers was a substantial factor in causing Mr. Zenka's harm.

If you find that the negligence of more than one person including the other Defendant Officers was a substantial factor in causing Mr. Zenka's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of Plaintiff's total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    CACI No. 406 (2024)

39

# NO. 33: COMPARATIVE FAULT OF DECEDENT

Defendant Officers claim that decedent Jordan Zenka's own negligence contributed to his death. To succeed on this claim, Defendant Officers must prove both of the following:

1.    That Mr. Zenka was negligent; and

2.    That Mr. Zenka's negligence was a substantial factor in causing his death.

If the Defendants prove the above, Plaintiff' damages are reduced by your determination of the percentage of Mr. Zenka's responsibility. I will calculate the actual reduction.


_____

UNITED STATES DISTRICT JUDGE


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    CACI No. 406 (2024)

1
## NO. 34: ENFORCEMENT/EXECUTION OF LAW

2    A public employee is not liable for his act or omission, exercising due care, in the

3    execution or enforcement of any law.

4    If you find that the Defendant Officer was exercising due care when interacting with

5    Jordan Zenka, then your verdict as to Plaintiff's negligence, battery, and Bane Act claims should

6    be in favor of that officer.

7

8                                    _____

9                                    UNITED STATES DISTRICT JUDGE

10

11

12    GIVEN:
      GIVEN AS MODIFIED:
13    WITHDRAWN:
      REFUSED:
14    AUTHORITY:    Cal. Gov. Code § 820.4

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**NO. 35: RESISTING ARREST**

2        Neither a public entity nor a public employee is liable for any injury caused by a person

3   resisting arrest.

4

5                                          _____

6                                          UNITED STATES DISTRICT JUDGE

7

8

9   GIVEN:
    GIVEN AS MODIFIED:
10  WITHDRAWN:
    REFUSED:
11  AUTHORITY:    Cal. Gov. Code § 845.8(b)(3)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO. 36: JUSTIFIABLE HOMICIDE**

Homicide is justifiable when committed by peace officers when the homicide results from a peace officer's use of force that is in compliance with California Penal Code Section 835a.

California Penal Code section 835(a) provides that a peace officer is justified in using deadly force upon another person only when the officer reasonably believes, based on the totality of the circumstances, that such force is necessary for either of the following reasons:

(A) To defend against an imminent threat of death or serious bodily injury to the officer or to another person, or

(B) To apprehend a fleeing person for any felony that threatened or resulted in death or serious bodily injury, if the officer reasonably believes that the person will cause death or serious bodily injury to another unless immediately apprehended. Where feasible, a peace officer shall, prior to the use of force, make reasonable efforts to identify themselves as a peace officer and to warn that deadly force may be used, unless the officer has objectively reasonable grounds to believe the person is aware of those facts.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.


_____

UNITED STATES DISTRICT JUDGE


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    Cal. Penal Code §§ 196(b), 835a(c), (e)(2)

43

1

**NO. 37: EXERCISE OF DISCRETION**

2

      Except as otherwise provided by statute, a public employee is not liable for an injury

3

resulting from his act or omission where the act or omission was the result of the exercise of the

4

discretion vested in him, whether or not such discretion be abused.

5

6

                    _____

7

                    UNITED STATES DISTRICT JUDGE

8

9

10

GIVEN:

11

GIVEN AS MODIFIED:
WITHDRAWN:

12

REFUSED:
AUTHORITY:   Cal. Gov. Code § 820.2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO. 38: RELIANCE ON GOOD CONDUCT OF OTHERS**

Every person has a right to expect that every other person will use reasonable care, unless that person knows, or should know, that the other person will not use reasonable care.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    CACI No. 411 (2024)

45

1   **NO. 39: DAMAGES—PROOF AND MEASURES OF TYPES OF DAMAGES**

2       It is the duty of the Court to instruct you about the measure of damages *that apply to*

3   *Plaintiffs' federal civil rights claims*. By instructing you on damages, the Court does not mean to

4   suggest for which party your verdict should be rendered.

5       If you find for the Plaintiff on her Fourth and/or Fourteenth Amendment claims, you must

6   determine the Plaintiff's damages. Plaintiff has the burden of proving damages by a

7   preponderance of the evidence. Damages means the amount of money that will reasonably and

8   fairly compensate the Plaintiff for any injury you find was caused by the Defendants. You should

9   consider the following:

10      1.  The economic damages, including funeral and burial costs, the Plaintiff incurred in

11  connection with the death of Jordan Zenka;

12      2.  The loss of the familial relationship (i.e., comfort, companionship, etc.) Plaintiff suffered

13  as a result of Mr. Zenka's death; and

14      3.  The mental, physical, and emotional pain and suffering Mr. Zenka experienced before

15  his death.

16      It is for you to determine what damages, if any, have been proved.

17      Your award must be based upon evidence and not upon speculation, guesswork or

18  conjecture.

19

20                                  _____
                                    UNITED STATES DISTRICT JUDGE

21

22

23  GIVEN:
    GIVEN AS MODIFIED:
24  WITHDRAWN:
    REFUSED:
25  AUTHORITY:    Model Jury Instructions for the Ninth Circuit, 5.1 and 5.2 (2017)
26                              (modifications italicized)

27

28

---

46

**NO. 40: NOMINAL DAMAGES**

The law that applies to Plaintiff's *federal civil rights claims* authorizes an award of nominal damages. If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    Model Jury Instructions for the Ninth Circuit, 5.6 (2017)
(modifications italicized)

47

**NO. 41: WRONGFUL DEATH (DEATH OF AN ADULT) AND SURVIVAL DAMAGES**

If you decide that Plaintiff has proved her battery, negligence, and/or Bane Act claims against any Defendant for the death of Jordan Zenka, you also must decide how much money will reasonably compensate her for the death of Mr. Zenka. This compensation is called "damages." *You must also decide the amount of damages that Mr. Zenka sustained before death and that he would have been entitled to recover because of the officer's conduct, including any penalties or punitive damages as explained in other instructions I will give you.*

The Plaintiff does not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

The damages Plaintiff claims fall into two categories called economic damages and noneconomic damages. You will be asked to state the two categories of damages separately on the verdict form.

Plaintiff claims the following economic damages:

1. The financial support, if any, that Jordan Zenka would have contributed to Plaintiff during either the life expectancy that Mr. Zenka had before his death or the life expectancy of Plaintiff, whichever is shorter;

2. The loss of gifts or benefits that Plaintiff would have expected to receive from Mr. Zenka;

3. Funeral and burial expenses; and

4. The reasonable value of household services that Mr. Zenka would have provided to Plaintiff.

Your award of any future economic damages must be reduced to present cash value.

Plaintiff also claims the following noneconomic damages:

1. The loss of Mr. Zenka's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

48

1    For these noneconomic damages, determine the amount in current dollars paid at the time

2  of judgment that will compensate Plaintiff for those damages. This amount of noneconomic

3  damages should not be further reduced to present cash value because that reduction should only

4  be performed with respect to future economic damages.

5    In determining Plaintiff's loss, do not consider:

6    1. The Plaintiff's grief, sorrow, or mental anguish;

7    2. Mr. Zenka's pain and suffering; or

8    3. The poverty or wealth of the Plaintiff.

9    In deciding a person's life expectancy, you may consider, among other factors, the average

10  life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle,

11  and occupation.

12    In computing these damages, consider the losses suffered by the Plaintiff and return a

13  verdict of a single amount.

14    *The Plaintiff, as the successor in interest to Jordan Zenka, may recover the following*

15  *damages:*

16    *1. The amount of income, earnings, salary, or wages that Mr. Zenka lost before death;*

17    *2. The pain or suffering Mr. Zenka suffered before his death.*

18    *You may not award damages for any loss for Mr. Zenka's shortened life span attributable*

19  *to his death.*

20

21                                             _____

                                              UNITED STATES DISTRICT JUDGE

22

23

GIVEN:
24  GIVEN AS MODIFIED:
    WITHDRAWN:
25  REFUSED:
    AUTHORITY:    CACI No. 3919, 3921 (2024) (modified)
26

27

28

**NO. 42: PUNITIVE DAMAGES**

If you find for the Plaintiff on her *federal civil rights, battery, or Bane Act claims against any Defendant*, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate the Plaintiff. Nor can they be awarded for her negligence claim, if you find any Defendant negligent. *Punitive damages may not be awarded against Defendants State of California or the City of Sacramento.*

*At this time, you must decide whether an award of punitive damages is appropriate based on the evidence presented. The amount of punitive damages, if any, will be decided later.*

You may impose punitive damages against one or more of the defendants and not others. Punitive damages may be awarded even if you award Plaintiff only nominal, and not compensatory damages on her *federal civil rights claims*.

*The burden of proof for an award of punitive damages differs depending on Plaintiff's claim. I will first give you the law that applies to Plaintiff's claim for excessive force under the Fourth Amendment and deprivation of the familial relationship under the Fourteenth Amendment.*

*If you find for the Plaintiff on her Fourth and Fourteenth Amendment claims*, Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the Defendant's conduct that harmed the Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that *his* actions will violate the Plaintiff's rights under federal law. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the Plaintiff.

50

1      If you find for the Plaintiff on her claims for state-law battery or violation of the Bane Act,

2  you must decide whether Plaintiff has proved by clear and convincing evidence (as I will explain

3  to you in a later instruction) that the Defendant engaged in conduct with malice, oppression, or

4  fraud.

5      "Malice" means that the Defendant acted with intent to cause injury or that the Defendant's

6  conduct was despicable and was done with a willful and knowing disregard of the rights or safety

7  of another. A person acts with knowing disregard when the person is aware of the probable

8  dangerous consequences of the person's conduct and deliberately fails to avoid those

9  consequences.

10     "Oppression" means that the Defendant's conduct was despicable and subjected Mr. Zenka

11  to cruel and unjust hardship in knowing disregard of his rights.

12     "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be

13  looked down on and despised by reasonable people.

14     "Fraud" means that the Defendant intentionally misrepresented or concealed a material fact

15  and did so intending to harm Mr. Zenka.

16                  **[To be given during second phase, if necessary]**

17     *You must now decide the amount, if any, that you should award the Plaintiff in punitive*

18  *damages. There is no fixed formula for determining the amount of punitive damages, but* you

19  must use reason in setting the amount.

20      Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

21  should not reflect bias, prejudice or sympathy toward any party. *As a reminder, the purposes of*

22  *punitive damages are to punish the Defendant for the conduct that harmed the Plaintiff and to*

23  *discourage similar conduct in the future.*

24      In considering the amount of any punitive damages, consider the degree of reprehensibility

25  of the Defendant's conduct. *In deciding how reprehensible the Defendant's conduct was, you may*

26  *consider, among other factors:*

27     1. *Whether the conduct caused physical harm;*

28     2. *Whether the Defendant disregarded the health or safety of others.* You may not,

51

however, set the amount of any punitive damages in order to punish the Defendant for harm to anyone other than the Plaintiff or Mr. Zenka in this case;

     3. *Whether the Defendant's conduct involved a pattern or practice; and*

     4. *Whether the Defendant acted with trickery or deceit.*

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the Plaintiff or Mr. Zenka *and the Defendant's financial condition. You may not, however, increase the punitive award above an amount that is otherwise appropriate merely because a Defendant has substantial financial resources.*

_____
UNITED STATES DISTRICT JUDGE

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:
AUTHORITY:    Model Jury Instructions for the Ninth Circuit, 5.5 (2017, rev. 3/2018) (modifications italicized)
                    CACI No. 3941, 3942 (5/2020) (modifications italicized))
                    Cal. Gov. Code § 818

1    **NO. 43: HIGHLY PROBABLE—CLEAR AND CONVINCING PROOF**

2        *As I previously explained to you, Plaintiff had to prove by clear and convincing evidence*

3    *that the Defendant engaged in conduct with malice, oppression, or fraud for a punitive damages*

4    *award on her claim for state-law battery or violation of the Bane Act.* Certain facts must be

5    proved by clear and convincing evidence, which is a higher burden of proof. This means the party

6    must persuade you that it is highly probable that the fact is true.

7        *Remember, this standard applies only to your determination for punitive damages, if any,*

8    *related to the state-law battery and violation of the Bane Act claims and to no other matter.*

9

10                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

11

12

13

14

15    GIVEN:
      GIVEN AS MODIFIED:
16    WITHDRAWN:
17    REFUSED:
      AUTHORITY:    CACI No. 201 (6/2015) (modifications italicized)

18

19

20

21

22

23

24

25

26

27

28