LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine, Esq. (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:	(818) 347-3333
Facsimile:	(818) 347-4118

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br>*Honorable Mag. Judge Chi Soo Kim*<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF ANY FINDINGS BY ANY AGENCY**<br><br>Hearing:     None set<br>Courtroom: 4, 15th Floor<br>Trial Date:  February 18, 2025 |

**ARGUMENT**

Contrary to arguments made in Defendants' opposition to the instant motion, *post hoc* findings by the Sacramento Police Department and the California Highway Patrol are irrelevant to the substantial extent that they reflect information that was unknown to the defendant officers during the incident. (*See generally* Pl.'s Mot. in Limine No. 1 [Dkt. 81].) This includes any determinations by any reviewing agency that officers' conduct during the incident was "within policy" or not contrary to departmental policies or to the law, which would invade the province of the jury and risk the jury substituting the reviewing agency's decisions for its own with regard to the propriety of the officers' conduct including their use of force. As Plaintiff's Notice of Motion noted, it is these determinations, as well as evidence regarding the District Attorney having reviewed the incident, deciding not to press charges against the defendant officers, and/or concluding that the officers' uses of force against Mr. Zenka were justified, reasonable, and/or not criminal. (Pl.'s Mot. in Limine No. 4 at 2 [Dkt. 84].)

Additional investigative findings and materials are also irrelevant for reasons addressed in or in opposition to other pending motions *in limine*, including, for example, statements regarding employees' observations from before the officers arrived that were not communicated to the officers before force was used, among many other details. Although interviews with and statements by the defendant officers themselves, obtained during post-incident investigations, are admissible for impeachment purposes, they are not otherwise admissible given that the officers can testify to their own impressions and observations during the incident at trial. While Defendants are entitled to present direct evidence regarding what occurred during the subject incident, subsequent reviews and determinations made by law enforcement agencies are irrelevant.

Dated: February 7, 2025                LAW OFFICES OF DALE K. GALIPO

                                       By:    */s/ Benjamin S. Levine*
                                       Dale K. Galipo
                                       Renee V. Masongsong
                                       Benjamin S. Levine
                                       Attorneys for Plaintiff