LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine, Esq. (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:    (818) 347-3333
Facsimile:     (818) 347-4118

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-CSK<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br>*Honorable Mag. Judge Chi Soo Kim*<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE "SUICIDE BY COP" EVIDENCE AND ARGUMENTS**<br><br>Hearing:     None set<br>Courtroom: 4, 15th Floor<br>Trial Date:  February 18, 2025 |

# PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY ARGUMENT REGARDING A "SUICIDE BY COP" THEORY

## I.   Introduction.

Plaintiff hereby replies to Defendants' opposition to Plaintiff's Motion in Limine No. 2.  As an initial matter, Defendants represent, in their opposition (Dkt. 101), that they do not intend to bring a specific "suicide by cop" theory at trial.  Defendants assert that "Mr. Zenka's self-harm-based actions and statements immediately preceding and during the incident are necessary to present to the jury on a contextual basis alone."  (Dkt. 101 at 4:2-3).  Plaintiff agrees only to the extent that these actions and statements were known to the Officer Defendants at the time of the incident.  Plaintiff intends to present evidence to the jury that a reasonable police officer in the positions of the Defendant Officers would have known, based on their police training, that Mr. Zenka was experiencing a mental health crisis at the time of this incident.  Plaintiff certainly does not seek to exclude "all mention of Mr. Zenka's injuries" and does not intend to conceal the fact that Mr. Zenka was attempting to injure himself and was experiencing a mental health crisis.  Rather, Plaintiff seeks to prevent Defendants from arguing that Mr. Zenka was trying to get himself killed by the police and seeks to exclude information that was unknown to the Defendant Officers at the time of the incident; *Graham v. Connor*, 490 U.S. 386, 396 (1989)

## II.   Mr. Zenka's State of Mind Should be Excluded as Irrelevant, Hearsay, and Speculative.

As set forth in detail in Plaintiff's Motion in Limine No. 2, Mr. Zenka's state of mind is irrelevant to the issues in this case.  The law is clear that the jury cannot consider information that was unknown to the officers at the time of the shooting. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011).  The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene. *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013) ("[W]e can only consider the circumstances of which [the

1  deputies] were aware when they employed deadly force."). In this case, the evidence
2  indicates that none of the Defendant Officers spoke to any of the Bel Air grocery store
3  employees whom Defendants indicate that they intend to call as witnesses. (Dkt. 1010 at
4  3:2). Although the Defendant Officers generally knew that Mr. Zenka had inured or
5  attempted to injure himself with a bread knife, they were not aware of any specific
6  statements that Mr. Zenka made to the grocery store employees. Therefore, these
7  statements are irrelevant under Federal Rules of Civil Procedure, Rules 401, 402.

8       Plaintiff submits that statements by witnesses regarding what Mr. Zenka stated to
9  the witnesses are hearsay for which there is no exception, and should alternatively be
10 excluded on this ground. Federal Rules of Civil Procedure, Rules 801, 802, 804. Courts
11 disagree on whether a decedent's statements can be entered into evidence under the
12 exclusion from hearsay provided for party-opponent statements under Federal Rule of
13 Evidence 801(d)(2)(A). Matthew W. Tieman, <u>The Talking Dead: Should Decedents'</u>
14 <u>Statements Fall Under Rule 801(d)(2)(a)?</u> (2018) 93 N.Y.U. L. Rev. 1820. One argument
15 against excluding Mr. Zenka's statements from the rule against the prohibition on hearsay
16 includes that Mr. Zenka is not a named party in this action in the more narrow sense of the
17 term "party," such that the party-opponent exception articulated in Rule 801(d)(2)(A)
18 would not apply. Another argument against admitting Mr. Zenka's statements is that "all
19 states at some point passed Dead Man's acts, which disallow statements made by
20 decedents under the presumption that allowing such statements would lead to greater risk
21 of perjury. The fact that the [Mr. Zenka] would not be able to refute what is being said
22 would appear to conflict with the common law understanding that party-opponent
23 statements are admissible because of the adversarial nature of our system." *Id.* at 1853.

24      The grocery store employees' statements should alternatively be excluded as
25 calling for speculation and more prejudicial than probative. Hearsay statements are
26 notoriously unreliable, and the grocery store witnesses' statements that Defendants
27 indicate they seek to admit are no exception. For example, Bel Air employee Frank Lugo
28 stated in his interview with the California Highway Patrol that "recalled [Mr. Zenka]

saying something about never having been to jail or not wanting to go to jail but was not clear regarding what the subject was actually said." AGO113. Statements like these call for speculation for two reasons. First, it appears that at least witness Mr. Lugo is speculating on what Mr. Zenka actually said. Second, any statements by witnesses about whether Mr. Zenka was suicidal call for speculation as to Mr. Zenka's state of mind. Additionally, none of the Bel Air grocery store employees were deposed in this case. Plaintiff anticipates that Defendants will attempt to use the hearsay statements by the grocery store employees about what Mr. Zenka said to argue to the jury that Mr. Zenka's statements indicate that he was inciting the Defendant Officers to kill him as a method of committing suicide. This is part of what Plaintiff seeks to prevent in her Motion in Limine No. 2.

### III.   Conclusion.

For these reasons and the reasons set forth in more detail in Plaintiff's Motion in Limine No. 2 to Exclude the Suicide by Cop Theory, Plaintiffs respectfully request an order granting Plaintiff's Motion in Limine No. 2.

Dated: February 7, 2025          LAW OFFICES OF DALE K. GALIPO

By:      */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Benjamin S. Levine
Attorneys for Plaintiff