ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7320
 Facsimile: (916) 322-8288
 E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants State of California, by and through the California Highway Patrol, and Michael Simpson*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARY ELLEN LENNOX,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>                    Defendants. | No. 2:21-cv-02075 DAD-CSK<br><br>**STATE DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 1 TO PRECLUDE WITNESSES FROM TESTIFYING OR OPINING ABOUT THE CAUSE OF DECEDENT'S MENTAL STATUS**<br><br>Trial:         February 18, 2025<br>Time:         9:00 a.m.<br>Courtroom:  4 (15th Floor)<br>Judge:        Hon. Dale A. Drozd<br>Action Filed: August 26, 2021 |

Defendants State of California, by and through the California Highway Patrol, and Michael Simpson (State Defendants) reply[1] to Plaintiff's opposition (ECF No. 100) to the extent that she and her attorneys intend to argue or elicit testimony from the parties or witnesses that decedent Jordan Zenka **was** suffering from or experiencing a mental health crisis. State Defendants do not dispute that questions or argument that the officers were trained to identify symptoms indicating the individual (here, Zenka) may be suffering from mental illness or mental health crisis are

---

[1] Fed. R. Civ. P. 6(a)(1)(C).

1

proper. Indeed, both police practices experts, Roger Clark for Plaintiff and Greg Meyer for Defendants, intend to offer such opinions. However, Plaintiff and her counsel intend to take it one step further and seek to have Mr. Clark testify that "the Defendant Officers failed to appropriately handle a situation involving a person who **was** mentally ill or experiencing a mental health crisis." (Pl.'s Opp'n 3:1-2, ECF No. 100 (emphasis added).) Mr. Clark's expert report similarly asserted that Zenka "was having a mental crisis" and that the "officers negligently failed to de-escalate a situation involving a person (Mr. Zenka) who was experiencing a mental crisis." (Clark Report at 10, attached here as Ex. D.) Mr. Clark was not disclosed as a psychologist or mental-health professional, and there is no evidence or foundation that he is qualified to opine that Zenka **was** experiencing from mental illness or mental-health crisis. (*See* Pl.'s Initial Expert Disclosure, attached as Ex. A to State Defs.' Mot. In Limine No. 3, ECF No. 86.) Mr. Clark can only testify as to whether Zenka exhibited such symptoms, not the cause or source of such symptoms. *Crawford v. Cty. of Bakersfield*, 944 F.3d 1070, 1074 (9th Cir. 2019) (permitting testimony from police practices expert regarding whether a suspect's demeanor or conduct would have led a reasonable officer to believe the suspect was suffering from an emotional or mental crisis, or under the influence of a controlled substance). The Court should therefore preclude any witness, including Mr. Clark, or counsel from offering opinions or argument about that Zenka's conduct was due to mental illness or mental-health crisis.

Dated: February 10, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants State of Cal. and Simpson*

SA2021305171
38780177.docx

2

State Defs' Reply to Pl.'s Opposition to MIL No. 1 re Exclude Opinions of the Cause of Decedent's Mental Status
(2:21-cv-02075-DAD-CSK)

# Exhibit D

**Roger A. Clark**
Police Procedures Consultant, Inc.
10207 Molino Road. Santee, CA 92071
Phone: (208) 351-2458, Fax: (619) 258-0045
rclark9314@aol.com

May 31, 2023

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367

***Regarding:*** ***Mary Ellen Lennox vs. City of Sacramento; State of California; Michael Pinola; Michael Simpson; Travis Hunkapiller; Ruvmin Tsverov; Robert Linder; Angel Espinoza; Joseph Swaleh; Jason Finnecum; John Helmich***
**Case No. 2:21-cv-02075-TLN-KJN**

Dear Counsel:

Thank you for retaining me to analyze and render opinions regarding the December 13, 2020 Law Enforcement Activity Related Death of Mr. Jordan Zenka (Mr. Zenka) involving City of Sacramento Police Department (SPD) Officers Ruvim Tsverov, Joseph Swaleh, Robert Lindner, Angel Espinoza, Jason Finnicum, John Helmich, Michael Pinola, Sergeant Travis Hunkapiller and California Highway Patrol (CHP) Officer Michael Simpson. Pursuant to the requirement of Rule 26, I have studied the Investigative Reports, Video Recordings, Interview Transcripts, Policy Documents, Deposition Transcripts, and other materials (as listed below) regarding this case provided to me thus far. Please be advised that if/when any additional information is submitted additional opinions may be required.

**Materials Provided and Reviewed Thus Far:**

1. Second Amended Complaint for Damages

2. Critical Incident Briefing

3. Sacramento Police Department Incident Reports

4. Photographs of the Scene and Officers

5. Recorded and Transcribed Interviews:

Page 1 of 20

2. The record documents that Officers Simpson and Pinola both failed to give Mr. Zenka a verbal warning that deadly force would be used prior to shooting Mr. Zenka, even though it would have been feasible to do so. Simpson's and Pinola's failures to issue Mr. Zenka a verbal warning that he would be shot when it would have been feasible to give a warning in this case was contrary to basic police training.

3. It should have appeared to trained officers such as the defendant officers in this case that Mr. Zenka was having a mental crisis. Officers are trained to identify individuals with mental health issues or ones having a mental crisis based on Learning Domain 37, and are trained to de-escalate the situation rather than escalating it. Here, the officers failed to de-escalate the situation and instead escalated the situation by deploying numerous less-lethal weapons systems against Mr. Zenka. The presence of the police K-9 also escalated the situation due to the K-9 barking nearly continuously throughout the incident.

4. The officers, including Sergeant Hunkapiller, engaged in inappropriate tactics prior to the shooting. The officers negligently failed to de-escalate a situation involving a person (Mr. Zenka) who was experiencing a mental crisis, including by failing to use the SPD mental health unit. Hunkapiller's instruction that the officers use "overwhelming less-lethal" against Mr. Zenka was inappropriate, unreasonable and also escalated the situation, particularly because Mr. Zenka was experiencing a mental crisis and because officers are trained that using less-lethal against a person who is experiencing a mental crisis can escalate the situation and cause the person to run away from the less-lethal munitions.

The officers' overwhelming use of less-lethal prior to the shooting escalated the situation and caused Mr. Zenka to run away from the less-lethal and led to the use of deadly force. Hunkapiller also failed to inform officers who were not part of the "contact team" of the plan to approach Mr. Zenka and begin using less-lethal force against him, where such information would have enabled officers, including Pinola and Simpson, to anticipate that Mr. Zenka would run in