```
ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7320
 Facsimile:  (916) 322-8288
 E-mail:  Diana.Esquivel@doj.ca.gov
Attorneys for Defendants State of California, by and
through the California Highway Patrol, and Michael
Simpson
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARY ELLEN LENNOX,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>                              Defendants. | No. 2:21-cv-02075 DAD-CSK<br><br>**STATE DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DECEDENT'S ALCOHOL ABUSE AND TOXICOLOGY RESULTS**<br><br>Trial:         February 18, 2025<br>Time:         9:00 a.m.<br>Courtroom: 4 (15th Floor)<br>Judge:        Hon. Dale A. Drozd<br>Action Filed: August 26, 2021 |

Defendants State of California, by and through the California Highway Patrol, and Michael Simpson (State Defendants) reply[1] to Plaintiff's opposition (ECF No. 98) to the extent that their reliance on inapposite case law does not warrant exclusion of decedent Jordan Zenka's history of alcohol abuse or the results of the toxicology report showing the presence of methamphetamine and amphetamine in his body at the time of the subject incident.

---

[1] Fed. R. Civ. P. 6(a)(1)(C).

1

Relying on *Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016) (*Diaz*), Plaintiff argues that evidence of Zenka's alcohol abuse is irrelevant to Plaintiff's damages. *Diaz* is factually inapposite to this case. There, the defendants introduced photographs of decedent posing with firearms and making gang signs and evidence of the activities and customs of gangs, including decedent's criminal history, detailed description of his tattoos, and explanation of his moniker, to rebut the plaintiff's testimony that she loved her son. *Id*. at 601. The Ninth Circuit found the parties and the district court had trouble tracking why the evidence was admissible for any purpose, especially after certain claims had been dismissed. *Id*. at 602.

Here, State Defendants seek to introduce evidence of Zenka's alcohol abuse which Plaintiff admitted at deposition affected her relationship with her son—it prevented them from living together, and on one occasion, Plaintiff admitted to calling the police on her son because he vandalized her car during a drunken episode. (*See* Defs.' Joint Opp'n to Pl.'s Mot. In Limine No. 1 at 2:15-3:14, ECF No. 103.) Further, during therapy for his alcohol abuse, Zenka stated that Plaintiff told him that she was "fearful" of him. (*Id*.) The evidence goes the quality and nature of the relationship between Plaintiff and Zenka, which is directly relevant to her damages claims. Plaintiff's remaining arguments go the weight of the evidence, not its admissibility. Thus, evidence of Zenka's alcohol abuse is relevant and admissible, and any prejudice may be cured with a limiting instruction.

The toxicology results are relevant to liability for excessive force because it provides evidence whether Zenka was in fact having a mental-health episode or under the influence of a controlled substance such as methamphetamine or amphetamine. *Crawford v. Cty. of Bakersfield*, 944 F.3d 1070, 1074 (9th Cir. 2019) (permitting testimony from police practices expert regarding whether a suspect's demeanor or conduct would have led a reasonable officer to believe the suspect was suffering from an emotional or mental crisis, or under the influence of a controlled substance). Plaintiff's reading of *Crawford* is narrow and skewed. Nothing in *Crawford* limits its holding to solely presenting evidence of mental illness. Rather, the Court held that evidence that would make one explanation for the decedent's conduct more like true is admissible even if the information was unknown to the officer at the time of the shooting. *Id*. at 1079-80. Here, Plaintiff

could present evidence of Zenka's history of mental illness if such evidence existed (which it does not). Similarly, Defendants are entitled to present evidence—the toxicology results--that Zenka's behavior was consistent with someone being on drugs (which several officers testified he appeared to be) rather than having a mental-health crisis as Plaintiff and her counsel intend to argue and seek to have their expert testify. (*See* Pl.'s Opp'n to State Defs.' Mot. In Limine No. 1, ECF No. 100.) Thus, evidence that Zenka had a controlled substance in his system at the time of the shooting is relevant and admissible to the issue of liability.

Dated:  February 10, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants State of Cal. and Simpson*

SA2021305171
38780312.docx