ROB BONTA, State Bar No. 202668
Attorney General of California
NORMAN D. MORRISON, State Bar No. 212090
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7320
 Facsimile:  (916) 322-8288
 E-mail:  Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants State of California, by and through the California Highway Patrol, and Michael Simpson*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARY ELLEN LENNOX,<br><br>                              Plaintiff,<br><br>             v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>                              Defendants. | No. 2:21-cv-02075 DAD-CSK<br><br>**STATE DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NOS. 3 AND 5 TO EXCLUDE GRAPHIC PHOTOS AND TESTIMONY OF PLAINTIFF'S INJURIES**<br><br>Trial:         February 18, 2025<br>Time:         9:00 a.m.<br>Courtroom:   4 (15th Floor)<br>Judge:        Hon. Dale A. Drozd<br>Action Filed: August 26, 2021 |

    Defendants State of California, by and through the California Highway Patrol, and Michael Simpson (State Defendants) reply[1] to Plaintiff's oppositions (ECF Nos. 94, 95) to their motions to exclude photographs of decedent Jordan Zenka's bloody body and preclude unqualified witnesses from testifying about his injuries or cause of death because their oppositions demonstrate Plaintiff's intent to circumvent the expert disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure.

---

[1] Fed. R. Civ. P. 6(a)(1)(C).

1

   As the State Defendant's mentioned in their moving papers, if Dr. Su is available to testify, he may testify about the results of the autopsy he performed on Zenka. He can testify about his findings and conclusions of the autopsy. Dr. Su cannot testify about the photographs Plaintiff seeks to admit into evidence because he did not rely on those photographs in connection with is autopsy. Plaintiff did not disclose Dr. Su as a retained expert, nor did she provide a Rule 26 report to encompass any opinion beyond his "percipient" testimony in conducting the autopsy. Further, Plaintiff argues in her opposition that she will seek to call the Coroner, Kimberly D. Gin. Ms. Gin is not listed on Plaintiff's expert disclosures. Moreover, Plaintiff has not submitted any evidence to show that she is qualified to testify about the autopsy.

   If Plaintiff wishes to call the paramedics at trial, she is free to do so. But their testimony must also be limited to their observations and treatment of Zenka. They cannot offer opinions not offered in their medical reports, nor can they opine about Zenka's pain or suffering not previously noted or observed.

   Next, Plaintiff argues that expert Roger Clark and Greg Meyer can testify about Zenka's injuries. Not true. Neither were disclosed as medical experts. Neither expert is qualified to offer opinion about the extent of Zenka's injuries (other than simply stating that he was shot), any resulting pain he may have experienced, or his cause of death beyond what they may have read from the autopsy report. Similarly, any Defendant Officer can testify about their observations, but they cannot testify about the extent of Zenka's injuries or cause of death.

   Lastly, it is beyond the common knowledge of jury to ascertain the extent of Zenka's injuries and the resulting pain from any such injuries from the photographs Plaintiff seeks to admit into evidence, as she contends in her opposition. Simply showing the jury pictures depicting Zenka's blood body is not evidence of the extent of his injuries or pain and suffering. This is especially true when there is no evidence that the pictures depict his body while he was still alive and what he looked like before his death. Thus, the photographs are inadmissible.

   A medical expert is needed to explain what body part, organs, or tissue the bullets struck, how the bullet affected that organ or tissue, the type of damage it caused, and how the body would have responded to that injury. Simply looking at a photograph of the bullet entry wound

does not provide that information. Thus, the photographs are not helpful to the jury to understand Zenka's injuries and whether the gunshot wound would have resulted in pain, a certain level or amount of pain, or death. The photographs Plaintiff intends to introduce into evidence are inflammatory and intended to appeal to the jury's emotions. They should therefore be excluded.

Dated:  February 10, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants State of Cal. and Simpson*

SA2021305171
38780382.docx