**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELLEN LENNOX, individually and as successor in interest to decedent Jordan Zenka,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO; STATE OF CALIFORNIA; MICHAEL PINOLA; MICHAEL SIMPSON; TRAVIS HUNKAPILLER; RUVMIN TSVEROV; ROBERT LINDNER; ANGEL ESPINOZA; JOSEPH SWALEH; JASON FINNICUM; and JOHN HELMICH,<br><br>Defendants. | Case No. 2:21-cv-02075-DAD-KJN<br><br>Assigned to:<br>*Honorable Dale A. Drozd*<br>*Honorable Kendall J. Newman*<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS (DKT. 112)**<br><br>Trial Date:  February 18, 2025<br>Time:        9:00 a.m.<br>Courtroom: 4<br>Judge:       Hon. Dale A. Drozd |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

Plaintiff hereby submits her initial Objections to Defendants' Jury Instructions. Plaintiff anticipates that the Parties will file amended jury instructions and that Plaintiff will file further objections to Defendants' amended jury instructions.

DATED:  February 11, 2025

                                            **LAW OFFICES OF DALE K. GALIPO**

By: /s/ Renee V. Masongsong
 Dale K. Galipo
 Renee V. Masongsong
 Benjamin S. Levine

ii

**DEFENDANTS' NO. 1, CLAIMS AND DEFENSES (Dkt. No. 112 at p.5):** Plaintiff is proposing her own version of this instruction (Dkt. No. 111 at p. 5)

**DEFENDANTS' NO. 10, PARTICULAR RIGHTS—FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE (Dkt. No. 112 at p. 14):** Plaintiff is proposing her own version of this instruction (Dkt. No. 111 at p. 8). The parties' two versions of the jury instruction on "Excessive Force" primarily differ with respect to the standard asserted in No. 2 of the list of circumstances to consider in determining whether the defendant officers used excessive force.  This case involves the use of deadly force.  Where the use of deadly force is considered, the appropriate standard is whether the decedent posed an immediate threat of death or serious bodily injury to any person at the time of the shooting.  Plaintiff has made this key modification to the model instruction in Plaintiff's proposed version of this instruction.  Defendants' version proposes the language "threat to safety," which does not apply to the use of deadly force. *See, e.g.*, *Graham v. Connor*, 490 U.S 386, 396 (1989).

**DEFENDANTS'NO. 11, SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF (Dkt. No. 112 at p. 17):** Plaintiff is proposing her own version of this instruction (Dkt. No. 111 at p. 12).

**DEFENDANTS' NO. 12, PARTICULAR RIGHT—FOURTEENTH AMENDMENT—DUE PROCESS—INTERFERENCE WITH PARENT/CHILD RELATIONSHIP (Dkt. No. 112 at p. 19):** Plaintiff is proposing her own version of this instruction (Dkt. No. 111 at p. 11).

**DEFENDANTS' NO. 13, 1983 CLAIM—CAUSATION (Dkt. No. 112 at p. 21):** Plaintiff disputes that this instruction applies to Section 1983 claims against individual defendants.  This is not a model instruction, and the 9.2 Comment is applicable to *Monell* liability.

**DEFENDANTS' NO. 14, NEGLIGENT USE OF NON-DEADLY FORCE BY LAW ENFORCEMENT OFFICER (Dkt. No. 112 at pp. 22-23):** Plaintiff is proposing her own version of this instruction (Dkt. No. 111 at pp. 14-15). Plaintiff disputes that the final paragraph of this instruction is inapplicable to the facts of this case because there is no evidence that Jordan Zenka physically resisted the officers.

**DEFENDANTS' NO. 15, NEGLIGENT USE OF DEADLY FORCE BY LAW ENFORCEMENT OFFICER (Dkt. No. 112 at pp. 24-25):** Plaintiff is proposing her own version of this instruction (Dkt. No. 111 at pp. 16-17). Plaintiff disputes that the final paragraph of this instruction is inapplicable to the facts of this case because there is no evidence that Jordan Zenka physically resisted the officers.

**DEFENDANTS' NO. 16, POLICE OFFICERS FORCED TO MAKE SPLIT-SECOND JUDGMENTS (Dkt. No. 112 at p. 26):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 17, LEAST INTRUSIVE MEANS NOT REQUIRED (Dkt. No. 112 at p. 27):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 18, OFFICERS NOT REQUIRED TO WAIT (Dkt. No. 112 at p. 28):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to

2

Plaintiff. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 19, OFFICERS NOT REQUIRED TO RETREAT (Dkt. No. 112 at p. 29):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 20, OFFICERS CAN ACT ON APPARENT DANGER (Dkt. No. 112 at p. 30):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 21, DETERMINATION OF REASONABLENESS—AT MOMENT OF USE OF FORCE (Dkt. No. 112 at p. 31):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 21, "PRE-SHOOTING CONDUCT" DOES NOT NEGATE REASONABLENESS OF USE OF FORCE (Dkt. No. 112 at p. 32):** Plaintiff objects to

this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 22, WILLFUL RESISTANCE, DELAY, OR OBSTRUCTION OF A PEACE OFFICER (Dkt. No. 112 at p. 33):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 23, EXPERT OPINION CONCERNING USE OF FORCE (Dkt. No. 112 at p. 34):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. This instruction is also duplicative of the instruction "Expert Opinion," Ninth Circuit Model Instruction No. 2.13, which has been jointly proposed by the Parties (Dkt. No. 110 at p. 9).

**DEFENDANTS' NO. 24, SELF DEFENSE/DEFENSE OF OTHERS (Dkt. No. 112 at p. 35):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

4

**DEFENDANTS' NO. 25, DUTY TO REFRAIN FROM USING FORCE/WEAPON TO RESIST ARREST (Dkt. No. 112 at p. 36):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 26, REASONABLE FORCE (STATE LAW) (Dkt. No. 112 at p. 37):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 27, DEFERENCE TO OFFICERS (Dkt. No. 112 at p. 38):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction and is an inaccurate statement of law. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 28, POLICE OFFICER ENTITLED TO USE GREATER FORCE (Dkt. No. 112 at p. 39):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction and is an inaccurate statement of law. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited

to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 29, FEDERAL STANDARD APPLIES TO CALIFORNIA USE-OF-FORCE CLAIMS (Dkt. No. 112 at p. 40):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction. Plaintiff is requesting that this Court give federal and California jury instructions, including Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B. This instruction is therefore confusing to the jury.

**DEFENDANTS' NO. 30, FEDERAL STANDARD APPLIES TO CALIFORNIA USE-OF-FORCE CLAIMS (Dkt. No. 112 at p. 41):** Plaintiff is proposing her own "Bane Act" instruction (Dkt. No. 111 at p. 18).

**DEFENDANTS' NO. 31, MULTIPLE CAUSES (Dkt. No. 112 at p. 42):** Plaintiff is proposing her own version of this instruction (Dkt. No. 111 at p. 19). Plaintiff submits that the word "negligence" in this instruction should be replaced with the word "conduct" because this instruction applies to all of Plaintiff's state law claims, including the battery and Bane Act claim.

**DEFENDANTS' NO. 34, ENFORCEMENT/EXECUTION OF THE LAW (Dkt. No. 112 at p. 45):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction.
  Further, the immunity in Section 820 does not apply to all acts by public employees within the literal meaning of the term 'discretionary.' Rather, the immunity is more limited." *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1051 (2007) (citing *Caldwell v. Montoya*, 10 Cal.4th 972, 980, (1995)). "A 'workable definition' of immune discretionary acts draws the line between 'planning' and 'operational' functions of

government. *Id*. (citing *Johnson v. State of California*, 69 Cal. 2d 782, 793-94 (1968). "Immunity is reserved for those '*basic policy decisions* [which have] ... been [expressly] committed to coordinate branches of government,' and as to which judicial interference would thus be 'unseemly.'" *Id*. (italics in original). "Further, a finding of [section 820.2] immunity 'requires a showing that the specific conduct giving rise to the suit involved an *actual* exercise of discretion, i.e., a conscious balancing of risks and advantages.'" *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1161 (9th Cir. 2019)

"Classification of the act of a public employee as 'discretionary' will not produce immunity under section 820.2 if the injury to another results, not from the employee's exercise of 'discretion vested in him' to undertake the act, but from his negligence in performing it after having made the discretionary decision to do so." *McCorkle v. City of Los Angeles*, 70 Cal. 2d 252, 261 (1969). Along these lines, pursuant to California Government Code § 844.6(d), a public employee or the government entity is *not* immune from liability for injury to any prisoner proximately caused by its employee's negligent conduct. Further, California Government Code § 820(a) states that except as otherwise provided by statute, a public employee *is liable* by his act or omission to the same extent as a private person.

**DEFENDANTS' NO. 35, RESISTING ARREST (Dkt. No. 112 at p. 46):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction and is an inaccurate statement of law. The appropriate standards are set forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 36, JUSTIFIABLE HOMICIDE (Dkt. No. 112 at p. 47):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. This proposed instruction is not based on any model instruction and confuses a criminal standard with the appropriate civil standard in this case. The appropriate standards are set

forth in the substantive instructions regarding Plaintiff's claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

**DEFENDANTS' NO. 37, EXERCISE OF DISCRETION (Dkt. No. 112 at p. 48):**

Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff.

This proposed instruction is not based on any model instruction. Further, the immunity in Section 820 does not apply to all acts by public employees within the literal meaning of the term 'discretionary.' Rather, the immunity is more limited." *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1051 (2007) (citing *Caldwell v. Montoya*, 10 Cal.4th 972, 980, (1995)). "A 'workable definition' of immune discretionary acts draws the line between 'planning' and 'operational' functions of government. *Id*. (citing *Johnson v. State of California*, 69 Cal. 2d 782, 793-94 (1968). "Immunity is reserved for those '*basic policy decisions* [which have] ... been [expressly] committed to coordinate branches of government,' and as to which judicial interference would thus be 'unseemly.'" *Id*. (italics in original). "Further, a finding of [section 820.2] immunity 'requires a showing that the specific conduct giving rise to the suit involved an *actual* exercise of discretion, i.e., a conscious balancing of risks and advantages.'" *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1161 (9th Cir. 2019)

"Classification of the act of a public employee as 'discretionary' will not produce immunity under section 820.2 if the injury to another results, not from the employee's exercise of 'discretion vested in him' to undertake the act, but from his negligence in performing it after having made the discretionary decision to do so." *McCorkle v. City of Los Angeles*, 70 Cal. 2d 252, 261 (1969).  Along these lines, pursuant to California Government Code § 844.6(d), a public employee or the government entity is *not* immune from liability for injury to any prisoner proximately caused by its employee's negligent conduct. Further, California Government Code § 820(a) states that except as otherwise provided by statute, a public employee *is liable* by his act or omission to the same extent as a private person.

8

**DEFENDANTS' NO. 38, RELIANCE ON GOOD CONDUCT OF OTHERS (Dkt. No. 112 at p. 49):** Plaintiff objects to this "special instruction" as argumentative and prejudicial to Plaintiff. The appropriate standard surrounding Plaintiff's negligence claim is set forth in CACI 441.

**DEFENDANTS' NO. 39 and 41, DAMAGES—PROOF AND MEASURES OF TYPES OF DAMAGES; WRONGFUL DEATH (DEATH OF AN ADULT) AND SURVIVAL DAMAGES (Dkt. No. 112 at pp. 50, 52-53):** Plaintiff is proposing her own version of the damages instruction (Dkt. No. 111 at p. 22).

**DEFENDANTS' NO. 40, NOMINAL DAMAGES (Dkt. No. 112 at p. 51):** Plaintiff objects to inclusion of this instruction. This is a wrongful death case. This is not a nominal damages case.

**DEFENDANTS' NO. 42, DAMAGES—PUNITIVE DAMAGES (Dkt. No. 112 at p. 54-56):** Plaintiff is proposing her own version of the punitive damages instruction (Dkt. No. 111 at p. 23).